Chad Pehrson (Bar No. 12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>ROXBERRY NATURALS, INC., an Ohio corporation,<br><br>        Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>Case No.  2:26-cv-00126<br><br>Judge: |

Plaintiff Roxberry Licensing, LLC ("**Plaintiff**" or "**Roxberry Juice Co.**"), by and through its undersigned counsel, brings this Complaint against Defendant Roxberry Naturals, Inc. ("**Defendant**" or "**Roxberry Naturals**"), and alleges as follows:

### NATURE OF THE ACTION

1.       This is an action for federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; unfair competition under the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq.*; deceptive trade practices under the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-1 *et*

1

*seq.*; and cancellation of Defendant's federal trademark registration. Plaintiff also seeks injunctive relief, damages, and all other relief to which it may be entitled.

2.      Plaintiff Roxberry Licensing, LLC is the owner and licensor of the ROXBERRY mark, which has been used continuously in United States commerce since at least March 2008 in connection with smoothies, fresh-pressed juices, açaí bowls, and related healthy food and beverage products. Plaintiff owns a federal trademark registration for its ROXBERRY JUICE CO. design mark, U.S. Trademark Registration No. 5,495,492 registered on the Principal Register of the United States Patent and Trademark Office ("**USPTO**").

3.      Defendant Roxberry Naturals, Inc. is an Ohio corporation that began marketing and selling carbonated beverages under the virtually identical mark "ROXBERRY" in or about September 2024—more than sixteen (16) years after Plaintiff's first use in commerce. Defendant's infringement is not merely accidental; it is willful and deliberate. Despite actual knowledge of Plaintiff's prior rights, including a USPTO Office Action refusing registration of Defendant's "ROXBERRY" word mark based on likelihood of confusion with Plaintiff's registration, Defendant has aggressively expanded its use of the infringing mark into more than 2,200 Walmart stores across all 50 states, 450 Kroger locations, 273 Meijer locations, and 262 Harris Teeter locations as of January 2026.

4.      Defendant's unauthorized and infringing use of the ROXBERRY mark is causing and will continue to cause irreparable harm to Plaintiff through likelihood of confusion, loss of goodwill, and damage to Plaintiff's business and reputation, warranting immediate injunctive and monetary relief.

## PARTIES

5.      Plaintiff Roxberry Licensing, LLC is a Utah limited liability company with its principal place of business at 10975 S. State Street, Sandy, Utah 84070. Plaintiff is the owner and licensor of the ROXBERRY brand and related trademarks, and operates and franchises Roxberry Juice Co. retail locations offering smoothies, fresh-pressed juices, açaí bowls, and related healthy food and beverage products.

6.      Defendant Roxberry Naturals, Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 1753 Upper Chelsea Road, Columbus, Ohio 43212. Defendant was incorporated in 2022 and is engaged in the manufacture, marketing, distribution, and sale of carbonated beverages under the "ROXBERRY" name, including products branded as "Roxberry Fizz for Kids."

7.      Upon information and belief, Defendant's co-founders and principals include Andy Sauer (President), Lauren Sauer, and Dan Haugen (Co-Founder and COO). Upon information and belief, Andy Sauer is also the CEO of Garage Beer, a beverage company valued at approximately $200 million.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's federal trademark claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. § 1051 *et seq.*

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims as to form part of the same case or controversy.

10.     This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the State of Utah by selling its products bearing the infringing ROXBERRY mark in Walmart, Kroger, and other retail stores located in Utah; by causing confusion with Plaintiff's ROXBERRY mark among Utah consumers; by advertising and promoting its ROXBERRY-branded products through nationwide internet advertising accessible to and targeting Utah consumers, including sponsored search advertising for the term "Roxberry" that appears to consumers in Utah; and by deriving revenue from the sale of infringing products within the State of Utah. Defendant's nationwide distribution and advertising campaign constitutes the transaction of business within this state, and Plaintiff's claims arise from these contacts.  Specifically, Utah consumers' actual confusion (described below) arises directly from these contacts.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff maintains its principal place of business in this District, Plaintiff's goodwill in the ROXBERRY mark is concentrated in this District, and Defendant's infringing products are sold in retail stores located in this District.

