Chad Pehrson (Bar No. 12622)
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Email: cpehrson@knh.law

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>ROXBERRY NATURALS, INC., an Ohio corporation,<br><br>      Defendant. | **PLAINTIFF'S NOTICE OF ERRATA REGARDING MOTION FOR PRELIMINARY INJUNCTION AND DECLARATION OF BRAD DAVIS**<br><br>Case No. 2:26-cv-00126-JNP<br><br>Judge Jill N. Parrish. |

Plaintiff Roxberry Licensing, LLC, by and through undersigned counsel, respectfully submits this Notice of Errata to bring to the Court's and opposing counsel's attention certain errors in Plaintiff's Motion for Preliminary Injunction ("Motion") and the supporting Declaration of Brad Davis ("Davis Decl."). Counsel for Plaintiff takes full responsibility for these errors and sincerely apologizes to the Court and to opposing counsel for any inconvenience or confusion they may have caused. The corrections are set forth below.

**1. Motion, Page 15: Replacement of Citation**

On page 15 of the Motion, the following citation appears: *Ameriquest Mortgage Co. v. Ameriquest, Inc.*, 2002 WL 31415608, at *5 (D. Kan. 2002) (recognizing reverse confusion claims in the Tenth Circuit). Upon further review, undersigned counsel cannot verify the existence of this case and is unable to confirm that it was correctly cited. Plaintiff therefore withdraws this citation and substitutes the following authority, which accurately supports the same proposition: *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372 (10th Cir. 1977) (recognizing reverse confusion claims and holding that a junior user's saturation of the market under a senior user's mark can cause consumers to mistakenly believe the senior user is the infringer). The surrounding text and argument are otherwise unchanged.

**2. Motion, Page 18: Correction of Parenthetical**

On page 18 of the Motion, the following appears: *See Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009) (no unreasonable delay where plaintiff filed suit after defendant expanded from regional to nationwide service). The parenthetical as written does not accurately or fully characterize the court's holding. The corrected parenthetical should read as follows: *See Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009) (finding plaintiff's seven-year delay unreasonable where it waited until defendant's business grew large enough to constitute a real threat, but declining to apply laches because defendant failed to demonstrate cognizable prejudice beyond expenditures promoting the infringing mark). The original parenthetical was inaccurate, and Plaintiff's counsel regrets the error.

**3. Motion, Page 20: Correction of Citation**

On page 20 of the Motion, the following citation appears: *Mason-Dixon Polling & Strategy, Inc. v. Mayson-Dixon Strategic, LLC*, No. RDB-17-2671, 2018 WL 3752828, at *6 (D. Md. Aug. 8, 2018). This citation contains errors in the case name and case number. The correct citation is: *Mayson-Dixon Strategic Consulting, LLC v. Mason-Dixon Polling & Strategy, Inc.*, 324 F. Supp. 3d 569 (D. Md. 2018).

**4.   Motion, Page 21: Withdraw Citation**

On page 21 of the Motion, in the Conclusion section, the following citation appears in support of the proposition that a nominal bond is warranted: *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1155 (10th Cir. 2011).  Plaintiff withdraws this citation, as both inapplicable and unnecessary given the language of Rule 65.

**5. Declaration of Brad Davis, Paragraph 12: Correction of Trademark Registration Number**

Paragraph 12 of the Davis Declaration states the trademark registration number as 5,610,513. The correct registration number is 5,495,492, as reflected throughout the Motion itself and consistent with Plaintiff's USPTO records. The serial number, No. 87/470,335, is correct as stated. This is a clerical error only and does not affect the substance of the Declaration or any argument in the Motion.

DATED this 18th day of February 2026.

Respectfully submitted,

**KNH LLP**
/s Chad Pehrson
Chad Pehrson
*Attorneys for Plaintiff Roxberry Licensing, LLC*
