**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

ROXBERRY LICENSING, LLC,

     Plaintiff and Counter-Defendant,

vs.

ROXBERRY NATURALS, INC.,

    Defendant and Counter-Claimant.

CASE NO. 2:26-CV-00126-JNP

Judge Jill N. Parrish

---

**ANSWER AND COUNTERCLAIM OF DEFENDANT
AND COUNTER-CLAIMANT ROXBERRY NATURALS, INC.**

---

In response to the allegations set forth in the Complaint (the "Complaint") of Plaintiff Roxberry Licensing, LLC ("Plaintiff" and "Counter-Defendant"), and in support of its Counterclaim against Plaintiff/Counter-Defendant, Defendant and Counter-Claimant Roxberry Naturals, Inc. ("Defendant" and "Counter-Claimant") hereby states the following:

## ANSWER

## NATURE OF THE ACTION

1.    The allegations set forth in Paragraph 1 of the Complaint constitute legal statements and claim descriptions to which no response is required.  To the extent a response is deemed to be required for the allegations in Paragraph 1 of the Complaint, Defendant denies such allegations.

2.      In response to Paragraph 2 of the Complaint, Defendant admits that Roxberry Licensing, LLC is listed as the record owner of United States Trademark Registration No. 5,495,492 in the United States Patent and Trademark Office's ("USPTO") Trademark Status and Document Retrieval database ("TSDR"), a public record that speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Complaint, and on that basis, denies them.

3.      In response to Paragraph 3 of the Complaint, Defendant admits that it is an Ohio corporation that has marketed and sold carbonated beverages under the brand names "Roxberry" and "Roxberry Fizz for Kids" since at least as early as September 2024, and that since January 2026 Defendant has offered such goods via a variety of retail outlets including Walmart, Kroger, Meijer, and Harris Teeter stores. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis, denies them.

6.      Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      The allegations set forth in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed to be required for the allegations in Paragraph 8 of the Complaint, Defendant denies such allegations.

9. The allegations set forth in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required for the allegations in Paragraph 9 of the Complaint, Defendant denies such allegations.

10. The allegations set forth in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required for the allegations in Paragraph 10 of the Complaint, Defendant denies such allegations.

11. The allegations set forth in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed to be required for the allegations in Paragraph 11 of the Complaint, Defendant denies such allegations.

## FACTUAL ALLEGATIONS

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis, denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis, denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on that basis, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis, denies them.

17. In response to Paragraph 17 of the Complaint, Defendant admits that Roxberry Licensing, LLC is listed as the record owner of United States Trademark Registration No. 5,495,492 in the USPTO's TSDR database, a public record that speaks for itself, and that the

TSDR database lists a filing date of May 31, 2017 for the application underlying Registration No. 5,495,492. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and on that basis, denies them.

18.    In response to Paragraph 18 of the Complaint, Defendant admits that Registration No. 5,495,492 covers "Fruit and vegetable juice drinks, namely, fruit, vegetable and grass drinks and smoothies; non-alcoholic beverages containing fruit juices; organic smoothies; smoothies containing grains and oats" in International Class 32 according to the USPTO's TSDR Database. Answering further, Defendant denies that Registration No. 5,495,492, or any other trademark registration owned by Plaintiff for any trademark including the word element ROXBERRY, covers any goods beyond those listed above nor any services whatsoever. To the extent that Paragraph 18 of the Complaint contains any further allegations, Defendant denies them.

19.    In response to Paragraph 19 of the Complaint, Defendant denies that the dominant and distinctive portion of Plaintiff's Registered Mark is the term ROXBERRY; rather, the dominant portion of Plaintiff's Registered Mark is the whole of the design element/stylization of the mark "Roxberry Juice Co."  Answering further, Defendant notes that the claims in Paragraph 19 of the Complaint directly contradict Plaintiff's own prior sworn statements in the record for Registration No. 5,495,492; specifically, Plaintiff previously averred under penalty of perjury that "the dominant portion of [Plaintiff's Registered Mark] is a highly stylized design consisting of the word 'Roxberry'" and that "an overarching and dominant part of [Plaintiff's Registered Mark] is the use of stylized fonts and design elements." *See attached and incorporated* **Exhibit A**, *Response to Office Action Submitted by Plaintiff to the USPTO on Oct. 11, 2017.* Responding further, the remaining allegations in Paragraph 19 constitute legal statements and claim

descriptions to which no response is required. To the extent a response is deemed to be required for such allegations, Defendant denies them.

