# EXHIBIT B

| | |
|---|---|
| **To:** | Roxberry Licensing, LLC (kmartin@fblglaw.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87470335 - ROXBERRY JUICE CO. - N/A |
| **Sent:** | 8/29/2017 6:39:36 PM |
| **Sent As:** | ECOM110@USPTO.GOV |
| **Attachments:** | Attachment - 1<br>Attachment - 2 |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87470335

**MARK:** ROXBERRY JUICE CO.

*87470335*

**CORRESPONDENT ADDRESS:**
   KARA K MARTIN
   THE FRANCHISE & BUSINESS LAW GROUP
   57 WEST 200 SOUTH, STE 350
   SALT LAKE CITY, UT 84101

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Roxberry Licensing, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
   N/A

**CORRESPONDENT E-MAIL ADDRESS:**
   kmartin@fblglaw.com

### OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE:** **8/29/2017**

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

**Introduction:**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Summary of Issues That Applicant Must Address:**

(1) Prior Pending Application

(2) Specimen Unacceptable

(3) Identification of Goods and Services Requires Amendment

(4) Disclaimer Required

**Prior Pending Applications:**

The filing date of pending U.S. Application Serial No. 87249606 (NIGHT AT THE ROXBERRY) precedes applicant's filing date. See attached referenced application. If the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq*. Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

**Specimen Unacceptable:**

Registration is refused because the specimen in International Class(es) 32 does not clearly show the applied-for mark in use in commerce. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each international class of goods and/or services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a). Specifically, the mark appears in a cup where the mark appears cutoff. The entire wording on the drawing does not clearly show on the cup in the specimen.

Examples of specimens for goods include tags, labels, instruction manuals, containers, photographs that show the mark on the actual goods or packaging, and displays associated with the actual goods at their point of sale. *See* TMEP §§904.03 *et seq*. Webpages may also be specimens for goods when they include a picture or textual description of the goods associated with the mark and the means to order the goods. TMEP §904.03(i). Examples of specimens for services include advertising and marketing materials, brochures, photographs of business signage and

billboards, and webpages that show the mark used in the actual sale, rendering, or advertising of the services. *See* TMEP §1301.04(a), (h)(iv)(C). Specimens comprising advertising and promotional materials must show a direct association between the mark and the services. TMEP §1301.04(f)(ii).

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1) Submit a true, unaltered copy of the originally submitted specimen that is clear and readable, with a statement by the person who transmitted it that it is a true copy of the specimen that was originally submitted.

(2) Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use. A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use." The substitute specimen cannot be accepted without this statement.

(3) Amend the filing basis to intent to use under Section 1(b), for which no specimen is required. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen.

For an overview of *all* the response options referenced above and instructions on how to satisfy these options online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/specimen.jsp.

**Identification of Goods and Services Requires Amendment:**

The identification of goods and services is indefinite and must be clarified because it does not put consumers on notice as to the true nature of the goods and services offered. *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01. Furthermore, the wording "Fruit bowls" belongs in International Class 21, and the wording "healthy food" requires specification and belongs in International Class 30.

Lastly, the wording "smoothies" appears as a duplicate. Thus, applicant can further specify or delete the repeated entry.

Applicant may adopt the following identification, if accurate: (changes made in **bold**)

**Class 21:**   Fruit Bowls.

**Class 30:**   healthy food**, *namely, {specify e.g., whole wheat bread etc.,}***

Class 32:   Fruit and vegetable juices, drinks**, *namely, {indicate specific type, i.e. juice drinks}*** and smoothies; non-alcoholic beverages containing fruit juices; organic smoothies; smoothies containing grains and oats.

An applicant may only amend an identification to clarify or limit the goods, but not to add to or broaden the scope of the goods. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*, 1402.07.

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

**Multiple-Class Application:**

The application references goods and/or services based on use in commerce in more than one international class; therefore, applicant must satisfy all the requirements below for each international class:

(1) **List the goods and/or services by their international class number** in consecutive numerical order, starting with the lowest numbered class (for example, International Class 3: perfume; International Class 18: cosmetic bags sold empty).

(2) **Submit a filing fee for each international class** not covered by the fee(s) already paid (view the USPTO's current fee schedule). Specifically, the application identifies goods and/or services based on use in commerce that are classified in at least 3 classes; however, applicant submitted a fee(s) sufficient for only 1 class(es). Applicant must either (a) submit the filing fees for the classes not covered by the submitted fees or (b) restrict the application to the number of classes covered by the fees already paid.

(3) **Submit verified dates of first use of the mark** anywhere and in commerce **for each international class**. See more information about verified dates of use.

(4) **Submit a specimen for each international class**. The current specimen is not acceptable for any international class. See more information about specimens.

