# EXHIBIT D

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1822 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

# Response to Suspension Inquiry or Letter of Suspension

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87470335 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 110 |
| **MARK SECTION** | |
| MARK FILE NAME | https://tmng-al.uspto.gov/resting2/api/img/87470335/large |
| LITERAL ELEMENT | ROXBERRY JUICE CO. |
| **PENDING SERIAL NUMBER(S)** | |
| Serial number(s) 87249606 should not be used as a citation(s) under Section 2(d), in the event that said serial number(s) mature(s) into a registration(s). The applicant hereby requests removal of this application from suspension, based on the following arguments. If the examining attorney is not persuaded by these arguments, the applicant hereby requests that this application be returned to suspended status, awaiting ultimate disposition of the referenced serial number(s). | |
| ARGUMENT FILE NAME(S) | |
| ORIGINAL PDF FILE | PE_73185213149-113256216_._Response_to_Suspension__Roxberry__1-29-18.pdf |
| CONVERTED PDF FILE(S) (2 pages) | \\TICRS\EXPORT17\IMAGEOUT17\874\703\87470335\xml8\RSI0002.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\874\703\87470335\xml8\RSI0003.JPG |
| **SIGNATURE SECTION** | |
| RESPONSE SIGNATURE | /Kara K Martin/ |
| SIGNATORY'S NAME | Kara K Martin |
| SIGNATORY'S POSITION | Attorney of Record, Utah State Bar Member |
| SIGNATORY'S PHONE NUMBER | 8015755001 |
| DATE SIGNED | 01/29/2018 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Jan 29 11:36:25 EST 2018 |
| TEAS STAMP | USPTO/RSI-XX.XXX.XXX.XXX-20180129113625509678-87470335-5109dd83684c5a43f67e49b1e72f62a7ec6dfa404cc2aac0ed28ef75931a7c3e9-N/A-N/A-20180129113256216557 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1822 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

## Response to Suspension Inquiry or Letter of Suspension

**To the Commissioner for Trademarks:**

Application serial no. **87470335** ROXBERRY JUICE CO. (Stylized and/or with Design, see https://tmng-al.uspto.gov/resting2/api/img/87470335/large) has been amended as follows:

**PENDING SERIAL NUMBER(S)**
Serial number(s) 87249606 should not be used as a citation(s) under Section 2(d), in the event that said serial number(s) mature(s) into a registration(s). The applicant hereby requests removal of this application from suspension, based on the following arguments. If the examining attorney is not persuaded by these arguments, the applicant hereby requests that this application be returned to suspended status, awaiting ultimate disposition of the referenced serial number(s).

**ARGUMENT(S)**
**Original PDF file:**
PE_73185213149-113256216_._Response_to_Suspension__Roxberry__1-29-18.pdf
**Converted PDF file(s)** (2 pages)
Pending File1
Pending File2


**Response Suspension Inquiry Signature**
Signature: /Kara K Martin/     Date: 01/29/2018
Signatory's Name: Kara K Martin
Signatory's Position: Attorney of Record, Utah State Bar Member
Signatory's Phone Number: 8015755001

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.


Serial Number: 87470335
Internet Transmission Date: Mon Jan 29 11:36:25 EST 2018
TEAS Stamp: USPTO/RSI-XX.XXX.XXX.XXX-201801291136255
09678-87470335-5109dd83684c5a43f67e49b1e
72f62a7ec6dfa404cc2aac0ed28ef75931a7c3e9
-N/A-N/A-20180129113256216557

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:            Roxberry Licensing, LLC

Serial No.            87/470335

Filed:                May 31, 2017

Mark:                 [Roxberry Juice Co. design mark]

International Class:  032

Trademark Attorney:   Eliana Torres

### RESPONSE TO SUSPENSION

On October 26, 2017, the Examining Attorney suspended action on the present application, Serial No. 87470335 for the design mark which includes the words "ROXBERRY JUICE CO." and accompanying design ("the Applicant's mark"), pending outcome on the 15 U.S.C. §1051(b) Intent-to-Use filing basis ("1B filing") in the word mark "Night at the Roxberry" filed by Edible Arrangements, LLC (Serial No. 87249606) (the "cited mark").

On January 8, 2018, the cited mark was abandoned for failure to file the required statement of use or an extension of time. On January 19, 2018, a petition to revive the application was filed.

This letter is to address the revival of the cited mark. There is no question as to which mark has the prior rights due to use and prior registration, which is unequivocally Applicant. Due to error, Applicant's prior federal trademark registration was abandoned on April 17, 2017. A little over one month after the abandonment was registered with the USPTO, Applicant sought to reinstate the filing, which was denied and therefore filed for a new application for registration in an identical mark. The Applicant's mark and prior mark have been in ongoing and continuous use since 2006, which is 10 years prior to the cited mark's application for Intent to Use.

It appears that it would be against public policy to allow the revival of a 1B mark that would have a use date that is a decade later than the date Applicant's mark went into use in interstate commerce. I understand that the revival is a decision for a separate office of the USPTO, nevertheless, I believe there should be some communication between the offices as to how this affects the public and public policy.

This letter is to petition the Examining Attorney to lift the suspension of action on Applicant's mark and to move Applicant's mark forward to registration. My prior arguments setting forth the reasons why there would be no likelihood of confusion are again reasserted and can be provided for review once again. In summary, my arguments examined the two marks

*Roxberry Juice Co. (design) -Serial No: 87/470335*
*Response to Suspension*
*Page 2 of 2*

using the *du Pont* factors to demonstrate that there is no way that confusion could be found under that analysis. The *du Pont* factors clearly weigh in favor of Applicant if for no other reason than there are distinct and different commercial impressions created between the two marks, namely in that the cited mark plays off a popular movie and does not impress upon the consuming public that it is associated to anything related to juice, yogurt or smoothies; while the Applicant's mark is unique and the name itself designates it as a juice and smoothie bar. The public has to make a leap in association with the cited mark, which will cause it to be set apart in the minds of the public, from Applicant's mark.

      I urge the Examining Attorney to reconsider the suspension and move Applicant's mark forward to publication.

                        Sincerely,

                        *Kara K. Martin*
                        Kara K. Martin
                        Attorney for Applicant