Chad Pehrson (12622)
Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law
tbriscoe@knh.law
smouritsen@knh.law

*Attorneys for Plaintiff and
Counter-Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC., a Delaware corporation,<br><br>Defendant and Counter-Claimant. | **DECLARATION OF PHIL CASE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No.   2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, Phil Case, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

**Background and Qualifications**

1.     I am the President and Chief Client Officer of Max Connect Digital ("**Max Connect**"), a full-service digital marketing agency headquartered in Salt Lake City, Utah. Max Connect has been in operation for over 13 years, specializing in data-driven digital marketing strategies including search engine optimization ("**SEO**"), paid search advertising, social media

1

marketing, and analytics, with particular expertise in franchise, restaurant, and consumer-facing brand marketing. Max Connect is a Google Premier Partner, a distinction reserved for the top percentage of participating agencies.

2.      I have extensive professional experience in the digital marketing and advertising industry. I hold deep expertise in how consumers discover, interact with, and differentiate brands in the digital environment — including through search engines, social media platforms, artificial intelligence search platforms, and e-commerce marketplaces.

3.      Max Connect Digital serves as the marketing agency for Roxberry Juice Co., the franchisor of Roxberry-branded smoothie and juice retail locations operating in Utah and Idaho. Through this engagement, I am personally familiar with Roxberry Juice Co.'s brand, its digital marketing presence, its target consumer demographics, and the online channels through which Roxberry Juice Co. reaches its customers. I have developed detailed, firsthand knowledge of how the Roxberry brand appears to consumers in the digital environment.

4.      At the request of Brad Davis, Founder and President of Roxberry Juice Co., I directed my team at Max Connect to conduct a comprehensive analysis of the digital footprint and online brand presence of both Roxberry Juice Co. and Roxberry Naturals, Inc. ("**Roxberry Naturals**"). The results are set forth in a presentation titled "Roxberry Digital Footprint Analysis" (the "**Analysis**"), a true and correct copy of which is attached hereto as **Exhibit A**. The Analysis was conducted using standard digital marketing research methodologies, including Google search, Google Trends, Ahrefs (an industry-standard SEO analytics platform), social media platform searches, e-commerce marketplace searches, and artificial intelligence platform queries.

2

5. The opinions I provide in this declaration are based on my professional experience in digital marketing, my personal knowledge of Roxberry Juice Co.'s digital presence, the data reflected in the Analysis, and publicly observable search engine, social media, e-commerce, and artificial intelligence platform results.

**Artificial Intelligence Platform Confusion**

6. AI platforms — increasingly used by consumers as primary information sources — are conflating the two brands. AI-generated answers appear at the top of search results, are treated by consumers as definitive summaries, and are designed to provide a single synthesized response rather than a list of links. This represents the most authoritative and visible form of search confusion possible.

7. When a consumer searches for "Roxberry" using Google's AI Mode feature, the AI-generated answer describes Roxberry Juice Co.'s menu offerings — and includes, as a menu item of Roxberry Juice Co., the following: "Kids' Beverages: A recently introduced 'better-for-you' soda line called Roxberry Fizz For Kids, featuring natural ingredients and only 5g of sugar per can." The citation link for this entry goes to www.getroxberry.com — Roxberry Naturals' website. (*See* **Analysis, Page 3 — Google Search (AI Mode) — Search term "Roxberry".**) Google's own artificial intelligence is attributing Roxberry Naturals' product to Roxberry Juice Co.'s brand, presenting it as if Plaintiff's smoothie and juice franchise had launched a children's soda line.

8. On Grok (X/Twitter's AI platform), a search for "Roxberry" returns a single response describing Roxberry Juice Co. and then listing Roxberry Naturals' canned soda products under the heading "Same brand family." The response cites both roxberryjuice.com and

getroxberry.com as sources and provides a physical Roxberry Juice Co. store address in Provo, Utah alongside the merged product description. A consumer reading this response would encounter Roxberry Juice Co.'s store location and Roxberry Naturals' canned soda products presented as part of a single brand. (*See* **Analysis, Page 4 — Grok 4.2 Expert Mode — Search term "Roxberry"**.)

