Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and
Counter-Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, | **ROXBERRY LICENSING, LLC'S ANSWER TO COUNTERCLAIM** |
| Plaintiff and Counter-Defendant, | |
| v. | Case No.   2:26-cv-00126-JNP-JCB |
| ROXBERRY NATURALS, INC., a Delaware corporation, | Judge Jill N. Parrish |
| Defendant and Counter-Claimant. | Magistrate Judge Jared C. Bennett |

Roxberry Licensing, LLC ("**Roxberry**"), by and through its undersigned counsel, hereby answers the Counterclaim of Defendant and Counter-Claimant Roxberry Naturals, Inc. ("**Roxberry Naturals**" or "**Counter-Claimant**") (Dkt. 9 at 13–19) as follows:

### ANSWER TO COUNTERCLAIM

### PROSECUTION HISTORY OF ROXBERRY'S REGISTRATION

1.      Admit that on May 31, 2017, Roxberry applied for trademark registration of the

1

mark ROXBERRY JUICE CO. in the stylized form shown in the Counterclaim, that the application was assigned Application Serial No. 87/470,335, that it was filed in International Class 32 based on Section 1(a) of the Trademark Act, and that the goods description was amended during prosecution. Deny the remainder.

2.      Admit that on August 29, 2017, the USPTO issued an Office Action regarding the '335 Application advising of a potential likelihood of confusion with pending Application Serial No. 87/249,606 for the trademark NIGHT AT THE ROXBERRY, and respectfully refer the Court to Exhibit B for its complete contents. Deny the remainder.

3.      Admit that on October 11, 2017, Roxberry filed a response to the Office Action through its counsel, which included arguments regarding the likelihood of confusion analysis and the declaration language quoted in Paragraph 3 of the Counterclaim, and respectfully refer the Court to Exhibit A for its complete contents. Deny the remainder.

4.      Admit that on October 26, 2017, the USPTO issued a Suspension Letter against the '335 Application, and respectfully refer the Court to Exhibit C for its complete contents. Deny the remainder.

5.      Admit that on or about January 29, 2018, Roxberry filed a Response to Suspension Inquiry through its counsel containing the quoted language, and respectfully refer the Court to Exhibit D for its complete contents. Deny the remainder.

6.      Admit that on February 26, 2018, the USPTO issued a Suspension Letter against the '335 Application, and respectfully refer the Court to Exhibit E for its complete contents. Deny the remainder.

7.      Admit that the USPTO issued a Notice of Publication on April 3, 2018, for the

2

'335 Application, and that the '606 Application remained in active and pending status at that time. Deny the remainder.

8.    Admit.

### FIRST CAUSE OF ACTION
#### (Declaratory Relief)

9.    Incorporate by reference responses to the preceding paragraphs of the Counterclaim as if fully rewritten herein.

10.    Admit.

11.    Admit that the October 11, 2017 Office Action Response contains statements regarding the ROXBERRY JUICE CO. mark and respectfully refers the Court to Exhibit A attached to the Counterclaim for the full and complete contents of that document, which speaks for itself. Deny the remainder.

12.    Admit only that the cited document contains several pages, and includes the following quotation in context: "While both Applicant's mark and the cited mark use the shared word "Roxberry," such use of the same word does not preclude registration and does not automatically mean that the public will be confused when confronted with both marks and their respective goods. Both marks must be considered in the overall impression.  As discussed above, the very likely impression from the cited mark, which is entirely a word mark without any stylized elements, is a movie and would not lead consumers to believe that goods provided under a distinctively different Applicant's stylized design mark emanated from the same source." Deny the remainder.

13.    Deny.  The allegation expressly misrepresents the quotation from the PTO filing, replacing actual text with inserted text as shown by the brackets.

14.     Deny.

15.     Deny.

16.     Deny.

17.     Deny.

18.     Deny.

19.     Deny.

<u>**SECOND CAUSE OF ACTION**</u>
**(Cancellation of Trademark)**

20.     Incorporate by reference the responses to the preceding paragraphs as if fully set forth herein.

21.     Admit that this action involves a dispute between the parties regarding the ROXBERRY mark, and that Registration No. 5,495,492 originally issued on June 19, 2018. Deny the remainder.

