**EXHIBIT 1**
to
**STIPULATED MOTION FOR APPROVAL OF
ATTORNEY PLANNING MEETING REPORT**

Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Email: tbriscoe@knh.law
Email: smouritsen@knh.law
Email: cpehrson@knh.law

*Attorneys for Plaintiff
and Counter-Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC., a Delaware corporation,<br><br>    Defendant and Counter-Claimant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No.  2:26-cv-00126-JPN<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Fed. R. Civ. P 26(f), the Local Rules of Practice, and the Order to Propose Schedule, the parties have conferred and developed a proposed discovery plan addressing the areas that follow. The descriptions, characterizations, and proposals contained in this Report are made solely for purposes of case management and scheduling under Fed. R. Civ. P. 26(f) and do not constitute admissions, stipulations, or concessions by either party regarding any factual or legal issue in this case. All claims, defenses, and objections are expressly preserved. Pursuant to

1

the Local Rules of Practice, the parties will also email a copy of the proposed scheduling order in

an editable format to the chambers of Magistrate Judge Bennett.

1. **PRELIMINARY MATTERS**

| a. | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* |
|---|---|
| | **1. Nature of Case:** This is a trademark infringement action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), together with state law claims for unfair competition and deceptive trade practices. Plaintiff Roxberry Licensing, LLC ("Plaintiff") uses its ROXBERRY mark in connection with the marketing and sale of smoothies, fresh-pressed juices, acai bowls, and related healthy food and beverage products.  Plaintiff has used the ROXBERRY mark in commerce since March 2008 and holds federal Registration No. 5,495,492, registered on the Principal Register since June 19, 2018, which it contends is incontestable. Plaintiff's First Amended Complaint asserts claims for federal and common law trademark infringement, unfair competition/false designation of origin, and deceptive trade practices, and seeks to recover injunctive relief, damages, and the cancellation of Defendant's design mark registration.<br><br>Defendant Roxberry Naturals, Inc. ("Defendant") has marketed and sold carbonated beverages under the brand names "Roxberry" and "Roxberry Fizz for Kids" since at least as early as September 2024 and continues to use the ROXBERRY mark in connection with the marketing and sale of carbonated beverages in more than 3,000 retail stores nationwide.  Defendant has filed a Counterclaim seeking cancellation of Plaintiff's registration and declaratory judgment of non-infringement.<br><br>**2. Pending Motions:** Plaintiff's Motion for Preliminary Injunction [Dkt.16] is pending before the Court, supported by three declarations (Brad Davis, Craig Romney, Phil Case) and 18 exhibits. Plaintiff respectfully requests that the Court set a hearing on the PI motion at the earliest available date.  Pursuant to the Court's Order Granting Stipulation to File First Amended Complaint [Dkt. 24], Defendant's response to Plaintiff's Motion for Preliminary Injunction [Dkt. 16] is due on or before April 10, 2026.<br><br>**3. Answer to Counterclaim:** Plaintiff filed its Answer to Defendant's Counterclaim on March 26, 2026.<br><br>**4. Answer to First Amended Complaint:** Pursuant to the Court's Order Granting Stipulation to File First Amended Complaint [Dkt. 24], Defendant's response to the First Amended Complaint is due on or before April 23, 2026. |

| | | | | |
|---|---|---|---|---|
| | | **5. Consent to Magistrate Judge.** The parties understand that Magistrate Judge Bennett will handle scheduling and discovery matters, with dispositive motions and the PI motion to be decided by Chief District Judge Parrish. | | |
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *The parties conducted their Rule 26(f) conference on April 7, 2026.* | *04/07/2026* | |
| c. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>**For Plaintiff and Counter-Defendant Roxberry Licensing, LLC:**<br>Thomas D. Briscoe (Bar No. 16788) KNH LLP 50 W. Broadway, 9th Floor Salt Lake City, Utah 84101 Telephone: (801) 994-4646<br>tbriscoe@knh.law<br><br>**For Defendant and Counter-Claimant Roxberry Naturals, Inc.:**<br>Aaron T. Brogdon (Utah Bar No. 009796) FBT Gibbons LLP 10 W. Broad St., Ste 2300 Columbus, Ohio 43215 Telephone: (614) 559-7262<br>abrogdon@fbtgibbons.com | | |
| d. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *The parties have not yet exchanged initial disclosures. The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than* **April 17, 2026**. | *04/17/2026* | |
| e. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

