# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

ROXBERRY LICENSING, LLC,

     Plaintiff and Counter-Defendant,

vs.

ROXBERRY NATURALS, INC.,

     Defendant and Counter-Claimant.

CASE NO. 2:26-CV-00126-JNP

Judge Jill N. Parrish

---

## DEFENDANT AND COUNTER-CLAIMANT ROXBERRY NATURALS, INC.'S MOTION FOR LEAVE TO FILE SURREPLY

---

Defendant and Counter-Claimant Roxberry Naturals, Inc. (Roxberry Naturals), by and through counsel, respectfully requests leave of the Court to file a surreply in opposition to Plaintiff Roxberry Licensing, LLC's *Motion for Preliminary Injunction,* and in support of its request states the following:

1. This action was initiated on February 11, 2026. [Dkt. 1].

2. Plaintiff filed its pending Motion for Preliminary Injunction on March 20, 2026. [Dkt. 16].

3. On April 1, 2026, Plaintiff then filed its First Amended Complaint, which included an additional claim based on the theory of reverse confusion. [Dkt. 23].

4. Following an extension, Defendant filed its brief in opposition to the Motion for Preliminary Injunction on April 10, 2026. [Dkt. 25].

1

5.      Plaintiff then filed its reply in support of its Motion for Preliminary Injunction on April 17, 2026. [Dkt. 30].

6.      In its reply, Plaintiff argued for the first time that the addition of a reverse confusion claim in its Amended Complaint (filed after the Motion for Preliminary Injunction) "strengthens every factor" under the seven-factor test for likelihood of confusion for purposes of determining Plaintiff's likelihood of success on the merits. [Dkt. 30 at 8]

7.      In order to address this new argument, raised for the first time in Plaintiff's reply, Defendant respectfully requests leave to file a short surreply, not to exceed five (5) pages in length.

8.      While the Civil and Local Rules do not explicitly address the filing of surreplies, the Tenth Circuit Court of Appeals has held that leave to file a surreply is appropriately granted where a reply includes new arguments or new evidence, stating that "a district court must permit a surreply where it relies on new materials—i.e., new evidence or legal argument—raised in a reply brief." *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

9.      In the alternative, if the Court does not grant Defendant's request for leave to file a surreply, Defendant requests that the new argument reflected in Section G (on Page 8) of Plaintiff's reply be stricken and not considered for the purposes of deciding Plaintiff's Motion for Preliminary Injunction. *See Carlson v. Colorado Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266 (D. Colo. 2022) ("[Where a] court disregards any materials that are [asserted for the first time in a reply brief], that court need not permit a surreply."); [Dkt. 8].

Respectfully submitted,

/s Aaron T. Brogdon
Aaron T. Brogdon (009796)
FBT Gibbons LLP
10 W. Broad St., Ste 2300

2

Columbus, Ohio 43215
Phone: 614-559-7262
Email: abrogdon@fbtgibbons.com

*Counsel for Defendant and Counter-Claimant*
*Roxberry Naturals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via ECF and thereby served automatically on all counsel of record this 22nd day of April, 2026.

/s Aaron T. Brogdon
Aaron T. Brogdon (009796)