**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

ROXBERRY LICENSING, LLC,

      Plaintiff and Counter-Defendant,

vs.

ROXBERRY NATURALS, INC.,

      Defendant and Counter-Claimant.

CASE NO. 2:26-CV-00126-JNP

Judge Jill N. Parrish

---

**DEFENDANT'S SURREPLY TO PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

---

Roxberry Naturals, Inc. ("Defendant") respectfully submits the following surreply to newly introduced arguments set forth in Plaintiff Roxberry Licensing, LLC's ("Plaintiff") reply [Dkt. 30] in support of its Motion for Preliminary Injunction [Dkt. 16].

In its opening brief, Plaintiff relied primarily on *Equitable Nat'l Life Ins. Co v. AXA Equitable Life Ins. Co.,* 434 F.Supp. 3d 1227 (D. Utah 2020), citing that case ten times to support its core arguments. [*See* Dkt. 16.] After Defendant's response outlined the bases on which *Equitable* is clearly distinguishable from the case at bar, however, Plaintiff's Reply expressly conceded that *Equitable* is "dissimilar" (while continuing to cite it extensively). [*See* Dkt. 30.] Given that acknowledged dissimilarity, Plaintiff changed directions in its Reply and relied on two inapposite cases to argue for the first time that this case is one of "reverse confusion." *See Uyte, LLC v. Mammoth Hockey, LLC,* No. 2:25-CV-00639-DBB-CMR, 2025 WL 3872248 (D. Utah Dec. 23, 2025) (finding no reverse confusion); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1371-72 (10th Cir. 1977) (addressing the application of Colorado state law).

Plaintiff's argument appears to hinge on the faulty premise that the sole question in reverse confusion cases is whether the alleged junior user has a large enough market presence for its use to "swamp" that of the senior user. [Dkt. 30] (*citing Mammoth Hockey,* 2025 WL 3872248 at *6). But Plaintiff's Reply completely ignores the threshold inquiry established in the two paragraphs of *Mammoth Hockey* that immediately precede the passage Plaintiff cites. That preceding language explains that this Court "follow[s] the Tenth Circuit" and thus "the proper focus remains whether defendant had intent to derive benefit from the reputation or goodwill of plaintiff." *Id.*

In *Mammoth Hockey*, this Court found that while the junior user was admittedly aware of the senior user, there was no evidence of an intent to benefit, and that such intent was unlikely given the parties' respective sizes and notoriety. *Id.* Here, as in *Mammoth Hockey*, Plaintiff notes that Defendant was aware of Plaintiff (via its trademark registration), but Plaintiff has not put forth any evidence suggesting that Defendant intended to benefit from the goodwill of Plaintiff's smaller business. And here, the Court has contrary evidence that was not present in *Mammoth Hockey*. By registering its ROXBERRY and Design mark, Defendant obtained presumptions regarding validity and ownership, and setting aside whether they rebut allegations of infringement, those presumptions are, at a minimum, indicative of Defendant's clear intent to expand its use of the mark and not on attempting to infringe or capitalize on Plaintiff's mark. Thus, Plaintiff's reverse confusion fails, and for this added reason, its Motion for Preliminary Injunction should be denied.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion should be denied and the parties should continue to proceed under the long-standing status quo during the pendency of this dispute.

Respectfully submitted,

*/s Aaron T. Brogdon*
Aaron T. Brogdon (009796)

2

FBT Gibbons LLP
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Phone: 614-559-7262
Email: abrogdon@fbtgibbons.com

*Attorneys for Defendant and Counter-Claimant*
*Roxberry Naturals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via ECF and thereby served automatically on all counsel of record this 30th day of April, 2026.

/s Aaron T. Brogdon

Aaron T. Brogdon (009796)

0153644.0818094  4916-5412-1125v3