David P. Johnson (USB No. 13260)
djohnson@wnlaw.com
Brittany Frandsen (USB No. 16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Aaron T. Brogdon
abrogdon@fbtgibbons.com
FBT GIBBONS LLP
10 W. Broad St., Ste 2300
Columbus, OH 43215
Telephone: (614) 559-7262

*Attorneys for Defendant Roxberry Naturals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., <br><br> Defendant and Counter-Claimant. | Case No. 2:26-cv-00126-JNP <br><br> **MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART INC.** <br><br> Judge Jill N. Parrish <br> Magistrate Judge Jared C. Bennett <br><br> **DEMAND FOR JURY TRIAL** |

Defendant and Counterclaimant Roxberry Naturals, Inc. ("Defendant" or "Roxberry Naturals") moves the court to Quash Plaintiff and Counterclaim Defendant Roxberry Licensing ("Plaintiff" or "Roxberry Juice Co.")'s Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises and to Appear for Deposition to Walmart Inc. pursuant to Federal Rules of Civil Procedure 45(c) and 26(b)(2)(C). In short, Plaintiff intends to subpoena marketing and sales information from one of Defendant's retail partners rather than simply

requesting such information from Defendant.  Given the undue burden such third-party discovery will (either intentionally or inadvertently) impose on Defendant's retail partner, Plaintiff should be required to first engage in direct, less burdensome party discovery to obtain information regarding the marketing and sales of Defendant's products.

## I.    BACKGROUND

On February 11, 2026, Plaintiff filed a complaint against Defendant alleging trademark infringement, unfair competition, deceptive trade practices, and cancellation of trademark registration. (ECF No. 1.) On March 6, 2026, Defendant filed its answer and counterclaims for declaratory relief and cancellation of trademark registration. (ECF No. 9.)

On March 30, 2026, Plaintiff filed a motion for preliminary injunction. (ECF No. 16.) The parties fully briefed the motion. (*See* ECF Nos. 26, 30, 38.) The Court scheduled an evidentiary hearing for June 5, 2026. (ECF No. 32.)

On May 5, 2026, Plaintiff served Defendant with a Notice of Intent to Serve Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises and to Appear for Deposition ("the Subpoena"). *See* Exhibit A. Walmart is a retailer of Defendant's products, and the Subpoena, intended for Walmart Inc., seeks information regarding the marketing and sales of such products. The Subpoena outlines thirteen categories of information to be produced and requests that Walmart designate a Rule 30(b)(6) witness to testify concerning seven detailed topics, with several sub-topics. The Subpoena also includes a "Declaration Template" that Plaintiff states it is willing to accept in lieu of the Rule 30(b)(6) deposition. Local Rule 45-1 only affords Defendant five days to review a third-party Subpoena prior to service. Defendant emailed Plaintiff requesting two additional days as a courtesy, particularly considering the five-day-deadline expires

on Mother's Day. As of this filing, Plaintiff has not responded to Defendant's request for an extension.

## II.      LEGAL STANDARD

The court must quash or modify a subpoena which, among other things, subjects a third party to undue burden. *See* FRCP 45(c). A party may object to a third-party subpoena if the party has a personal right or privilege with respect to the subject matter sought by the subpoena. *See Innovasis, Inc. v. Curiteva, Inc.*, 2024 WL 3759793, at \*2 (D. Utah Aug. 9, 2024) (citations omitted); *Stewart v. Mitchell Transp.*, 2002 WL 1558210, at \*1 (D. Kan. July 11, 2002); *Richards v. Convergys Corp.*, 2007 WL 474012, at \*1 (D. Utah Feb. 7, 2007). Courts have construed this standard to include sensitive "business documents," *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at \*4 (D. Utah May 22, 2020), "proprietary information," *Stewart*, 2002 WL 1558210, at \*1, and a company's agreements, purchase orders, and communications regarding the specifications and manufacturing of its product, *Innovasis*, 2024 WL 3759793, at \*1–2. Additionally, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

"Thus, despite the limitations placed on challenges made by parties to whom the subpoenas are not directed, the court must still examine whether the subpoenas are 'overly broad or seek[] irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Iwasaki v. Breeze Aviation Group Inc.*, 2025 WL 1948159, at \*4 (D. Utah July 16, 2025).

## III.    ARGUMENT

Plaintiff's Subpoena is improper because Plaintiff intends to serve it and seek information from Walmart *regarding the marketing and sales of Defendant's products* before first pursuing such discovery directly from Defendant. That approach unduly burdens Walmart by forcing it to search for the requested information even though Defendant is the more obvious and convenient source. Plaintiff should exhaust (or at least ask) for party discovery before seeking information from third parties and burdening Defendant's retail partners (and thereby either intentionally or inadvertently putting strain on Defendant's retail relationships).