### FACTUAL ALLEGATIONS

12.     Plaintiff's founder, Brad Davis, is an attorney, entrepreneur, and veteran of the juice and restaurant industry with more than two decades of experience building successful food and beverage brands. Davis holds a Doctor of Law degree from Western State College of Law and a degree in International Relations and Affairs from Brigham Young University. Before founding Roxberry, Davis served as a partner and executive at Zuka Juice, a Utah-based

4

smoothie chain he helped grow to 108 stores in eight Western states with more than $50 million

in annual sales before Zuka Juice was acquired by Jamba Juice in 1999. Davis subsequently

served as General Counsel and Vice President of Development at Rumbi Island Grill, General

Counsel at Blendtec, and President of Abundant Brands, a Utah-based restaurant development

company that served as a Development Agent for Subway Sandwiches and the largest franchise

partner of Costa Vida Mexican Grill.

13.     Drawing on this extensive industry experience and driven by a commitment to

providing consumers with healthier beverage options made from real fruits and vegetables—

without reliance on artificial syrups, purees, powders, or preservatives—Davis founded Roxberry

Juice Co. in Utah in 2008. In March 2008, Davis opened the first Roxberry Juice Co. corporate

store at Hunter's Crossing Center in American Fork, Utah, establishing the "first use in

commerce" date for the ROXBERRY mark. This founding was documented contemporaneously

in a November 4, 2008 article in The Salt Lake Tribune, which reported on Davis's new venture

and his prior success in growing the Zuka Juice brand.

14.     Roxberry Juice Co. is a family-owned and family-operated business. Davis's son,

Braden Davis, is actively involved in the company's leadership and operations. Each Roxberry

franchise location is locally owned and operated, reflecting the company's deep roots in the

communities it serves and its commitment to local entrepreneurship.

15.     The Roxberry franchise rapidly expanded from its inception. The first franchised

location—the Murray, Utah store at 5291 S. State Street—opened in Fall 2008, followed by the

Highland, Utah franchise on November 12, 2008. Since March 2008, Plaintiff and its franchise

network have continuously and extensively used the ROXBERRY mark in commerce in

connection with smoothies, fresh-pressed juices, açaí bowls, and related healthy food and beverage products. Plaintiff has operated over twenty franchise locations across Utah, Idaho, and Virginia. The Virginia location opened in December 2018 as the brand's first East Coast operation, though it subsequently closed during the COVID-19 pandemic. As of the date of this Complaint, Plaintiff's franchise network continues to operate locations across Utah and Idaho.

16.    Through nearly two decades of continuous use, substantial advertising and promotion, sales of millions of units, and the delivery of high-quality products and services, Plaintiff has developed strong secondary meaning, significant goodwill, and widespread consumer recognition in the ROXBERRY mark, particularly in the States of Utah and Idaho. Roxberry Juice Co. has received multiple "Best of State" awards in Utah for its smoothies, healthy food, and fruit bowls, further attesting to the brand's strong consumer recognition and reputation for quality.

17.    In or about 2017, Plaintiff applied to register its ROXBERRY JUICE CO. design mark with the USPTO. The mark was subsequently registered on the Principal Register as Registration No. 5,495,492.

18.    Plaintiff's federal registration covers goods and services including smoothies, fresh-pressed juices, açaí bowls, and related healthy food and beverage products. The registration is valid and subsisting. A true and correct copy of the registration certificate is attached hereto as **Exhibit A**.

19.    The dominant and distinctive portion of Plaintiff's Registered Mark is the term ROXBERRY, which consumers use to identify and distinguish Plaintiff's products. By virtue of its federal registration, Plaintiff has nationwide constructive notice of its claim of ownership of

the ROXBERRY mark under 15 U.S.C. § 1072, and its registration constitutes prima facie

evidence of the validity of the mark and of Plaintiff's exclusive right to use the mark in

commerce under 15 U.S.C. § 1115(a).

20.     Roxberry Naturals, Inc. was incorporated in the State of Ohio in 2022. On

September 28, 2022, Defendant filed an SEC Form D under Rule 506(b), disclosing that it had

raised $550,000 in equity funding. Defendant's SEC filing (CIK No. 0001947383) lists its

corporate address as 1753 Upper Chelsea Road, Columbus, Ohio 43212.