20.    Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21.    Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22.    In response to Paragraph 22 of the Complaint, Defendant admits that it began using its ROXBERRY design mark, in or around September of 2024. Answering further, the USPTO granted Defendant a trademark registration for its ROXBERRY design mark displayed below on March 25, 2025 (*See* United States Trademark Reg. No. 7,739,892 for ROXBERRY in the stylized form shown below, registered in association with "*Dietary and nutritional supplements; Dietary supplemental drinks*" in Class 32), despite the existence of Plaintiff's registration for its ROXBERRY design mark, namely Trademark Registration No. 5,495,492, meaning that the USPTO made an independent determination that Defendant's ROXBERRY design mark was not likely to cause confusion with any other registered mark, including Plaintiff's Registered Mark:

| Defendant's "ROXBERRY design mark" and the subject of U.S. Trademark Registration No. 7,739,892 for "*Dietary and nutritional supplements; Dietary supplemental drinks*" in Class 32: |
| --- |
|  |

Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint, and on that basis, denies them.

23.    In response to Paragraph 23 of the Complaint, Defendant admits that its products are sold in retail stores and are marketed to health-conscious consumers, including families with children.    Answering further, the remaining allegations set forth in Paragraph 23 of the Complaint either constitute legal statements and claim descriptions to which no response is required, or factual allegations as to which Defendant lacks knowledge or information sufficient to form a belief as to their truth, and Defendant thus denies them.

24.    Defendant admits the allegations set forth in Paragraph 24 of the Complaint.

25.    Defendant admits the allegations set forth in Paragraph 25 of the Complaint.

26.    Defendant admits the allegations set forth in Paragraph 26 of the Complaint.

27.    Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28.    Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

29.    The allegations set forth in Paragraph 29 of the Complaint constitute legal statements and claim descriptions to which no response is required. To the extent that a response is deemed to be required for the allegations set forth in Paragraph 29 of the Complaint, Defendant denies them.

30.    In response to Paragraph 30 of the Complaint, Defendant admits that it continues to market and sell carbonated beverages under the brand names "Roxberry" and "Roxberry Fizz for Kids" using its federally registered ROXBERRY design mark but denies each and every remaining allegation set forth in Paragraph 30 of the Complaint.

31.    In response to Paragraph 31 of the Complaint, Defendant admits that it continues to market and sell carbonated beverages under the brand names "Roxberry" and "Roxberry Fizz for Kids" using its federally registered ROXBERRY design mark in various retail outlets but denies each and every remaining allegation set forth in Paragraph 31 of the Complaint.

32.    Defendant admits the allegations set forth in Paragraph 32 of the Complaint.

33.    Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34.    In response to Paragraph 34 of the Complaint, Defendant admits that it utilizes sponsored search advertising to market its products.  Answering further, Defendant denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.    In response to Paragraph 35 of the Complaint, Defendant admits that it received the referenced letter from Plaintiff's counsel.  Answering further, Defendant denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.    In response to Paragraph 37 of the Complaint, Defendant denies that any consumer or marketplace confusion exists with regard to the parties' products.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint, and on that basis, denies them.

38.    Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

<u>**COUNT I**</u>
**FEDERAL TRADEMARK INFRINGEMENT**

39.    In response to Paragraph 39 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

40.    Defendant admits that Roxberry Licensing, LLC is listed as the record owner of United States Trademark Registration No. 5,495,492 in the USPTO's TSDR database, a public record that can speak for itself, and that goods listed for such registration on the TSDR database include "Fruit and vegetable juice drinks, namely, fruit, vegetable and grass drinks and smoothies." Answering further, to the extent that Paragraph 40 of the Complaint sets forth any additional allegations, Defendant denies them.