Examples of specimens for goods include tags, labels, instruction manuals, containers, and photographs that show the mark on the actual goods or packaging, or displays associated with the actual goods at their point of sale. Webpages may also be specimens for goods when they include a picture or textual description of the goods associated with the mark and the means to order the goods.

Examples of specimens for services include advertising and marketing materials, brochures, photographs of business signage and billboards, and website printouts that show the mark used in the actual sale, rendering, or advertising of the services.

(5) **Submit a verified statement** that "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**" See more information about verification.

*See* 15 U.S.C. §§1051(a), 1112; 37 C.F.R. §§2.32(a)(6)-(7), 2.34(a)(1), 2.86(a); TMEP §§904, 1403.01, 1403.02(c).

See an overview of the requirements for a Section 1(a) multiple-class application and how to satisfy the requirements online using the Trademark Electronic Application System (TEAS) form.

**Disclaimer Required:**

Applicant must disclaim the wording "JUICE CO" in the mark because it merely describes a feature of applicant's goods and/or services, and thus is an unregistrable component of the mark. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); TMEP §§1213, 1213.03(a).

The applicant identifies juices as part of the applied-for mark identified goods. Therefore, the wording "JUICES" merely describes some of the goods applicant offers. Furthermore, the wording "CO" merely indicates the type of legal structure of the applicant. Therefore, this wording must also be disclaimed.

An applicant may not claim exclusive rights to terms that others may need to use to describe their goods and/or services in the marketplace. *See Dena Corp. v. Belvedere Int'l, Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re Aug. Storck KG*, 218 USPQ 823, 825 (TTAB 1983). A disclaimer of unregistrable matter does not affect the appearance of the mark; that is, a disclaimer does not physically remove the disclaimed matter from the mark. *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 978, 144 USPQ 433, 433 (C.C.P.A. 1965); TMEP §1213.

Business type designations and abbreviations such as "Corporation," "Inc.," "Company," "LLC," and "Ltd." or family business designations such as "& Sons" or "Bros." must be disclaimed, because they merely indicate applicant's business type or structure and generally have no source-indicating capacity. TMEP §1213.03(d); *see, e.g.*, *Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co.*, 128 U.S. 598, 602-03 (1888); *In re Piano Factory Grp., Inc.*, 85 USPQ2d at 1526; *In re Patent & Trademark Servs., Inc.*, 49 USPQ2d at 1539-40.

If applicant does not provide the required disclaimer, the USPTO may refuse to register the entire mark. *See In re Stereotaxis Inc.*, 429 F.3d 1039, 1040-41, 77 USPQ2d 1087, 1088-89 (Fed. Cir. 2005); TMEP §1213.01(b).

Applicant should submit a disclaimer in the following standardized format:

**No claim is made to the exclusive right to use "JUICE CO." apart from the mark as shown.**

For an overview of disclaimers and instructions on how to satisfy this disclaimer requirement online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/disclaimer.jsp.

**Assistance:**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06.

/Eliana Torres/

Examining Attorney

Law Office 110

(571) 272-6907

Eliana.Torres@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

Print: Aug 29, 2017                          87249606

## DESIGN MARK

**Serial Number**
87249606

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
NIGHT AT THE ROXBERRY

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Edible Arrangements, LLC LIMITED LIABILITY COMPANY CONNECTICUT 95 Barnes Road Wallingford CONNECTICUT 06492

**Goods/Services**
Class Status -- ACTIVE. IC 029. US 046. G & S: Yogurt drinks; Yogurt-based beverages.

**Goods/Services**
Class Status -- ACTIVE. IC 032. US 045 046 048. G & S: Frozen fruit drinks; Smoothies.

**Filing Date**
2016/11/28

**Examining Attorney**
PENDLETON, CAROLYN

**Attorney of Record**
Susan Daly Stearns

# NIGHT AT THE ROXBERRY

| | |
|---|---|
| **To:** | Roxberry Licensing, LLC (kmartin@fblglaw.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87470335 - ROXBERRY JUICE CO. - N/A |
| **Sent:** | 8/29/2017 6:39:39 PM |
| **Sent As:** | ECOM110@USPTO.GOV |
| **Attachments:** | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

# IMPORTANT NOTICE REGARDING YOUR
# U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **8/29/2017** FOR U.S. APPLICATION SERIAL NO. 87470335

Please follow the instructions below:

**(1)  TO READ THE LETTER:**  Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2)  TIMELY RESPONSE IS REQUIRED:**  Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period.  Your response deadline will be calculated from **8/29/2017** (*or sooner if specified in the Office action*).  A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period.  For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions.  Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3)  QUESTIONS:**  For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney.  For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

# WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.**  For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:**  Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations.  These companies often use names that

closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All <u>official</u> USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.