9. On ChatGPT, a search for "what is roxberry juice" returns a description of Roxberry Juice Co. followed by an unsolicited warning: "Important note on the name: the canned 'kids' product you may have seen — Roxberry (fizz for kids) — appears to be a separate consumer packaged beverage brand/site (different domain and positioning) from Roxberry Juice Co." ChatGPT processed this query for seven seconds before generating the response — indicating substantive analysis, not a cached result. (*See* **Analysis, Page 5 — ChatGPT Search — "what is roxberry juice"**.) If a leading AI platform determines that consumers need to be warned about brand confusion, ordinary consumers certainly cannot distinguish between the brands on their own.

10. Three independent AI platforms — built on different training data, different algorithms, and different architectures — independently reach the same conclusion: the two "Roxberry" brands are indistinguishable. Google's AI silently attributes Defendant's product to Plaintiff's brand. (*See* **Analysis, Page 3**.) Grok explicitly labels them the "Same brand family." (*See* **Analysis, Page** 4.) ChatGPT issues an unsolicited consumer warning. (*See* **Analysis, Page 5**) The escalation from silent error to explicit misstatement to affirmative warning demonstrates that the confusion is systemic, not speculative.

11. In my professional opinion, AI platform confusion represents the *most significant*

and *rapidly growing* form of brand confusion in the digital marketplace. As AI platforms continue to learn from the intermingled digital presence of the two brands, the conflation will deepen and become more difficult to correct.

**Search Engine Confusion**

12.  The core finding of the Analysis is that, across all major search engines and digital platforms, the brands "Roxberry Juice Co." and "Roxberry Naturals" have become so intertwined that they are indistinguishable to the average consumer.

13.  Outside of Utah, when consumers search for "Roxberry" from a location distant from Plaintiff's core market, Roxberry Naturals' website (getroxberry.com) appears as the first organic result, and Roxberry Juice Co. drops to second, third and fifth positions. (*See* **Analysis, Page 6 — Google Search Engine Results Page Rankings — Outside Utah.**). An Amazon listing for "Roxberry Low Sugar Soda for Kids" also appears on the first page. This means that consumers in states where Roxberry Juice Co. is actively marketing franchise opportunities — such as Arizona, Nevada, and Florida — are more likely to encounter Roxberry Naturals first when searching for "Roxberry." These consumers have no basis to distinguish between the two brands.

14.  Google's Knowledge Panel — the authoritative information box consumers treat as verified — now presents "Roxberry Juice Company" alongside "Roxberry — Offers sparkling canned beverages for children," conflating the two companies into a single brand identity. (*See* **Analysis, Page** 6 **— Google's Knowledge Panel — Brand Conflation**.) In my professional experience, Knowledge Panel conflation is among the most damaging forms of online brand confusion because consumers rely on Knowledge Panels as definitive, verified information about

a business.

15.    In my professional experience, once two brands become algorithmically linked — as Roxberry Juice Co. and Roxberry Naturals now are — it is extremely difficult to disentangle them. The longer the two brands coexist using the same core "Roxberry" identifier, the more deeply entrenched this algorithmic association becomes.

**E-Commerce Confusion**

16.    On Amazon.com, searches for both "Roxberry" and "Roxberry Juice" return exclusively Roxberry Naturals products — including listings marked "Sponsored," indicating paid advertising placement. No Roxberry Juice Co. products, listings, or references appear in any search result. (*See* **Analysis, Page** 7 **— Amazon Marketplace — Search terms "roxberry" and "roxberry juice"**.) Roxberry Juice Co. has never sold products on Amazon but is actively pursuing retail and e-commerce expansion under the ROXBERRY brand. (Davis Decl. ¶ 35.)

**SEO Analysis**

17.    Using Ahrefs, an industry-standard SEO analytics platform, Max Connect compared the digital footprints of RoxberryJuice.com and GetRoxberry.com. The disparity is stark. Roxberry Juice Co. holds more than 15,000 organic keywords compared to approximately 30 for Roxberry Naturals — a ratio of 500 to 1. Roxberry Juice Co.'s domain rating is 28 compared to 4.9 — approximately six times stronger. Roxberry Juice Co. has 679 backlinks compared to 95 — more than seven times as many. (*See* **Analysis, Page** 8 **— SEO Analysis — Quantitative Digital Footprint.**)

18.    A website with 30 keywords and a domain rating of 4.9 should be invisible in search results for any term where it competes with a website holding 15,000 keywords and a

6

domain rating of 28. GetRoxberry.com should not appear on the first page of results for "Roxberry." Yet it does. The reason is the word itself.