22.     Admit.

23.     Deny.

24.     Admit that the quoted language appears in the October 11, 2017 Office Action Response. Deny the remainder.

25.     Deny.

26.     Admit that the October 11, 2017 Office Action Response included the declaration language quoted in Paragraph 3 of the Counterclaim. Deny the remainder.

27.     Admit that the January 2018 Response to Suspension Inquiry reasserted prior arguments. Deny the remainder.

28.     Deny.

29.	Deny.

30.	Deny.

31.	Deny.

32.	Deny.

33.	Deny.

34.	Deny.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Incontestability)

Counter-Claimant's First Cause of Action is barred, in whole or in part, because Roxberry's Registration No. 5,495,492 has achieved incontestable status under 15 U.S.C. § 1065. Under 15 U.S.C. § 1115(b), the registration constitutes conclusive evidence of the mark's validity, and Counter-Claimant is precluded from challenging it on grounds not specifically enumerated in the statute.

## THIRD AFFIRMATIVE DEFENSE
### (Priority of Use)

Counter-Claimant's claims are barred by Roxberry's prior, continuous, and ongoing use of the ROXBERRY mark in commerce, which establishes superior statutory and common law rights.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Plead or Prove Fraud)**

Counter-Claimant's Second Cause of Action fails because Roxberry's prosecution statements were truthful, accurate, and contextually appropriate. Counter-Claimant cannot satisfy the heightened clear and convincing evidence standard required to prove intent to deceive or fraud on the USPTO.

### FIFTH AFFIRMATIVE DEFENSE
**(Equitable Estoppel / No Inconsistency)**

Counter-Claimant's claims are barred, in whole or in part, because Roxberry's prior statements to the USPTO regarding entirely different marks and different goods do not give rise to estoppel, waiver, or any legally binding inconsistency regarding the present dispute.

### SIXTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Counter-Claimant's claims for equitable relief are barred by the doctrine of unclean hands, based upon its knowing adoption, continued expansion, and use of the identical mark despite receiving a USPTO likelihood-of-confusion refusal and actual notice of Roxberry's senior rights.

### SEVENTH AFFIRMATIVE DEFENSE
**(Willful Infringement / Bad Faith)**

Counter-Claimant's claims for equitable relief are barred by its bad faith and willful infringement, having adopted and expanded use of the mark with actual and constructive knowledge of Roxberry's prior rights.

### EIGHTH AFFIRMATIVE DEFENSE
**(Reservation of Defenses)**

Roxberry reserves the right to assert additional affirmative defenses under Rule 8(c) of

the Federal Rules of Civil Procedure as they may become known or available through discovery

and further factual investigation.

### PRAYER FOR RELIEF

WHEREFORE, Roxberry Licensing, LLC respectfully requests that the Court:

a.      Dismiss Counter-Claimant's Counterclaim in its entirety and enter judgment

in Roxberry's favor on all counterclaims;

b.      Deny Counter-Claimant's request for cancellation of Registration No. 5,495,492;

c.      Deny Counter-Claimant's request for declaratory relief;

d.      Award Roxberry its costs, expenses, and reasonable attorneys' fees incurred in

defending against the Counterclaim; and

e.      Grant such other and further relief as this Court deems just and proper.

DATED this 26th day of March 2026.


**KNH LLP**

*/s/Thomas D. Briscoe*
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson

*Attorneys for Plaintiff*
*and Counter-Defendant*
*Roxberry Licensing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I caused to be filed a true and correct copy of the foregoing **ROXBERRY LICENSING, LLC'S ANSWER TO COUNTERCLAIM** via the Court's CM/ECF system, which also effectuated service on all counsel of record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Samantha M. Quimby squimby@fbtgibbons.com

Vance V. VanDrake vvandrake@fbtgibbons.com

*/s/Thomas D. Briscoe*