## 2.   PROTECTIVE ORDER

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | | The parties agree that good cause exists for the Court to enter its Standard Protective Order under DUCivR 26-2. This case will involve the disclosure of confidential and commercially sensitive information from both parties, including but not limited to: | | |

**From Defendant:**

- Gross and net revenue data, unit sales by SKU, and profit margins for Roxberry Naturals products
- Distribution agreements with Walmart, Kroger, Meijer, Harris Teeter, and Amazon
- Marketing budgets, advertising expenditures, and sponsored search advertising data
- Internal communications regarding the adoption of the "ROXBERRY" name, the decision not to respond to the USPTO Office Action, and the decision to expand distribution after the Office Action and cease-and-desist letter
- Financial projections and business plans
- Investor communications and SEC-related documents

**From Plaintiff:**

- Franchise agreements (template and executed) between Roxberry Licensing, LLC and individual franchisees
- Franchise Disclosure Document (FDD) and related regulatory filings
- Gross and net revenue data, royalty payments, and franchise fee structures
- The Excelsior Franchise Growth Solution Agreement and related franchise development data
- Marketing budgets and advertising expenditures
- Business plans and expansion projections

The parties propose to negotiate and file a Stipulated Motion for Entry of the Standard Protective Order within twenty-one (21) days of the Rule 26(f) conference. The parties further propose that the Standard Protective Order include an "Attorneys' Eyes Only" tier for the most sensitive financial and business strategy information, including but not limited to revenue data, profit margins, distribution agreement terms, and franchise fee structures.

The parties also propose that the Standard Protective Order include a clawback provision for inadvertently produced privileged documents consistent with Fed. R. Evid. 502(b), and that the parties jointly seek entry of an order under Fed. R. Evid. 502(d) providing that inadvertent production of privileged materials during discovery does not constitute waiver of the attorney-client privilege or work-product protection in any federal or state proceeding.

## 3. DISCOVERY PLAN

| a. | Discovery Plan: The parties agree to the following discovery plan. | Yes ☒ | No ☐ |
|----|----|----|----|

| | | |
|---|---|---|
| | | • If the parties disagree, clearly indicate the disagreement in the space below: |
| b. | | Discovery Subjects: |

The parties anticipate that discovery will be needed on the following subject areas:

**1. Likelihood of Confusion.** All discovery related to the likelihood of confusion between the parties' respective marks, including the degree of similarity between the marks; the intent of the parties in adopting their respective marks; evidence of actual confusion; the similarity of the parties' products and manner of marketing; the degree of care likely to be exercised by purchasers; the strength or weakness of the marks; the parties' respective market presence, advertising expenditures, and distribution footprints; and any consumer surveys, market research, or expert analyses conducted or commissioned by either party relating to consumer perception of the parties' marks.

**2. The Parties' Respective Adoption, Use, and Efforts to Register the Parties' marks.** Discovery regarding the adoption, historical use, efforts to register, and efforts to protect the parties' respective marks.

**3. Defendant's Intent in Adopting the Mark.** Discovery regarding Defendant's knowledge of Plaintiff's prior rights at the time Defendant adopted the ROXBERRY mark, Defendant's trademark clearance search (if any) prior to adoption, Defendant's internal communications regarding the selection of the ROXBERRY name, Defendant's response to the USPTO Office Action refusing registration of its word mark, and Defendant's decision to expand distribution after the Office Action and after receipt of Plaintiff's cease-and-desist letter.

**4. Corporate Structure, Ownership, Capitalization.** Discovery regarding the parties' corporate formation documents, equity ownership records, capitalization tables, investor agreements, and any agreements granting equity or other consideration to branding, marketing, or strategic partners.

**5. The Parties' Respective Sales, Revenue, and Distribution.** Discovery regarding parties' gross and net revenues, units sold by SKU, profit margins, distribution agreements – including but not limited to Defendant's distribution agreement with Walmart, Kroger, Meijer, Harris Teeter, and Amazon and franchise agreements, and the parties' projected revenues. This information is

5

relevant to both damages and the balance of equities analysis for injunctive relief.