### A.    Roxberry Naturals' Motion is Proper

#### 1.  Roxberry Naturals has Standing to Bring This Motion

A party has standing to move to quash a third-party subpoena if the subpoena seeks the party's sensitive business and commercial information. *See US Magnesium*, 2020 WL 12847147, at *4; *Stewart*, 2002 WL 1558210, at *1; *Innovasis*, 2024 WL 3759793, at *1–2. That is precisely the case here, considering the Subpoena seeks detailed sales, marketing, and other information regarding Defendant's products.

Plaintiff may argue the Subpoena "is narrowly tailored to documents, information, and testimony that are uniquely maintained by Walmart or that Plaintiff cannot reasonably obtain through party discovery from [Defendant]," and therefore does not seek Defendant's sensitive business and commercial information. Ex. A at 5. There are at least three problems with that argument. First, Plaintiff does not know if Defendant has the requested information because it has not yet asked Defendant for it. Second, Walmart does not know what information Defendant has in its possession and therefore cannot fully comply with the Subpoena even if it wanted to. Finally,

even if the requested information is solely in Walmart's possession, that fact would not defeat Defendant's standing to object. *See US Magnesium*, 2020 WL 12847147, at *2 (concluding that defendants had standing to object to subpoenas seeking "personal financial and business documents" and served to third party banks).

### 2. The Rules Permit a Party to Move to Quash a Notice to Serve a Subpoena Before the Subpoena is Served

Federal Rule of Civil Procedure 45(a)(4) requires that when a subpoena "commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." The Tenth Circuit has stated that "purpose behind the notice requirement" of Rule 45(a) "is to provide opposing counsel an opportunity to object to the subpoena." *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) (quoting *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998)).

DUCivR 45-1 likewise provides a period between when service of the notice is completed and when the subpoena may be served on the nonparty. As this Court has stated, "one obvious purpose of the above-referenced notice period is to provide parties with an opportunity to conduct a meet-and-confer concerning a subpoena and, if necessary, ***move to quash that subpoena before it is actually served on the nonparty***." *Sanders v. Yellow Cab Drivers Ass'n, Inc.*, 2012 WL 464348, at *3 (D. Utah Feb. 13, 2012) (emphasis added).

The Federal Rules and the Local Rules both provide a notice period to allow a party to object to a subpoena before it is served on a non-party. Thus, Defendant's motion to quash is procedurally proper and Plaintiff should wait to serve the Subpoena until the court rules on this motion. *See Kitchen v. Developmental Servs. of Nebraska, Inc.*, 2022 WL 1094244, at *3 (D. Neb.

Apr. 12, 2022) (referencing NECivR 45.1(b) which states "if objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court . . . .").

### B.    The Subpoena is Improper

#### 1.    Subpoenas Seeking Information from Non-Parties Are Disfavored When Less Burdensome Avenues Exist to Obtain the Information

The Court has an obligation to limit discovery that can be obtained more conveniently from another source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). "Courts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials." *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998).

"The status of a person or entity as a non-party is a factor which weighs against disclosure." *Id.* And it is axiomatic that the parties to a case are the best source of much of the relevant case information. Accordingly, some courts have found that failure to obtain the requested material from a party in the case "significantly undermines its claim of need." *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, 2005 WL 2045818, at *5 (W.D. Mich. Aug. 24, 2005); *see generally Echostar*, 180 F.R.D. at 394 (explaining that until the party seeking to serve a subpoena on a nonparty "exhausted its efforts to seek production of [these] materials from [the Defendant] and ... completed some depositions, it cannot even begin to argue that it has a substantial need to obtain the materials from the non-parties"); *Taro Pharms. U.S.A., Inc. v. Perrigo Israel Pharms. Ltd.*, 2015 WL 7737310, at *3 (D. Del. Dec. 1, 2015) ("The possibility of obtaining relevant information from alternative sources weighs against a finding of need."). Although the Subpoena seeks information regarding the marketing and sales of Defendant's products, Plaintiff has not served document requests or otherwise attempted to obtain the

information requested in the Subpoena from Defendant. Instead, Plaintiff intends to first place a burden on one of Defendant's retail partners and unduly strain one of Defendant's key commercial relationships. The Subpoena should be quashed until Plaintiff first seeks such information directly from Defendant.