21.     Defendant markets and sells carbonated canned beverages under the brand names

"ROXBERRY" and "Roxberry Fizz for Kids." Defendant's products include flavors branded as

"Galaxy Gulp Citrus," "Ocean Potion Fruit Punch," and "Pink Lava Strawberry Lemonade," sold

in 7.5 fl. oz. cans and positioned as healthier alternatives to traditional sodas with purported

lower sugar content.

22.     Defendant's claimed first use in commerce of the ROXBERRY mark is

September 23, 2024—more than sixteen (16) years after Plaintiff's first use in March 2008.

23.     Like Plaintiff's products, Defendant's products are beverages marketed to health-

conscious consumers, including families with children. Both parties' products are sold in

overlapping and closely related trade channels, including retail stores, online marketplaces, and

channels serving health-conscious family consumers. Plaintiff has actively explored expansion

into grocery retail channels under the ROXBERRY brand, placing Defendant's products

squarely within Plaintiff's zone of natural expansion. Defendant's use of ROXBERRY is

identical in sight, sound, and commercial impression to Plaintiff's mark. The goods are directly

related within the meaning of trademark law—both are consumable fruit-based beverages

7

positioned for health-conscious consumers.

The following side-by-side comparison illustrates the similarities:

| Plaintiff | Defendant |
|---|---|





24.     On February 2, 2023, Defendant filed an Intent-to-Use application with the

USPTO for a design/logo mark featuring the "ROXBERRY" name in connection with dietary

supplemental drinks. The application was published for opposition on December 12, 2023. The

one-month opposition period closed on or about January 12, 2024.

25.     On February 6, 2024, the USPTO issued a Notice of Allowance for Defendant's

logo mark application, and Defendant filed a Statement of Use on November 20, 2024. The

logo/design mark was registered on March 25, 2025.

26.     On November 20, 2024, Defendant separately filed U.S. Trademark Application

Serial No. 98/863,067, seeking to register the standard character word mark "ROXBERRY" with

the USPTO for dietary supplemental drinks.

27.     On May 21, 2025, the USPTO examining attorney issued an Office Action

refusing registration of Defendant's "ROXBERRY" word mark application under Section 2(d) of

the Lanham Act, 15 U.S.C. § 1052(d), based on a finding of likelihood of confusion with

Plaintiff's existing federal registration (Serial No. 87/470,335). A copy of the USPTO Office Action is attached hereto as **Exhibit B**.

28.    Defendant failed to respond to the Office Action within the required six-month deadline. As a result, Defendant's "ROXBERRY" word mark application was abandoned on November 24, 2025.

29.    The issuance of the Office Action provided Defendant with actual notice and knowledge of Plaintiff's prior trademark rights. Defendant's failure to respond, combined with its continued and expanded use of the ROXBERRY mark thereafter, constitutes evidence of willful infringement and bad faith.

30.    Rather than respecting Plaintiff's established rights and the USPTO's formal determination, Defendant did not cease or curtail its use of the ROXBERRY mark. To the contrary, Defendant aggressively and dramatically expanded its distribution and use of the infringing mark in distinct disregard of Plaintiff's rights.

31.    On or about January 13, 2026—less than two months after its "ROXBERRY" word mark application was abandoned following the USPTO's likelihood-of-confusion refusal—Defendant publicly announced a nationwide expansion into 2,200 Walmart stores across all 50 states, positioning its ROXBERRY-branded products in Walmart's "Modern Soda" aisle. This announcement was disseminated through PR Newswire and reported by multiple national trade publications including Fast Company, BevNET, and Prepared Foods. Defendant's decision to dramatically expand its use of the infringing mark immediately after the USPTO told it "no" reflects a deliberate strategy of doubling down on infringement in bad faith.

32.    Upon information and belief, in addition to 2,200 Walmart stores, Defendant's

products are also distributed in approximately 450 Kroger locations, 273 Meijer locations, and 262 Harris Teeter locations nationwide.

33.     Defendant's products are also available for purchase online through Amazon.com, Walmart.com, and Defendant's own website at www.getroxberry.com, making them accessible to consumers nationwide, including consumers in Plaintiff's core Utah and Idaho markets.