41.     Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## COUNT II
## FEDERAL UNFAIR COMPETITION

45.     In response to Paragraph 45 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

49.     In response to Paragraph 49 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, and on that basis, denies them.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

## COUNT IV
## STATE LAW UNFAIR COMPETITION

54.     In response to Paragraph 54 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

## COUNT V
## DECEPTIVE TRADE PRACTICES

58.    In response to Paragraph 58 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

59.    Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

## COUNT VI
## CANCELLATION OF TRADEMARK REGISTRATION

62.    In response to Paragraph 62 of the Complaint, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully rewritten herein.

63.    In response to Paragraph 63 of the Complaint, Defendant admits that it obtained registration of its mark on or about March 25, 2025.  Defendant denies the remaining allegations set forth in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66.    The allegations set forth in Paragraph 66 of the Complaint constitute a plea to the Court, to which no response is required.  To the extent that a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

67.    Defendant asserts the following affirmative defenses to the claims asserted in the Complaint.  In doing so, Defendant does not assume the burden of proof with respect to any

issue as to which applicable law places the burden of proof upon Plaintiff. Defendant also expressly reserves the right to supplement, amend, or delete any or all of the following defense(s), as warranted by discovery or other investigation, and/or as justice may require.

## FIRST AFFIRMATIVE DEFENSE

68.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

69.     Plaintiff's claims may be barred by the doctrine(s) of estoppel, acquiescence, laches, and/or waiver based upon Plaintiff's own actions and/or failure(s) to act, as Plaintiff was aware of Defendant and Defendant's mark at least as early as February 2, 2023, when Defendant filed for and was subsequently assigned U.S. Trademark Application Serial No. 97/777,787 for the mark at issue in this case, thereafter publishing for opposition without rejection by the relevant trademark office or opposition lodged by Plaintiff (or by any other person or entity). Despite having received constructive notice of Defendant's mark, Plaintiff did not oppose or object to registration of Defendant's mark for three years after Defendant filed its Application Serial No. 97/777,787, nor did it object to Defendant's use of Defendant's mark for a year and a half after Defendant began using the mark in September 2024. Rather, after allowing Defendant to build its business and reputation around its ROXBERRY brand for years after the filing of Defendant's trademark application, Plaintiff sent a cease-and-desist letter to Defendant and subsequently filed suit only after Defendant began distributing its goods at scale through major retailers.

### THIRD AFFIRMATIVE DEFENSE

70.     Plaintiff is not entitled to any recovery from Defendant because no act or omissions of Defendant or its agents was the proximate cause of any alleged injury or damage to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

71.     To the extent that Plaintiff has suffered any damages, such damages are not the result of or proximately caused by any act or omission of Defendant.

### FIFTH AFFIRMATIVE DEFENSE

72.     To the extent that Plaintiff has suffered any damages, Plaintiff's recovery is barred by Plaintiff's failure to mitigate such damages.

### SIXTH AFFIRMATIVE DEFENSE

73.     Defendant designates all of its denials contained within its Answer as defenses to the extent necessary to provide a complete defense.

### SEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff cannot claim exclusive rights to ROXBERRY-formative marks due to its failure to police and/or enforce its rights, if any, against third party uses and registrations for "Roxberry" marks for use within the beverage industry.

### EIGHTH AFFIRMATIVE DEFENSE

75.     To the extent that Plaintiff has used and/or developed any rights in its ROXBERRY design mark, Plaintiff has only used the mark in Utah and Idaho and cannot claim such rights extend beyond these limited geographic areas. Accordingly, because Plaintiff has not demonstrated any concrete or imminent plans to expand beyond its current limited region despite

18 years of purported use, and in the unlikely event Plaintiff's prevails on its claims, Plaintiff is not entitled to injunctive relief outside these limited geographic regions.