19. Ahrefs identifies GetRoxberry.com as a "direct organic competitor" of RoxberryJuice.com despite this 500-to-1 disparity. In thirteen years of digital marketing practice, including service as a Google Premier Partner, I have not seen a website with this degree of quantitative inferiority classified as a direct organic competitor of an established brand. The only explanation is that both websites compete for the identical term — "Roxberry." (*See* **Analysis, Page 8 — SEO Analysis — Quantitative Digital Footprint.**)

20. The Ahrefs data confirms this. The four search terms for which both brands appear in the same results are all "Roxberry"-branded terms: "roxberry," "roxberry juice," "roxberry juice menu," and "roxberry menu." Roxberry Juice Co. ranks first for all four. But for all four, both brands appear in the same results — meaning consumers searching for the brand encounter both companies simultaneously. (*See* **Analysis, Page** 9 **— SEO Analysis — Parasitic Search Visibility**.)

21. GetRoxberry.com does not rank for any product category terms. It does not appear in results for "smoothies near me," "juice near me," or "kids soda." Its entire search visibility depends on the word "Roxberry" — a word Roxberry Juice Co. coined in 2008 and has used continuously for nearly eighteen years. In the digital marketing industry, this is known as parasitic search visibility: a newer brand gains search engine presence not through its own content or relevance to a product category, but solely through its use of an established brand's name. (*See* **Analysis, Page** 9.)

22. The Ahrefs backlink analysis reveals the mechanism accelerating this problem.

GetRoxberry.com has obtained editorial backlinks from Yahoo, PR Newswire, Fast Company, and TrendHunter — all generated by Roxberry Naturals' January 13, 2026 announcement of its nationwide Walmart expansion. (*See* **Analysis, Page** 10 **— SEO Analysis — Media Amplification.**)

23.    I understand from Brad Davis that the Roxberry Naturals announcement of nationwide Walmart distribution was made less than two months after Roxberry Naturals' "ROXBERRY" word mark application was abandoned following the USPTO's likelihood-of-confusion refusal. (See Davis Decl. ¶¶ 22-23.) Despite Roxberry Juice Co. having seven times more backlinks and nearly ten times more referring domains, these four editorial backlinks carry disproportionate algorithmic weight because of the high domain authority of their sources. A single backlink from Yahoo carries more algorithmic weight than dozens of backlinks from local directories. Each high-authority link increases GetRoxberry.com's domain rating, which increases its rankings for "Roxberry" terms, which generates more consumer engagement, which signals to search engines that GetRoxberry.com is relevant for "Roxberry," which deepens the algorithmic association. Unlike a television advertisement that airs and disappears, these backlinks persist in the internet's architecture and compound over time. (*See* **Analysis, Page 10**.)

24.    The quantitative data, the brand keyword overlap, and the media amplification mechanism establish a single core finding: Roxberry Naturals has no independent digital identity. Its entire online presence depends on the word "Roxberry." The confusion documented across Google AI Mode, Grok, ChatGPT, Google Search, Amazon, and social media is not coincidental — it is the predictable consequence of two companies using the identical coined word in the digital marketplace. The longer both brands coexist under the "Roxberry" identifier,

the more deeply entrenched the algorithmic association becomes, and the more difficult and costly it will be for Roxberry Juice Co. to reclaim a distinct digital identity.

**Social Media Influencers – Source of Confusion**

25.     The hashtags #roxberry and #roxberryjuice have been used exclusively by and in connection with Roxberry Juice Co. for years, representing sustained organic brand-building by the company, its customers, and its franchisees. I reviewed a TikTok post by the user "Brie || Toddler Mama", dated November 6, 2024, posted from Tennessee, promoting Roxberry Naturals' products. Based on the profile, content, tone, product placement, and curated hashtag structure, this post is consistent with a paid influencer engagement. The post uses #roxberry and #roxberryjuice — both historically associated exclusively with Roxberry Juice Co. — but does not use #getroxberry, which is Roxberry Naturals' own brand identifier. (*See* **Analysis, Page 11 — Social Media Influencers.**)

26.     "Roxberry Juice" is not a term associated with Roxberry Naturals' canned soda products. It is the trade name of Roxberry Juice Co. An individual engaged to promote Roxberry Naturals' products defaulted to Roxberry Juice Co.'s brand language rather than Roxberry Naturals' own identifier. Each use of #roxberryjuice in connection with Roxberry Naturals' products trains social media algorithms to associate the two brands, compounding the confusion documented across search engines and AI platforms.