**6. The Parties' Marketing and Advertising Efforts.** Discovery regarding the parties' respective marketing budgets, advertising expenditures, sponsored search advertising data (including bids on the term "Roxberry"), influencer engagement agreements, social media strategy, and public relations activities.

**7. Geographic Scope and Expansion Plans.** Discovery regarding both parties' geographic presence, expansion plans, and franchise development activities. This subject area is directly relevant to Defendant's Eighth Affirmative Defense (limited geographic scope) and Plaintiff's evidence of concrete expansion plans.

**8. Plaintiff's Alleged Damages.** Discovery regarding Plaintiff's alleged lost profits, diminution in brand value, cost of corrective advertising, and impact on franchise development that Plaintiff alleges is attributable to Defendant's use of the ROXBERRY mark.

**9. Laches and Timeliness.** Discovery regarding the timeline of Plaintiff's knowledge of Defendant's activities, Plaintiff's diligence in investigating and responding, and Defendant's reliance (if any) on Plaintiff's alleged delay. This subject area is directly relevant to Defendant's Second Affirmative Defense (laches).

**10. Counterclaim — Fraud on the USPTO.** Discovery regarding Plaintiff's prior statements to the USPTO during prosecution of Registration No. 5,495,492, the context in which those statements were made, the identity and role of Plaintiff's prior trademark counsel, and whether Plaintiff's statements were material to the issuance of the registration. This subject area is relevant to Defendant's Counterclaim for cancellation.

**11. Counterclaim — Declaratory Judgment.** Discovery regarding the overall commercial impression of the parties' respective design marks, the context in which each mark is used in commerce, and whether Defendant's use of its registered design mark creates a likelihood of confusion with Plaintiff's mark.

**12. Digital and Algorithmic Brand Presence.** Discovery regarding the parties' respective presence on search engines, AI platforms, e-commerce marketplaces, and social media platforms, including search engine optimization strategies, algorithmic advertising data, platform-specific product listings, and any communications with or submissions to Google, Amazon,

| | | |
|---|---|---|
| | | Walmart.com, or other digital platforms regarding the use of the ROXBERRY name. |
| c. | | Discovery Phases: <br> • Will discovery be conducted in phases? If so, please explain. <br> • Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. <br><br> The Parties agree that discovery should be conducted in two phases to promote efficiency and focus the parties' resources on the issues most likely to be determinative of this dispute. <br><br> **Phase 1: Liability and Injunctive Relief (April 28, 2026 – August 15, 2026)** <br><br> Phase 1 discovery should focus on the following issues, which are directly relevant to the pending Motion for Preliminary Injunction, the likelihood of confusion analysis, and the injunctive relief claims: <br><br> • Defendant's adoption of the ROXBERRY mark, including any trademark clearance search conducted prior to adoption, internal communications regarding the selection of the name, and Defendant's knowledge of Plaintiff's prior rights at the time of adoption <br> • Defendant's response to the USPTO Office Action refusing registration of its word mark, including internal communications regarding the decision not to respond and the decision to expand distribution after the Office Action <br> • Defendant's response to Plaintiff's cease-and-desist letter, including internal communications regarding the decision to continue using the ROXBERRY mark <br> • Defendant's sales and distribution data, including gross and net revenue by SKU, units sold, distribution agreements, and retail placement data <br> • Defendant's marketing and advertising activities, including sponsored search advertising data, influencer engagement agreements, and social media strategy <br> • Instances of actual confusion, including consumer inquiries, misdirected communications, and retailer or distributor inquiries received by either party <br> • Both parties' geographic presence and expansion plans <br> • Plaintiff's USPTO prosecution history and prior statements relevant to Defendant's Counterclaim |