### 2. The Subpoena Seeks Information and Documents In Roxberry Naturals' Possession

The Subpoena seeks sensitive business and commercial information regarding Defendant's products, sales, marketing, and communications with Walmart. *See Stewart*, 2002 WL 1558210, at *1; *Innovasis*, 2024 WL 3759793, at *1–2. As shown in the following table, if any relevant documents within these categories exist, they are likely to be in Defendant's possession.[1] And if they are not in Defendant's possession, it is unclear what relevance they would have to the claims brought in this proceeding, particularly at the preliminary injunction stage. Plaintiff intends to impose an unnecessary burden on Walmart when it has not even tried to get this information through party discovery. *See generally Echostar*, 180 F.R.D. at 393, 397 (finding "that it is burdensome to expect [non-parties] to either litigate the validity of the subpoena here in Colorado, or to produce the documents here in Colorado" where the plaintiff has not "exhausted its efforts to obtain these materials" from defendant). Whether intentional or inadvertent, the potential strain and negative impact on one of Defendant's key commercial relationships cannot be easily undone and threatens to cause injury to Defendant far beyond any burden of simply pursuing and obtaining such information directly from Defendant itself.

---

[1] Plaintiff has not served documents requests on Defendant, and Defendant has not yet had the opportunity within the short objection window to undertake a search for such information. Accordingly, Defendant has not yet searched for or gathered responsive documents.

| No. | Summary | Why Defendant May Have This Information |
|---|---|---|
| RFP 1 | Sell-through data and consumer returns | Defendant possesses sales, shipment, and performance data regarding its products sold through Walmart. |
| RFP 2 | Product listing dates and status changes | Defendant is involved with product launch, submissions, and listing activity. |
| RFP 3 | Walmart-created advertising and merchandising | Defendant is involved with marketing strategy and promotional efforts; it is unclear what relevance other marketing activities may have to claims against Defendant. |
| RFP 4 | Sponsored search and keyword advertising | Defendant is involved with branding and advertising strategy and may have knowledge of keyword targeting and optimization efforts tied to its products. |
| RFP 5 | Trademark clearance and onboarding analysis | Walmart may have shared this information with Defendant. |
| RFP 6 | Trademark-related communications with Defendant | Defendant would be a direct participant in all such communications, making third-party discovery duplicative. |
| RFP 7-8 | Walmart's internal response to litigation | Communications with Defendant (to the extent they exist) would fall within this category and therefore would be duplicative of communications Plaintiff could discover from Defendant. It is unclear what relevance Walmart's internal communications would have to the claims brought in this proceeding. |
| RFP 9 | Planograms and product placement | Defendant is involved with product placement. |
| RFP 10 | Duration of placement and promotions | Defendant is involved with duration of placement in Walmart stores. |

| | | |
|---|---|---|
| RFP 11 | Identification of Walmart personnel | The personnel falling with in this category may be discoverable from information in Defendant's possession and are only relevant to provide information and authenticate documents that could be provided by Defendant. |
| RFP 12-13 | Personnel handling trademark complaints | The personnel falling within these categories may be discoverable from information in Defendant's possession and are only relevant to provide information and authenticate documents that could be provided by Defendant. |
| 30(b)(6) Topic 2[2] | Sales data, launch timing, and listing status | Defendant has direct knowledge of product launches, distribution, and sales performance. |
| 30(b)(6) Topic 3 | Advertising and search results | Defendant is involved with branding and marketing strategy and has knowledge of promotional activities. It is unclear what relevance other marketing activities would have to infringement claims against Defendant. |
| 30(b)(6) Topic 4 | Trademark review and communications | Includes communications with Defendant, which Defendant is a party to (to the extent they exist). Internal communications have no clear relevance to this action. |
| 30(b)(6) Topic 5 | Product categorization and placement | Defendant is involved with product placement. |
| 30(b)(6) Topic 6 | Personnel and ESI methodology | Only relevant to the extent the Subpoena is proper. |
| 30(b)(6) Topic 7 | Scope of search and null responses | Only relevant to the extent the Subpoena is proper. |

---

[2] 30(b)(6) Topic 1 is addressed to foundation and authentication generally, not any category of information specifically.

9

## IV.    CONCLUSION

Plaintiff must first pursue party discovery before serving the Subpoena. The Court should not allow Plaintiff to place an unnecessary burden on Walmart when it has not even tried to obtain the information it seeks from Defendant. Defendant requests that the Court quash the Subpoena.

DATED this 9th day of May, 2026.

WORKMAN NYDEGGER

By: */s/ Brittany Frandsen*
David P. Johnson
Brittany Frandsen

Aaron T. Brogdon
FBT GIBBONS LLP

*Attorneys for Roxberry Naturals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May 2026, I electronically filed the foregoing

**MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART INC**. with the Clerk of

the Court using the CM/ECF System, which will send notification of such filing to the following:

> Thomas D. Briscoe
> Stephen Mouritsen
> Chad Pehrson
> KHN, LLP
> 50 W. Broadway 9th
> Salt Lake City, UT 84101
> tbriscoe@knh.law
> smouritsen@khn.law
> cpehrson@khn.law
>
> *Counsel for Plaintiff and Counter-Defendant*
> *Roxberry Licensing, LLC*

*/s/ Brittany Frandsen*