34.     Defendant operates sponsored search advertising for the term "Roxberry," which causes Defendant's products to appear prominently—and in some cases ahead of Plaintiff—in internet search results for the ROXBERRY name. This practice further exacerbates consumer confusion and diverts Plaintiff's prospective customers.

35.     Plaintiff, through its counsel, sent Defendant a cease and desist letter demanding that Defendant cease all use of the ROXBERRY mark. That correspondence is attached hereto as **Exhibit C**. Defendant has failed to respond to or comply with the cease and desist demand, further demonstrating its willful disregard for Plaintiff's trademark rights.

36.     Defendant's infringing activities have caused and continue to cause irreparable harm to Plaintiff, including but not limited to: (a) likelihood of confusion among consumers as to the source, sponsorship, or affiliation of Defendant's products with Plaintiff; (b) actual confusion, as evidenced by consumer inquiries directed to Plaintiff regarding Defendant's products; (c) damage to Plaintiff's goodwill and reputation; (d) impairment of Plaintiff's ability to expand its franchise network, as existing and potential franchisees may question Plaintiff's exclusive rights in the ROXBERRY name; and (e) impairment of Plaintiff's ability to pursue grocery retail products under the ROXBERRY brand, a market that Plaintiff was actively exploring at the time Defendant's infringement was discovered.

37.     Plaintiff has received consumer communications, including through its website contact form at www.roxberryjuice.com, from consumers who have confused Defendant's "Roxberry Fizz for Kids" products with Plaintiff's Roxberry Juice Co. brand, demonstrating actual marketplace confusion.

38.     The harm to Plaintiff is ongoing, substantial, and accelerating with each day that Defendant continues to expand its use of the ROXBERRY mark in nationwide commerce.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

### *(Violation of 15 U.S.C. § 1114)*

39.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

40.     Plaintiff is the owner of valid and subsisting U.S. Trademark Registration No. 5,495,492 for the ROXBERRY JUICE CO. design mark, covering fruit and vegetable juice drinks.

41.     Without Plaintiff's consent or authorization, Defendant has used and continues to use in interstate commerce the mark "ROXBERRY" and variations thereof—which are identical or confusingly similar to Plaintiff's registered ROXBERRY mark—in connection with the advertising, promotion, distribution, and sale of beverages.

42.     Defendant's use of the ROXBERRY mark in connection with beverages is likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or affiliation of Defendant's products with Plaintiff, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.    Defendant's infringement has been willful and deliberate, as evidenced by: (a) the USPTO's Office Action citing likelihood of confusion with Plaintiff's registration; (b) Defendant's subsequent abandonment of its word mark application; (c) Defendant's continued and expanded use of the ROXBERRY mark despite actual notice of Plaintiff's prior rights; (d) Defendant's aggressive nationwide expansion into 2,200 Walmart stores less than two months after its word mark was abandoned; and (e) Defendant's failure to respond to Plaintiff's cease and desist demand.

44.    As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer irreparable injury to its goodwill and reputation, for which there is no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### *(Violation of 15 U.S.C. § 1125(a))*

45.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

46.    Defendant's use of the ROXBERRY mark in connection with the advertising, promotion, distribution, and sale of beverages constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products, or as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.    Defendant's conduct is willful and undertaken in bad faith, with full knowledge of

Plaintiff's superior rights in the ROXBERRY mark.

48.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury to its goodwill and reputation, for which there is no adequate remedy at law.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

49.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

50.     Since at least March 2008, Plaintiff has acquired common law trademark rights in the ROXBERRY mark through continuous, extensive, and exclusive use in commerce in connection with smoothies, fresh-pressed juices, açaí bowls, and related healthy food and beverage products.

51.     Defendant's unauthorized use of the identical ROXBERRY mark in connection with beverages constitutes infringement of Plaintiff's common law trademark rights.

52.     Defendant's infringement has been willful and deliberate, and is likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or affiliation of Defendant's products with Plaintiff.

53.     As a direct and proximate result of Defendant's common law trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury, for which there is no adequate remedy at law.

## COUNT IV

## UNFAIR COMPETITION UNDER STATE LAW

### *(Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 et seq.)*

54.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

55.     Defendant's adoption and use of the ROXBERRY mark constitutes intentional business acts or practices that harm the value of Plaintiff's intellectual property, specifically Plaintiff's trademark and trade name rights in the ROXBERRY mark, in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq.*

56.     Defendant's unfair competition has caused material diminution in the value of Plaintiff's ROXBERRY mark and related intellectual property.