## NINTH AFFIRMATIVE DEFENSE

76.    Plaintiff's allegations in the Complaint directly contradict its prior sworn statements made during the prosecution of Plaintiff's United States Trademark Registration No. 5,495,492, specifically, that the design elements in its ROXBERRY design mark are the dominant elements of that mark, that several ROXBERRY-formative marks in the same space should be able to coexist without confusion, and that elements such as designs or descriptive wording should be sufficient for consumers to distinguish between ROXBERRY-formative marks without confusion, and as such, Plaintiff is estopped from now arguing to the contrary.

## TENTH AFFIRMATIVE DEFENSE

77.    Defendant reserves all affirmative defenses under 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.  On that basis, Defendant reserves the right to supplement its affirmative defenses as discovery continues in this matter and/or as additional defenses become apparent during discovery and/or at trial.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court grant it the following relief:

a.    That Plaintiff's Complaint be dismissed and judgment be entered in Defendant's favor on all claims asserted by Plaintiff;

b.    That Plaintiff be ordered to pay the costs, charges and disbursements, including reasonable attorney's fees, incurred by Defendant in the defense of this action; and

c.    That Defendant be awarded such other and further relief as this Court may deem just and proper.

## COUNTERCLAIM

In support of its causes of action against Counter-Defendant, Counter-Claimant states the following:

### PROSECUTION HISTORY OF COUNTER-DEFENDANT'S REGISTRATION

1.      On May 31, 2017, Counter-Defendant applied for trademark registration of the mark ROXBERRY JUICE CO. in the stylized form shown below for "*Fruit and vegetable juices, drinks and smoothies; non-alcoholic beverages containing fruit juices; smoothies; organic smoothies; smoothies containing grains and oats; healthy food and fruit bowls*" (later amended to "*Fruit and vegetable juice drinks, namely, fruit, vegetable and grass drinks and smoothies; non-alcoholic beverages containing fruit juices; organic smoothies; smoothies containing grains and oats*") in International Class 32 based on Section 1(a) of the Trademark Act, and was assigned Application Serial No. 87/470,335 (the "'335 Application"):



2.      On August 29, 2017, the USPTO issued an Office Action refusing registration of the '335 Application based on various procedural issues, and advising of a potential likelihood of confusion with pending Application Serial No. 87/249,606 for the trademark NIGHT AT THE ROXBERRY for "*Yogurt drinks; Yogurt-based beverages*" in Class 29 and "*Frozen fruit drinks; Smoothies*" in Class 32 (the "'606 Application"), noting that if the '606 Application achieved registration it may be cited as a grounds for refusal of the '335 Application. *See attached and incorporated* **Exhibit B**, *August 29, 2017 Office Action Against U.S. Application Serial No. 87/470,335.*

3.      On October 11, 2017, Counter-Defendant filed a response to the Office Action arguing that no likelihood of confusion exists between its ROXBERRY design mark in the '335 Application and the NIGHT AT THE ROXBERRY Mark in the '606 Application.  *See* **Ex. A**. Under the signature of its counsel, Kara K. Martin, Counter-Defendant submitted the following declaration in relation to its response:

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.

This declaration was submitted under penalty of perjury.

4.      On October 26, 2017 the USPTO issued a Suspension Letter against the '335 Application, suspending prosecution of the '335 Application until the '606 Application either registered or went abandoned. *See attached and incorporated* **Exhibit C**, *October 26, 2017 Suspension Notice Against U.S. Application Serial No. 87/470,335.*

5.      On January 29, 2018, Counter-Defendant, by and through its counsel, filed a Response to Suspension Inquiry arguing against the suspension of the '335 Application based on purported priority of use while reasserting the prior statements and arguments made in its October 11, 2017 Office Action Response regarding no likelihood of confusion (statements and arguments that were submitted under penalty of perjury). *See attached and incorporated* **Exhibit D**, *January 26, 2018 Response to Suspension Inquiry*.  Counter-Defendant, by and through its counsel, further noted in this Response to Suspension Inquiry that "[Counter-Defendant's Mark] is unique and the name itself designates it as a juice and smoothie bar." *Id.*