27.     The confusion extends across multiple social media platforms. On Instagram, a search for "Roxberry" returns both Roxberry Juice Co. (14,200 followers) and Roxberry Naturals' "getroxberry" account (321 followers) in the same results. On the social media platforms we tested, a search for "Roxberry" returns Roxberry Juice Co. alongside Roxberry

Naturals content.

**Impact on Roxberry Juice Co.**

28.    The entry of Roxberry Naturals into the marketplace under the same "Roxberry" brand name has a direct impact on the effectiveness and cost of Roxberry Juice Co.'s digital advertising. Search advertising costs increase when two brands compete for the same keywords. Organic search rankings are diluted when search engines must divide "Roxberry" results between two entities.

29.    Social media advertising targeting becomes less precise when platforms conflate the two brands' audiences. Based on our analysis, Roxberry Naturals uses sponsored search advertising to market its products — as evidenced by "Sponsored" labels appearing on Roxberry Naturals listings in Google and Amazon search results for "Roxberry." This means Roxberry Naturals is directly competing with Roxberry Juice Co. for paid placement on the same "Roxberry" search terms. (*See* **Analysis, Page** 7 **— Amazon Marketplace; Page 6 — Google Search Engine Results Page Rankings — Outside Utah**.)

30.    I learned from Brad Davis that Roxberry Juice Co. is actively marketing franchise opportunities in Arizona, Florida, Idaho, Nevada, and Utah. (See Davis Decl. ¶ 37.) A prospective franchisee conducting online due diligence on the "Roxberry" brand will encounter the same confusing, intertwined search results documented in the Analysis — particularly outside of Utah, where Roxberry Naturals outranks Roxberry Juice Co. in search results and on social media sites. In my professional opinion, this confusion poses a material risk to Roxberry Juice Co.'s franchise development efforts.

**Summary of Opinions**

31.    Based on my professional experience in digital marketing, my personal knowledge of Roxberry Juice Co.'s digital presence, and the research reflected in the Analysis, I hold the following opinions to a reasonable degree of professional certainty:

(a) The brands "Roxberry Juice Co." and "Roxberry Naturals" have become deeply intertwined and effectively indistinguishable in the online digital marketplace, including across all major search engines, social media platforms, e-commerce marketplaces, and artificial intelligence search platforms;

(b) Google's own artificial intelligence attributes Roxberry Naturals' "Fizz for Kids" product to Roxberry Juice Co.'s brand, presenting it as a menu item of Plaintiff's business;

(c) Grok labels the two companies the "Same brand family" and presents them as a single entity with shared products and physical locations;

(d) ChatGPT recognizes the confusion is so severe that it issues an unsolicited consumer warning;

(e) Outside of Utah, Roxberry Naturals outranks Roxberry Juice Co. in Google search results for the term "Roxberry," meaning consumers in Plaintiff's expansion markets are more likely to encounter Defendant's brand first;

(f) On Amazon, searches for "Roxberry" and "Roxberry Juice" return both Roxberry Naturals products with high sponsored results placement and with high organic result  ranking, rendering Roxberry Juice Co. at a cumulative e-

11

commerce results ranking disadvantage to compete for e-commerce consumers under its own tradenames;

(g) The digital brand confusion is not static but is compounding over time as search engine, social media, and artificial intelligence algorithms increasingly associate the two brands with one another;

(h) The longer the two brands coexist under the same "Roxberry" identifier, the more difficult and costly it will be to remediate the damage to Roxberry Juice Co.'s distinct digital brand identity; and

(g) Ahrefs, an independent industry-standard SEO analytics platform, identifies GetRoxberry.com as a "direct organic competitor" of RoxberryJuice.com despite Roxberry Juice Co. having 500 times more organic keywords, six times higher domain authority, and seven times more backlinks — because Roxberry Naturals' entire search visibility depends on the word "Roxberry";

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of March, 2026.

Phil Case (Mar 19, 2026 16:41:05 MDT)

Phil Case
President & Chief Client Officer
Max Connect Digital

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, I caused to be filed a true and correct copy of the foregoing **DECLARATION OF PHIL CASE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** via the Court's CM/ECF system, which also effectuated service on all counsel of record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Samantha M. Quimby squimby@fbtgibbons.com

Vance V. VanDrake vvandrake@fbtgibbons.com

/s/Chad Pehrson