| | | |
|---|---|---|
| | | **Phase 2: Damages, Experts, and Remaining Issues (August 18, 2026 – October 15, 2026)**<br><br>Phase 2 discovery should focus on:<br>• Detailed damages and disgorgement calculations<br>• Expert-related discovery (consumer surveys, damages modeling, corrective advertising cost estimates)<br>• Any remaining issues not fully addressed in Phase 1<br><br>**Accelerated Discovery**<br><br>Plaintiff requests that the following discovery be accelerated and completed within 60 days of the Rule 26(f) conference (by approximately June 13, 2026):<br>• Written discovery regarding the parties' adoption, use, and efforts to register their respective marks<br>• Written discovery relating to the potential likelihood of confusion<br>• Rule 30(b)(6) depositions of the parties, with topics for deposition of Defendant to include: (a) adoption of the ROXBERRY mark; (b) knowledge of Plaintiff's prior rights; (c) response to the USPTO Office Action; and (d) response to Plaintiff's cease-and-desist letter<br>• Defendant's production of internal communications regarding the adoption of the ROXBERRY mark and the decision to expand distribution after the USPTO Office Action and cease-and-desist letter<br>• The parties' production of gross and net revenue data, units sold by SKU, and distribution agreements<br>The parties agree that this accelerated discovery is warranted because: (a) the Motion for Preliminary Injunction is pending and the Court may benefit from a more complete evidentiary record; (b) the information sought goes to such issues as likelihood of confusion, willfulness, and intent; and (c) the Order to Propose Schedule specifically encourages the parties to narrow and target discovery at the outset. |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties anticipate that this case will involve significant discovery of electronically stored information. The parties propose the following framework for handling ESI:<br><br>**1. Preservation.** Both parties acknowledge their obligation to preserve all potentially relevant ESI within their possession, custody, and/or control, including but not limited to:<br>• Email communications (including attachments) of custodians likely to have discoverable information |

8

- Text messages, instant messages, and communications through messaging platforms (including but not limited to Slack, Microsoft Teams, and similar platforms)
- Social media content, including posts, comments, direct messages, influencer communications, and advertising data from Instagram, Facebook, TikTok, LinkedIn, and X (formerly Twitter)
- Documents stored on cloud platforms (including but not limited to Google Drive, Dropbox, SharePoint, and similar platforms)
- Digital advertising data, including sponsored search advertising campaigns, keyword bids, click-through data, and geographic targeting parameters
- Website content and analytics data
- E-commerce marketplace data, including Amazon Seller Central and Walmart Marketplace data
- All agreements, communications, deliverables, creative briefs, brand strategy documents, brand guidelines and preparation research, trademark clearance materials involving any branding agency, marketing consultant, or creative firm retained by Defendant in connection with the development, naming, visual identity, or market positioning of the ROXBERRY brand or any Roxberry-branded product, including but not limited to any equity, revenue-sharing, or other compensation arrangements with such firms.
- Financial records maintained in electronic format

**2. Custodians.** The parties will work together to identify custodians whose ESI will be searched and collected for the purpose of production, subject to the terms of an agreed protective order. Plaintiff anticipates that the following custodians will be relevant for Defendant:

- Andy Sauer (President)
- Lauren Sauer (Co-Founder)
- Dan Haugen (Co-Founder and COO)
- Any marketing or advertising personnel responsible for social media, influencer engagement, or sponsored search advertising
- Any personnel responsible for the trademark application and prosecution process+

Plaintiff anticipates that the following custodians will be relevant for Plaintiff:
- Brad Davis (Founder and President)
- Braden Davis (Operations)

The parties will confer regarding additional custodians as needed.

9

**3. Search Terms.** The parties will confer regarding appropriate search terms for ESI collection. The parties agree to exchange proposed search term lists within 28 days of the Rule 26(f) conference and to meet and confer regarding any disputes within 7 days thereafter.

**4. Form of Production.** ESI should be produced in the following formats:
- Documents: Native format where practicable, or single-page TIFF images with extracted text and metadata in a load file (Concordance or Relativity compatible)
- Email: Native format (.msg or .eml) with metadata preserved, or single-page TIFF images with extracted text, metadata, and parent-child relationship information maintained in a load file
- Spreadsheets and databases: Native format to preserve formulas, sorting, and filtering capabilities
- Social media content: Native screenshots with URL, date, and platform metadata preserved; or PDF printouts with the same information
- Digital advertising data: Native format exports from advertising platforms (e.g., Google Ads, Meta Business Suite) where available

**5. De-Duplication.** The parties agree that ESI may be de-duplicated across custodians using standard hash-value de-duplication methods, provided that the producing party maintains a record of file sources/paths and/or which custodians possessed each de-duplicated document.