57.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer damages.

## COUNT V

## DECEPTIVE TRADE PRACTICES

### *(Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-1 et seq.)*

58.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

59.     Defendant's use of the ROXBERRY mark in the advertising, promotion, and sale of its beverage products constitutes deceptive trade practices under the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3, including but not limited to: (a) passing off goods as those of another; (b) causing likelihood of confusion or misunderstanding as to the source, sponsorship,

approval, or certification of goods; and (c) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with Plaintiff.

60.     Plaintiff provided Defendant with notice of its alleged violations as required under Utah Code Ann. § 13-11a-4(5) through its cease and desist letter. Defendant failed to promulgate any correction within ten days of receipt or at any time thereafter.

61.     As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff has suffered and will continue to suffer damages, and is entitled to injunctive relief, actual damages or the statutory amounts (whichever is greater), attorneys' fees, and corrective advertising as provided by statute.

## COUNT VI

## CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION

### (15 U.S.C. § 1119)

62.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

63.     Defendant obtained registration of its Roxberry logo/design mark on March 25, 2025. This registration was obtained despite Plaintiff's prior and superior rights in the ROXBERRY mark, which have existed since at least March 2008.

64.     Plaintiff's prior rights in the ROXBERRY mark and the likelihood of confusion between the parties' marks establish that Defendant's registration was improperly granted and should be cancelled.

65.     Under 15 U.S.C. § 1119, this Court has the power to order cancellation of Defendant's trademark registration. Cancellation is warranted because: (a) Plaintiff has priority

of use dating to March 2008; (b) the marks are virtually identical in their dominant word element; (c) the goods are directly related (beverages in the health/wellness category); (d) the USPTO itself found likelihood of confusion when it refused Defendant's word mark application; and (e) Defendant's continued use of the mark after the Office Action constitutes bad faith.

66.    Plaintiff requests that the Court order the Director of the USPTO to cancel Defendant's Roxberry logo/design mark registration issued March 25, 2025.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Roxberry Licensing, LLC respectfully requests that this Court enter judgment against Defendant Roxberry Naturals, Inc. as follows:

A.    A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, employees, attorneys, successors, assigns, affiliates, and all persons acting in concert or participation with Defendant, from: (a) using the mark "ROXBERRY" or any other mark confusingly similar to Plaintiff's ROXBERRY mark in connection with the advertising, promotion, distribution, sale, or offering for sale of any goods or services; (b) using any trade name, trademark, service mark, domain name, social media identifier, or other designation that is identical or confusingly similar to Plaintiff's ROXBERRY mark; and (c) otherwise unfairly competing with Plaintiff;

B.    An order directing the cancellation of Defendant's Roxberry logo/design mark registration issued by the USPTO on March 25, 2025, pursuant to 15 U.S.C. § 1119;

C.    An order requiring Defendant to file with this Court and serve on Plaintiff, within thirty (30) days of entry of judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.      An accounting and disgorgement of all profits earned by Defendant attributable to the use of the ROXBERRY mark, pursuant to 15 U.S.C. § 1117(a);

E.      An award of actual damages sustained by Plaintiff as a result of Defendant's infringing and unfair conduct, or the statutory amounts, whichever is greater, as provided under the Utah Truth in Advertising Act;

F.      An order trebling Defendant's profits and/or Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) and (b) based on Defendant's willful infringement;

G.      An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), this being an exceptional case;

H.      An award of prejudgment and post-judgment interest;

I.      An order requiring Defendant to destroy all products, packaging, labels, signs, prints, advertisements, and other materials in Defendant's possession or control bearing the ROXBERRY mark or any confusingly similar mark, pursuant to 15 U.S.C. § 1118;

J.      An order requiring Defendant to transfer to Plaintiff any domain names incorporating the ROXBERRY mark, including but not limited to getroxberry.com;

K.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 11th day of February 2026.

Respectfully submitted,

**KNH LLP**
*/s/Chad Pehrson*
Chad Pehrson
*Attorneys for Plaintiff*
*Roxberry Licensing, LLC*