6.      On February 26, 2018, the USPTO issued a Suspension Letter upholding the suspension of the '335 Application until the '606 Application either registered or went abandoned. *See attached and incorporated* **Exhibit E**, *February 26, 2018 Suspension Notice Against U.S. Application Serial No. 87/470,335.*

7.      The USPTO was presumably persuaded by Counter-Defendant's prior arguments because the USPTO issued a Notice of Publication on April 3, 2018 for the '335 Application while the '606 Application remained in active and pending status (the '335 Application was active until July 9, 2018). *See attached and incorporated* **Exhibit F**, *March 14, 2018 Notice of Publication for U.S. Application Serial No. 87/470,335.*

8.      The '335 Application subsequently registered on June 19, 2018. *See attached and incorporated* **Exhibit G,** *Registration Certificate for U.S. Application Serial No. 87,470,335.*

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

9.      Counter-Claimant incorporates by reference the preceding paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully rewritten herein.

10.     This Court has jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1367 and 1338; venue is proper in this Court because Counter-Defendant has submitted to this Court's jurisdiction by the filing of a Complaint in this action.

11.     According to Counter-Defendant's own prior sworn statements, the dominant element of Counter-Defendant's ROXBERRY design mark is "a highly stylized design consisting of the word Roxberry." *See* **Ex. A** (stating, in addition to the preceding quote, that "an overarching and dominant part of Applicant's mark is the use of stylized fonts and design elements").

12.     According to Counter-Defendant's own prior sworn statements, "use [of] the shared word "Roxberry" in two marks containing additional elements "does not automatically mean that the public will be confused when confronted with both marks and their respective goods." *Id.*

13.     According to Counter-Defendant's own prior statements in the application record for the '335 application, the overall commercial impression of Counter-Defendant's ROXBERRY design mark "designates [the services] as a juice and smoothie bar."  *See* **Ex. D.**

14.     Counter-Claimant's ROXBERRY design mark, as shown below, contains unique and distinct visual elements that distinguish it from Counter-Defendant's ROXBERRY design mark:



15.     Counter-Claimant does not use its ROXBERRY design mark in relation to juice and smoothie bar services.

16.     Counter-Claimant has not infringed and is not now infringing upon Counter-Defendant's ROXBERRY design mark.

17.     In view of Counter-Defendant's own statements to the USPTO, submitted under penalty of perjury, by and through its counsel, Counter-Claimant cannot be deemed to be infringing (nor to have previously infringed) upon Counter-Defendant's ROXBERRY design mark.

18.     For the above reasons, as well as those stated in the Second Counterclaim below, Counter-Defendant's trademark registration for its ROXBERRY design mark is invalid.

19.     As such, Counter-Claimant seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Counter-Claimant's ROXBERRY design mark does not infringe upon Counter-Defendant's ROXBERRY design mark.

## SECOND CAUSE OF ACTION
### (Cancellation of Trademark)

20.     Counter-Claimant incorporates by reference the preceding paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully rewritten herein.

21.     This counterclaim arises under the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.* and involves an actual controversy between Counter-Defendant and Counter-Claimant as to the alleged infringement by Counter-Claimant of rights alleged to be possessed in the Counter-Defendant by virtue of the federally registered trademark ROXBERRY design mark, Trademark Registration No. 5,495,492 originally issued on June 19, 2018.

22.     This Court has jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1367 and 1338; venue is proper in this Court because the Counter-Defendant has submitted to this Court's jurisdiction by the filing of a Complaint in this action.

23.     Trademark Registration No. 5,495,492 for the ROXBERRY design mark, on which Counter-Defendant's Complaint relies in its entirety, was obtained by Counter-Defendant from the United States Patent and Trademark Office by fraud and misrepresentation.