**6. Reasonably Accessible ESI.** The parties will initially limit ESI discovery to sources that are reasonably accessible. If a party believes that ESI from sources that are not reasonably accessible is necessary and/or there is any disagreement regarding reasonable accessibility, the parties will meet and confer before seeking court intervention. The requesting party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(b)(2)(B).

**7. Privilege Review.** The parties anticipate using technology-assisted review (TAR) or similar tools for privilege review of large ESI collections. The parties will seek entry of a Fed. R. Evid. 502(d) order as part of the Stipulated Protective Order to protect against waiver from inadvertent production of privileged ESI.

**8. Social Media Preservation.** Given the nature of this trademark dispute, which involves allegations of social media confusion, hashtag co-option, and influencer marketing, the parties acknowledge the importance of preserving social media content in its current state, to the extent commercially and reasonably practicable. Both parties shall take therefore reasonable steps to preserve all social media posts, advertisements, influencer agreements, and related content in existence as of the date of the Complaint (February 11,

| | | |
|---|---|---|
| | | 2026), including any content that has been removed from public view but remains in the party's possession, custody, or control. |
| e. | | **Privilege or Protection – Trial Preparation Material**: (describe how the parties will handle claims of privilege or protection as to trial preparation material asserted after production)<br><br>The parties anticipate that discovery in this case will involve the production of substantial volumes of electronically stored information, including email communications, internal memoranda, and documents that may contain or be intermingled with privileged attorney-client communications or attorney work product.<br><br>To protect against inadvertent waiver of privilege or work-product protection, the parties propose the following framework:<br><br>**1. Clawback Provision.** If a party inadvertently produces documents or information subject to a claim of attorney-client privilege or work-product protection, the producing party may assert the privilege or protection by providing written notice to the receiving party identifying the document(s) and the basis for the claim, consistent with Fed. R. Civ. P. 26(b)(5)(B). Upon receipt of such notice, the receiving party shall promptly return, sequester, or destroy the specified documents, shall not use or disclose the documents for any purpose, and shall take reasonable steps to retrieve any copies that have been distributed. The receiving party may promptly present the documents to the Court under seal for a determination of the privilege claim, but may not otherwise use the documents pending resolution. Production of any document subject to a timely clawback notice shall not constitute a waiver of any applicable privilege or protection.<br><br>**2. Fed. R. Evid. 502(d) Order.** The parties jointly request that the Court enter an order pursuant to Fed. R. Evid. 502(d) providing that the inadvertent production of documents or information protected by the attorney-client privilege or work-product doctrine in connection with this litigation, including any documents and information generated and/or shared with retained consultants and experts, shall not constitute a waiver of the privilege or protection in this proceeding or in any other federal or state proceeding. The parties propose that this order be incorporated into the Stipulated Protective Order referenced above.<br><br>    4. **Privilege Logs.** Each party shall provide a privilege log identifying any documents withheld from production on the basis of attorney-client privilege and/or work-product protection. Privilege logs shall be produced within 30 days after the completion of each document |

11

| | | |
|---|---|---|
| | | production, or at such other time as the parties may agree. Privilege logs shall contain sufficient information to enable the receiving party to assess the applicability of the privilege claim, including the date, author, recipient(s), general subject matter, and basis for the privilege claim. |
| f. | | Generative Artificial Intelligence: (describe the parties' agreement about using public Generative AI tools used to analyze any confidential information contained in a discovery production, including how the information will be destroyed upon completion of the litigation)<br><br>The parties acknowledge that generative artificial intelligence tools are increasingly used in litigation for document review, analysis, and related purposes. To protect the confidentiality of discovery materials, the parties propose the following provisions, which should be incorporated into the Stipulated Protective Order:<br><br>1. **No Publicly-Available or Accessible AI Tools for Confidential Materials.** Neither party shall upload, input, or otherwise submit any document, information, or data designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the Protective Order into any publicly available or accessible (i.e., non-licensed/enterprise based) generative artificial intelligence tool, platform, or service (including but not limited to ChatGPT, Google Gemini, Claude, Grok, Copilot, or similar publicly accessible platforms) unless the party has first confirmed in writing that: (a) the platform's terms of service prohibit the use of user inputs for model training purposes; (b) the platform provides zero data retention or equivalent data handling protections; and (c) all public sharing features have been disabled.<br><br>2. **Enterprise or Secured AI Tools.** The parties may use licensed, enterprise-grade or secured AI tools (such as contract review platforms, e-discovery platforms with integrated AI features, or AI tools deployed within a law firm's secured environment) to analyze discovery materials, provided that such tools meet the confidentiality requirements of the Protective Order and do not transmit confidential information to third parties for model training or other purposes unrelated to the litigation.<br><br>3. **Data Destruction.** Upon conclusion of this litigation (including all appeals), each party shall take reasonable steps to ensure that any confidential discovery materials uploaded to or processed through AI tools are deleted or destroyed in accordance with the data destruction |