24.     In Counter-Defendant's Office Action Response dated October 11, 2017, Counter-Defendant explicitly claimed that the dominant element of Counter-Defendant's ROXBERRY design mark is "a highly stylized design consisting of the word Roxberry," and

that "an overarching and dominant part of Applicant's mark is the use of stylized fonts and design elements." *See* **Ex. A.**

25.     Counter-Defendant's statements regarding the dominant portion of its ROXBERRY design mark directly contradict Counter-Defendant's allegations regarding the dominant portion of its mark in its complaint, specifically in Paragraph 19 ("The dominant and distinctive portion of Counter-Defendant's Registered Mark is the term ROXBERRY").

26.     In connection with the filing of the Office Action Response dated October 11, 2017, Counter-Defendant, by and through its counsel, swore under penalty of perjury that all statements made in such responses were true.

27.     In connection with the filing of the response to the Letter of Suspension, Counter-Defendant, by and through its counsel, reasserted the prior statements made under penalty of perjury.

28.     The statements and representations made by Counter-Defendant in its Responses to the Office Action and Letter of Suspension, by and through its counsel, are statements and representations that were material to the issuance of Counter-Defendant's registration for its ROXBERRY design mark.

29.     Upon information and belief, reasonably informed by Counter-Defendant's filing of this suit against Defendant, Counter-Defendant knew that its statements and representations in its Responses to the Office Action and Letter of Suspension were false.

30.     Upon information and belief, reasonably informed by Counter-Defendant's filing of this suit against Counter-Claimant, Counter-Defendant intended the United States Patent and Trademark Office to rely upon these knowingly false statements to obtain registration of its ROXBERRY design mark.

31.     Alternatively, upon information and belief, reasonably informed by Counter-Defendant's filing of this suit against Counter-Claimant, Counter-Defendant's statements and representations in its Responses to the Office Action and Letter of Suspension were made with a reckless disregard for the truth of those statements.

32.     Alternatively, upon information and belief, reasonably informed by Counter-Defendant's filing of this suit against Counter-Claimant, Counter-Defendant had a reckless disregard for whether the United States Patent and Trademark Office would rely upon these knowingly false statements to obtain registration of its ROXBERRY design mark.

33.     The Office of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office relied upon the false representations so made, and believed them to be true, and so relying and believing was thereby induced to grant registration for Counter-Defendant's ROXBERRY design mark.

34.     Counter-Claimant is entitled to a declaration that the aforesaid trademark claimed by and registered to Counter-Defendant is invalid.

WHEREFORE, Counter-Claimant respectfully requests the following relief:

    a.   That the Court enter judgment in favor of Counter-Claimant on all of its above causes of action against Counter-Defendant, as well as on all claims set forth in Counter-Defendant's Complaint;

    b.   That Counter-Defendant's Reg. No. 5,495,492 be cancelled;

    c.   That this Court enter a judgment declaring that Counter-Defendant's ROXBERRY design mark is invalid;

    d.   That the Court declare the rights and legal relation of the Counter-Defendant and Counter-Claimant as to the controversy herein set forth in order that declaration shall have force and effect of a final judgment or decree;

    e.   That Counter-Claimant be awarded such damages as this Court finds the Counter-Claimant has sustained by reason of Counter-Defendant's acts; and,

f.   That Counter-Claimant be awarded costs, including reasonable attorney's fees incurred in the prosecution of its counterclaim and such other and further relief as equity may require or to this Court may deem proper.

Respectfully submitted,

*/s/ Aaron T. Brogdon*
Aaron T. Brogdon (009796)
FBT Gibbons LLP
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Phone: 614-559-7262
Email: abrogdon@fbtgibbons.com

*Attorneys for Defendant and Counter-Claimant*
*Roxberry Naturals, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via ECF and thereby

served automatically on all counsel of record this 6th day of March, 2026.

*/s/ Aaron T. Brogdon*
Aaron T. Brogdon (009796)