12

|  |  | provisions of the Protective Order. Each party shall certify compliance with this provision within 30 days of the conclusion of the litigation. |  |
|  |  | 4. **No Waiver.** The use of AI tools to analyze discovery materials in compliance with the foregoing provisions shall not constitute a waiver of any privilege, work-product protection, or confidentiality designation. |  |

**5.  FACT DISCOVERY**

|  | a. | Fact Discovery Limitations— |  |
|---|---|---|---|
|  | 1. | Maximum number of depositions by Plaintiff: | *10* |
|  | 2. | Maximum number of depositions by Defendant: | *10* |
|  | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *7* |
|  | 4. | Maximum interrogatories by any party to any party: | *25* |
|  | 5. | Maximum requests for admissions by any party to any party: | *30* |
|  | 6. | Maximum requests for production by any party to any party: | *30* |
|  |  |  |  |
|  | b. | Other Fact Discovery Deadlines— |  |
|  | 1. | Deadline to serve written discovery: | *05/20/26 (Ph.1)* *09/01/26 (Ph.2)* |
|  | 2. | Deadline for fact discovery to close: | *10/15/26* |
|  | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *10/01/26* |

**6.  AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]**

|  | a. | Deadline to file a motion to amend pleadings— |  |  |
|---|---|---|---|---|
|  | 1. | Plaintiffs: |  | *07/13/2026* |
|  | 2. | Defendants: |  | *07/13/2026* |
|  |  |  |  |  |
|  | b. | Deadline to file a motion to join additional parties— |  |  |
|  | 1. | Plaintiffs: |  | *07/13/2026* |
|  | 2. | Defendants: |  | *07/13/2026* |

**7.  EXPERT DISCOVERY**

|  | a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— |  |  |
|---|---|---|---|---|
|  | 1. | Parties bearing the burden of proof: |  | *09/18/2026* |
|  | 2. | Parties not bearing the burden of proof: |  | *10/16/2026* |
|  |  |  |  |  |
|  | b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— |  |  |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | |
|---|---|---|---|
| | 1. | Parties bearing the burden of proof: | *10/09/2026* |
| | 2. | Parties not bearing the burden of proof: | *10/30/2026* |
| | | | |
| c. | Deadline for expert discovery to close: | | *11/30/2026* |

**8.    OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| | | | |
|---|---|---|---|
| a. | | Deadline for filing dispositive or potentially dispositive motions: (*including a motion to exclude experts when expert testimony is required to resolve the motion*) | *12/18/2026* |
| b. | | Trial: | Bench ☐    Jury ☒ |
| c. | | Trial days: | *5-7 days* |

**KNH LLP**                                     Date: 04/09/2026

*/s/Thomas D. Briscoe*_____
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson
*Attorneys for Plaintiff and Counter-Defendant*


**FBT Gibbons LLP**                              Date: 04/09/2026

*/s/Aaron T. Brogdon*\*_____
Aaron T. Brogdon
*Attorneys for Defendant and Counter-Claimant*

*\*Signed with attorney's permission
granted via email dated 04/09/2026*

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I caused to be filed a true and correct copy of the foregoing **ATTORNEY PLANNING MEETING REPORT** via the Court's CM/ECF system, which also effectuated service on all counsel of record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Samantha M. Quimby squimby@fbtgibbons.com

Cance V. VanDrake vvandrake@fbtgibbons.com


/s/Thomas D. Briscoe

15