# EXHIBIT A

Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and*
*Counter-Defendant*

---

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., a Delaware corporation, <br><br> Defendant and Counter-Claimant. | **NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES AND TO APPEAR FOR DEPOSITION** <br><br> Case No.   2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff/Counter-Defendant Roxberry Licensing,

LLC hereby provides notice of its intent to serve Defendant/Counter-Claimant Roxberry

Naturals, Inc. with a subpoena to produce documents, information, or objects or to permit

1

inspection of premises and to appear for deposition (the "**Subpoena**"). A courtesy copy of the

Subpoena has been served upon opposing counsel via email, along with a copy of this Notice.

DATED this 5th day of May 2026.

**KNH LLP**

*/s/Thomas D. Briscoe*
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I caused a true and correct copy of the foregoing

**NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES AND TO APPEAR FOR DEPOSITION** to be served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

David P. Johnson djohnson@wnlaw.com

Brittany Frandsen bfrandsen@wnlaw.com

*/s/Thomas D. Briscoe*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ROXBERRY LICENSING, LLC,**<br><br>Plaintiff and Counter-Defendant,<br><br>**v.**<br><br>**ROXBERRY NATURALS, INC.,**<br><br>Defendant and Counter-Claimant. | **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES AND TO APPEAR FOR DEPOSITION**<br><br>*(Fed. R. Civ. P. 45)*<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

**TO: Walmart Inc.**
c/o CT Corporation System (Registered Agent)
1108 East South Union Avenue
Midvale, Utah 84047

      **You Are Commanded,** pursuant to Federal Rule of Civil Procedure 45, to produce the documents, electronically stored information, and tangible things described in **Schedule A** attached hereto and incorporated herein, at the offices of KNH LLP, 50 West Broadway, Suite 900, Salt Lake City, Utah 84101, or by electronic production to a mutually agreeable secure file transfer platform designated by Plaintiff's counsel, **on or before 5:00 p.m. MDT on Friday, May 22, 2026**, and to permit inspection, copying, testing, or sampling of the material.

      **You Are Further Commanded**, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent to testify on Walmart Inc.'s behalf concerning the matters set forth in **Schedule B** attached hereto and incorporated herein, and to produce such witness(es) for deposition on **Tuesday, June 2, 2026, commencing at 9:00 a.m. MDT**, by remote videoconference (Zoom or Microsoft Teams) or, if Walmart prefers, at the offices of KNH LLP, 50 West Broadway, Suite 900, Salt Lake City, Utah 84101. The deposition will be taken before a duly authorized notary public or other officer qualified to administer oaths, and will be recorded by stenographic and/or videographic means.

      **DECLARATION IN LIEU OF DEPOSITION OPTION**: Consistent with Federal Rule

of Civil Procedure 45's emphasis on minimizing burden on non-parties, Plaintiff will accept a sworn declaration executed under 28 U.S.C. § 1746 from an appropriate Walmart representative addressing the topics in Schedule B, IN LIEU OF the Rule 30(b)(6) deposition, provided the declaration is executed and served on Plaintiff's counsel **on or before Friday, May 29, 2026**. If Walmart provides such a declaration and it reasonably addresses the topics in Schedule B, Plaintiff will withdraw the Rule 30(b)(6) deposition notice. A template declaration is provided with this subpoena attached hereto and incorporated herein as **Schedule C** for Walmart's convenience.

## DEFINITIONS

A.    "**ROXBERRY-branded Products**" means any goods marketed, listed, offered for sale, sold, distributed, shipped, or advertised under the designation "ROXBERRY," "Roxberry Naturals," or any confusingly similar variation, including without limitation sodas, fruit & veggie fizz products, and any private-label or co-branded versions.

B.    "**Relevant Time Period**" means September 1, 2024 through the date of production.

C.    "**Walmart**" or "**You**" means Walmart Inc. and any of its parents, subsidiaries, divisions, affiliates, and related entities involved in the sale, marketing, listing, fulfillment, or distribution of products, including without limitation Walmart U.S., LLC and Walmart.com. With respect to third-party marketplace sellers, this subpoena is limited to documents in Walmart's possession, custody, or control relating to such sellers.

D.    "**Communications**" means any transmission of information by any means, including without limitation emails, text messages, letters, memoranda, instant messages, voicemails, and electronic or digital communications of any kind.

E.    "**Documents**" shall be construed in the broadest sense permitted by Federal Rule of Civil Procedure 34 and includes all tangible and electronically stored information.

## SCOPE LIMITATION

This subpoena is narrowly tailored to documents, information, and testimony that are uniquely maintained by Walmart or that Plaintiff cannot reasonably obtain through party discovery from Roxberry Naturals, Inc. Plaintiff has intentionally excluded categories obtainable from Defendant (such as executed vendor agreements, vendor launch communications, and two-sided correspondence) and has focused on Walmart's internal retail data, internal deliberations, customer interactions, and merchandising practices. Plaintiff welcomes discussion regarding any further narrowing Walmart may propose.

The document requests in this subpoena, and the topics in Schedule B, are narrowly tailored to issues directly relevant to the pending Motion for Preliminary Injunction (Dkt. 16)

and are authorized by the parties' accelerated discovery agreement in the Stipulated Scheduling Order (Dkt. 29 § 3.c). Plaintiff's counsel welcomes direct contact from Walmart or its counsel to discuss the scope, timing, or logistics of compliance.

## OBJECTIONS

Any objections to this subpoena must be served on the undersigned counsel in writing within fourteen (14) days after service of the subpoena or before the time specified for compliance, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B).

## NOTICE OF RIGHTS AND DUTIES OF RESPONDING PERSON
### (Fed. R. Civ. P. 45(d) and (e))

The text of Federal Rule of Civil Procedure 45(d) and (e), setting forth the rights and duties of a person responding to a subpoena (including protections against undue burden, sanctions, contempt, and procedures for producing documents or electronically stored information), is attached to this subpoena as **Attachment 1**.

Dated: May 5, 2026

**KNH LLP**

*/s/ Thomas D. Briscoe*
Thomas D. Briscoe (16788)
Stephen C. Mouritsen (16523)
Chad Pehrson (12622)
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
(801) 994-4646
tbriscoe@knh.law
*Attorneys for Plaintiff Roxberry Licensing, LLC*

Page 3

**SCHEDULE A — DOCUMENTS TO BE PRODUCED**

**I.  WALMART-SPECIFIC RETAIL AND LISTING DATA**

1.  All documents sufficient to show consumer sell-through data (units scanned at point-of-sale) and consumer-level returns for each ROXBERRY-branded Product sold through Walmart stores or Walmart.com during the Relevant Time Period, broken down by individual store location where available, and by SKU/UPC and fulfillment method. This request seeks consumer-facing retail data uniquely maintained by Walmart and not reflected in vendor shipment records.

2.  All documents sufficient to show the date each ROXBERRY-branded Product was first added to Walmart's internal product catalog (Item Creation Date and Item Activation Date), and, if applicable, any date on which Walmart suspended, delisted, modified, or flagged any ROXBERRY-branded Product listing for trademark-related, regulatory, or brand-compliance reasons.

**II.  WALMART-CONTROLLED ADVERTISING, PLACEMENT, AND PROMOTIONAL MATERIALS**

3.  All documents sufficient to show Walmart-controlled advertising, promotional placements, planograms, shelf signage, end-cap displays, or in-store visual merchandising for ROXBERRY-branded Products in Walmart stores or on Walmart.com during the Relevant Time Period, including the placement location, duration, and cost (if available) of any such promotional activity, and including any third-party advertising (e.g., on MSN.com) coordinated, authorized, or paid for by Walmart. This request is limited to materials created by or uniquely in the possession of Walmart and does not seek materials created or supplied by Roxberry Naturals, Inc.

4.  All documents sufficient to show any sponsored search advertising, keyword bids, auction data, or product listing optimization onWalmart.com or any Walmart-controlled platform during the Relevant Time Period involving the term "Roxberry," "ROXBERRY," "juice," "smoothie," or related search terms. This request seeks Walmart Connect / Walmart advertising platform data uniquely maintained by Walmart.

**III. WALMART'S INTERNAL TRADEMARK-RELATED RECORDS AND COMMUNICATIONS**

5.  Documents and Communications sufficient to show Walmart's vendor-onboarding trademark and brand-clearance process for Roxberry Naturals, Inc., including any trademark search, prior-existing-mark review, brand-clearance analysis, or risk assessment performed or considered in connection with Walmart's onboarding of Roxberry Naturals, Inc. as a vendor or the launch of ROXBERRY-branded Products in Walmart stores or on Walmart.com.

6. All Communications between Walmart (including its vendor compliance, legal, or category-management personnel) and Roxberry Naturals, Inc. or its agents during the Relevant Time Period that specifically discuss: (i) any trademark or brand-clearance issue concerning the ROXBERRY name; (ii) any cease-and-desist, infringement, or trademark demand received by Walmart or Roxberry Naturals concerning ROXBERRY-branded Products; (iii) any decision or deliberation regarding the suspension, delisting, or modification of any ROXBERRY-branded Product listing for trademark-related reasons; or (iv) Roxberry Naturals, Inc.'s notification or disclosure to Walmart of this action (Roxberry Licensing, LLC v. Roxberry Naturals, Inc., Case No. 2:26-cv-00126-JNP-JCB (D. Utah)), including any representations by Roxberry Naturals concerning the merits, scope, or expected outcome of the action.

7. Documents and Communications sufficient to show Walmart's internal response to, review of, or consideration of the action identified above, including any internal assessment of the continuing sale of ROXBERRY-branded Products in light of the pending action.

8. This Section is narrowly tailored to Walmart's internal and vendor-facing trademark records, onboarding clearance records, and litigation-related Communications — categories of information uniquely maintained by Walmart and not obtainable from Defendant. Walmart's copies serve as an independent authentication and completeness safeguard for trademark- and litigation-related Communications.

**IV. <u>Planograms, Shelf Placement, And Category Assignment</u>**

9. All planograms, shelf-allocation documents, and internal category-assignment records showing the placement, category classification, aisle designation, department designation, and adjacency to other products for ROXBERRY-branded Products in Walmart stores during the Relevant Time Period, including any internal category labels (e.g., juice, soda, healthy beverages, kids' beverages, alternative beverages) applied by Walmart.

10. All documents sufficient to show the duration of any shelf placement, end-cap allocation, or promotional placement for ROXBERRY-branded Products in Walmart stores during the Relevant Time Period.

**V. <u>Personnel Identification And Search Protocol</u>**

11. A list or organizational chart sufficient to identify the Walmart employees — by name, title, and department — who (a) approved the onboarding of Roxberry Naturals as a vendor; (b) approved the launch of ROXBERRY-branded Products on Walmart.com or in Walmart stores; (c) managed the ROXBERRY-branded Product account on an ongoing basis; (d) received or responded to any trademark-related Communications concerning

ROXBERRY; or (e) conducted any internal brand-clearance or trademark risk review related to ROXBERRY-branded Products.

12. All documents sufficient to identify the Walmart employees or departments responsible for responding to trademark, brand name, or product listing complaints or inquiries in the ordinary course of Walmart's business.

13. A list of all custodians (by name, title, and department) whose electronically stored information Walmart searched in response to this subpoena, and all search terms used.

## PRODUCTION FORMAT

Documents shall be produced in native format where practicable (e.g., .xlsx for sales data; .msg or .eml for emails) or as single-page TIFF images with extracted text and metadata in a Concordance or Relativity-compatible load file. Spreadsheets and databases shall be produced in native format preserving formulas and filtering capabilities. All productions shall include a document index identifying each document by Bates number, date, author/sender, recipients, and custodian.

**SCHEDULE B — RULE 30(b)(6) DEPOSITION TOPICS**
(Or, in the alternative, topics addressed by declaration)

Plaintiff requests that Walmart designate one or more witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify concerning the matters identified below. In the alternative, and as set forth in the Cooperation Statement, Plaintiff is willing to accept a sworn declaration under 28 U.S.C. § 1746 addressing these topics in lieu of the Rule 30(b)(6) deposition.

## 1. FOUNDATION AND AUTHENTICATION

The declarant's or designee's identity, title, role, duration of employment at Walmart, personal knowledge of the matters addressed, and authentication of Walmart's business records pertaining to the topics in this Schedule as records maintained in the ordinary course of Walmart's regularly conducted business activities, satisfying Fed. R. Evid. 803(6) and 902(11).

## 2. SELL-THROUGH DATA, LAUNCH DATES, AND LISTING STATUS

Walmart's records of consumer sell-through, consumer-level returns, and store-level sales velocity for each ROXBERRY-branded Product sold through Walmart during the Relevant Time Period.

The dates on which ROXBERRY-branded Products first became available for sale (1) in Walmart stores, (2) on Walmart.com, and (3) on Walmart's marketplace platform.

The number of Walmart stores carrying ROXBERRY-branded Products as of the deposition or declaration date, and any suspension, delisting, modification, or annotation of any ROXBERRY-branded Product listing for trademark-related, regulatory, or brand-compliance reasons.

## 3. WALMART-CONTROLLED ADVERTISING, SPONSORED SEARCH, AND PAID MEDIA

Walmart-controlled advertising, promotional placements, and paid media for ROXBERRY-branded Products during the Relevant Time Period, including third-party advertising (such as on MSN.com) coordinated, authorized, or paid for by Walmart.

Any sponsored search advertising, keyword bids, or product-listing optimization on Walmart.com during the Relevant Time Period involving the terms "Roxberry," "ROXBERRY," "juice," "smoothie," or related search terms.

The search results served to consumers searching Walmart.com for the term "Roxberry" during the Relevant Time Period, including the volume of such queries and the products returned.

Page 1

4. **WALMART'S INTERNAL TRADEMARK-RELATED RECORDS AND COMMUNICATIONS**

Walmart's vendor-onboarding process for Roxberry Naturals, Inc., including (1) any trademark review, (2) any prior-existing-mark search, (3) any brand-clearance analysis, or (4) any risk assessment performed or considered in connection with Defendant's onboarding as a vendor or the launch of ROXBERRY-branded Products in Walmart stores or on Walmart.com. Communications between Walmart (including its vendor compliance, legal, and category-management personnel) and Roxberry Naturals, Inc. or its agents during the Relevant Time Period specifically discussing:

(a) any trademark or brand-clearance issue concerning the ROXBERRY name;

(b) any cease-and-desist, infringement, or trademark demand received by Walmart or Roxberry Naturals concerning ROXBERRY-branded Products;

(c) any decision or deliberation regarding the suspension, delisting, or modification of any ROXBERRY-branded Product listing for trademark-related reasons; or

(d) Roxberry Naturals, Inc.'s notification or disclosure to Walmart of this action, including any representations by Roxberry Naturals concerning the merits, scope, or expected outcome of the action, and any requests for Walmart's continued support, indemnification, or response.

Walmart's internal response to, review of, or consideration of Defendant's disclosure of this action, including any internal assessment of the continuing sale of ROXBERRY-branded Products in light of the pending action.

Walmart's internal processes and systems for receiving, reviewing, and responding to trademark-related and litigation-related vendor communications.

5. **PLANOGRAMS, SHELF PLACEMENT, AND CATEGORY ASSIGNMENT**

The product category classification(s) applied by Walmart to ROXBERRY-branded Products, including any internal category labels (for example, juice, soda, healthy beverages, kids' beverages, or alternative beverages).

The shelf placement, aisle designation, and department designation in Walmart stores for ROXBERRY-branded Products, and the identification of products shelved adjacent to or within the same category as ROXBERRY-branded Products.

The duration of any shelf placement, end-cap allocation, or promotional placement for ROXBERRY-branded Products in Walmart stores during the Relevant Time Period.

## 6.  PERSONNEL IDENTIFICATION AND ESI PROTOCOL

The identity and roles of Walmart employees, buyers, category managers, vendor compliance personnel, and legal personnel who onboarded, listed, managed, or communicated about ROXBERRY-branded Products during the Relevant Time Period.

The Walmart custodians whose electronically stored information Walmart searched in response to this Subpoena, and the search terms and methodologies used.

## 7.  SCOPE OF INQUIRY AND NULL-RESPONSE DISCLOSURE

If Walmart's records do not contain responsive information in any category above, the designee or declarant shall identify the specific systems, databases, or platforms searched, the search terms and methodologies used, any limitations on Walmart's ability to retrieve responsive information, and Walmart's standard retention policies for the categories of records at issue.

**SCHEDULE C — DECLARATION TEMPLATE**
*(Provided for Walmart Inc.'s convenience, in lieu of Rule 30(b)(6) deposition pursuant to 28 U.S.C. § 1746)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **ROXBERRY LICENSING, LLC,**<br><br>Plaintiff and Counter-Defendant,<br><br>**v.**<br><br>**ROXBERRY NATURALS, INC.,**<br><br>Defendant and Counter-Claimant. | **DECLARATION OF [NAME] ON BEHALF OF WALMART INC.** **Pursuant to 28 U.S.C. § 1746**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, [FULL NAME], declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 as follows:

**I. FOUNDATION, IDENTITY, AND AUTHENTICATION**

1.      I am over the age of 18 and competent to testify to the matters set forth in this Declaration. I make this Declaration based on my personal knowledge, my review of Walmart Inc.'s business records, and information obtained from Walmart Inc. employees with personal knowledge of the matters addressed.

2.      I am employed by Walmart Inc. as [TITLE], in the [DEPARTMENT]. I have been employed by Walmart Inc. since approximately [MONTH/YEAR]. My responsibilities include [BRIEF DESCRIPTION OF JOB DUTIES RELEVANT TO THE TOPICS ADDRESSED].

3.      In connection with this Declaration, I have reviewed Walmart Inc. business records concerning products sold under the name "Roxberry Naturals," including without limitation records relating to sales, product listings, advertising, planograms, vendor onboarding, internal communications, and trademark-related communications. The records I have reviewed are maintained by Walmart Inc. in the ordinary course of its regularly conducted business activities, were made at or near the time of the events recorded, were made by or from information transmitted by persons with knowledge of those events, and are kept by Walmart Inc. as a regular practice, consistent with the business records exception under Fed. R. Evid. 803(6) and 902(11).

4.      As used in this Declaration:

a.      "ROXBERRY-branded Products" means any goods marketed, listed, offered for sale, sold, distributed, shipped, or advertised through Walmart under the designation "ROXBERRY," "Roxberry Naturals," or any confusingly similar variation, including sodas, fruit and vegetable fizz products, frozen pops, and related SKUs.

b. "Relevant Time Period" means September 1, 2024 through the date of this Declaration.

c. "This Action" means *Roxberry Licensing, LLC v. Roxberry Naturals, Inc.*, Case No. 2:26-cv-00126-JNP-JCB, pending in the United States District Court for the District of Utah.

## II. SELL-THROUGH DATA, LAUNCH DATES, AND LISTING STATUS

5.      Based on Walmart Inc.'s internal product catalog and sales records, ROXBERRY-branded Products first became available for sale:

Page 2

a. **In Walmart stores:** [DATE]b. **On Walmart.com:** [DATE]c. **On Walmart's marketplace platform** (if applicable): [DATE or NOT APPLICABLE]

6.　　As of the date of this Declaration, ROXBERRY-branded Products are currently available for sale in approximately [NUMBER] Walmart stores nationwide and on Walmart.com.

7.　　Walmart's business records reflect the following aggregate sales data for ROXBERRY-branded Products during the Relevant Time Period:

a. Total unit sell-through (consumer point-of-sale): [NUMBER]b. Total consumer-level returns: [NUMBER]c. Number of Walmart stores with sell-through activity: [NUMBER]*[Alternative language if Walmart prefers to attach data as an exhibit: "The aggregated sell-through and returns data for ROXBERRY-branded Products during the Relevant Time Period is set forth in Exhibit A to this Declaration, which is a true and correct summary of Walmart's business records."]*

8.　　During the Relevant Time Period, Walmart [HAS / HAS NOT] suspended, delisted, modified, or annotated any ROXBERRY-branded Product listing for trademark-related, regulatory, or brand-compliance reasons. [IF APPLICABLE, DESCRIBE ANY SUCH SUSPENSION, DELISTING, MODIFICATION, OR ANNOTATION, INCLUDING THE DATE AND THE REASON.]

## III. WALMART-CONTROLLED ADVERTISING, SPONSORED SEARCH, AND PAID MEDIA

9.　　During the Relevant Time Period, Walmart [HAS / HAS NOT] undertaken advertising, promotional placements, or paid media for ROXBERRY-branded Products. [IF

APPLICABLE, DESCRIBE: the advertising platforms used (including any third-party platforms such as MSN.com); the placement location, duration, and cost; and whether the advertising was coordinated, authorized, or paid for by Walmart.]

10.      During the Relevant Time Period, ROXBERRY-branded Products [HAVE / HAVE NOT] been the subject of sponsored search advertising, keyword bidding, or paid placement on Walmart.com. [IF APPLICABLE, DESCRIBE: whether sponsored search or keyword bidding has targeted the terms "Roxberry," "ROXBERRY," "Roxberry juice," "Roxberry smoothie," "juice," or "smoothie," and the scope and duration of such bidding.]

11.      Based on Walmart's search log analytics for the Relevant Time Period:

a. Consumer searches on Walmart.com for the term "Roxberry" totaled approximately [NUMBER] queries.b. Consumer searches for "Roxberry juice" totaled approximately [NUMBER] queries.c. Consumer searches for "Roxberry smoothie" totaled approximately [NUMBER] queries.d. When consumers searched Walmart.com for the term "Roxberry" during the Relevant Time Period, the search results returned [ONLY ROXBERRY-BRANDED PRODUCTS / ROXBERRY-BRANDED PRODUCTS AND OTHER PRODUCTS — DESCRIBE].

## IV. WALMART'S INTERNAL TRADEMARK-RELATED RECORDS AND COMMUNICATIONS

12.      **Vendor Onboarding Trademark Review.** Walmart's vendor-onboarding process for Roxberry Naturals, Inc. included [DESCRIBE:

a. any trademark review performed;

b. any prior-existing-mark search conducted;

c. any brand-clearance analysis conducted;

d. any risk assessment performed;

e. the individual(s) or department(s) responsible for such review— OR STATE: "Walmart's vendor onboarding process did not include a trademark-specific review beyond verification of Defendant's federal trademark registration; Walmart relies on vendor representations and warranties regarding trademark rights."]

13. **Trademark-Related Communications with Roxberry Naturals.** During the Relevant Time Period, Walmart engaged in the following trademark-related communications with Roxberry Naturals, Inc. or its agents:

**[DESCRIBE COMMUNICATIONS, QUOTE VERBATIM WHERE SIGNIFICANT, INCLUDING DATE AND SUBJECT MATTER, OR STATE "NONE"; IF COMMUNICATIONS EXIST, ATTACH AS EXHIBIT B]**

14. **Defendant's Disclosure of This Action.** Walmart [RECEIVED / DID NOT RECEIVE] a formal or informal notification from Roxberry Naturals, Inc. regarding This Action.

[IF APPLICABLE, DESCRIBE:

a. the date of disclosure;

b. the person(s) at Roxberry Naturals, Inc. who initiated the communication;

c. the person(s) at Walmart who received the communication;

d. the content or characterization of This Action provided by Roxberry Naturals, Inc., including any representations concerning the merits, scope, or expected outcome of This Action;

e. any requests for Walmart's continued support, indemnification, or response;

f. any Walmart response to the disclosure; and

g. any subsequent updates or communications regarding This Action. IF RECORDS OF THE DISCLOSURE EXIST, ATTACH REPRESENTATIVE EXAMPLES AS EXHIBIT C.]

15. **Walmart's Internal Response to This Action.** During the Relevant Time Period, Walmart [HAS / HAS NOT] conducted any internal review, risk assessment, or deliberation concerning This Action or the continued sale of ROXBERRY-branded Products in light of This Action.

[IF APPLICABLE, DESCRIBE: the nature and scope of such review; the individuals or departments involved; and any conclusions or actions taken.]

16. **Listing Modifications.** During the Relevant Time Period, Walmart [HAS / HAS NOT] communicated with Roxberry Naturals, Inc. regarding the suspension, delisting, or modification of any ROXBERRY-branded Product listing for trademark-related reasons.

[IF APPLICABLE, DESCRIBE.]

**V. PLANOGRAMS, SHELF PLACEMENT, AND CATEGORY ASSIGNMENT**

17. Walmart's internal product catalog assigns ROXBERRY-branded Products to the following product category or categories: [LIST CATEGORIES — for example, "Kids' Beverages," "Juice Alternatives," "Functional Beverages," "Fruit-Based Beverages"].

18. In Walmart stores, ROXBERRY-branded Products are typically placed in the following aisle(s) and section(s): [DESCRIBE AISLE AND SECTION — for example, "the beverage aisle, within the juice and functional beverage sections"].

19. Products typically shelved adjacent to or within the same category as ROXBERRY-branded Products include: [DESCRIBE — for example, "juice boxes, other kids' beverages, fruit-based beverages, and similar functional beverage products"].

20. The duration of shelf placement, end-cap allocation, or promotional placement for ROXBERRY-branded Products in Walmart stores during the Relevant Time Period is as follows: [DESCRIBE OR ATTACH AS EXHIBIT D].

21. Attached as **Exhibit D** to this Declaration are true and correct copies of representative planograms depicting the placement of ROXBERRY-branded Products in Walmart stores during the Relevant Time Period. [IF CONFIDENTIAL, ATTACH UNDER THE PARTIES' STIPULATED PROTECTIVE ORDER.]

**VI. PERSONNEL IDENTIFICATION AND ESI PROTOCOL**

22. The following Walmart employees had responsibility for onboarding, listing, managing, or communicating about ROXBERRY-branded Products during the Relevant Time Period:

    a. [NAME, TITLE, DEPARTMENT] — [ROLE AND RESPONSIBILITY]

    b. [NAME, TITLE, DEPARTMENT] — [ROLE AND RESPONSIBILITY]

    c. [NAME, TITLE, DEPARTMENT] — [ROLE AND RESPONSIBILITY]

23. In connection with this Declaration, Walmart searched the electronically stored information of the following custodians:

    a. [NAME, TITLE, DEPARTMENT]

    b. [NAME, TITLE, DEPARTMENT]

    c. [NAME, TITLE, DEPARTMENT]

24.     The search terms and methodologies used included: [DESCRIBE SEARCH TERMS, INCLUDING "Roxberry," "Roxberry Naturals," "Roxberry Juice," and any other terms used; describe the systems and databases searched; describe any date range or filtering applied].

## VII. SCOPE OF SEARCH AND AUTHENTICATION

25.     If any section of this Declaration reflects that Walmart did not find responsive records, such absence reflects the results of Walmart's reasonable search of the following systems and databases: [LIST SYSTEMS AND DATABASES SEARCHED, such as vendor onboarding records, vendor compliance email archives, legal department communications, Brand Portal records, sales data systems, planogram systems, and search log analytics]. Walmart's records retention policies provide that [DESCRIBE RETENTION PERIODS FOR RELEVANT CATEGORIES OF RECORDS]. Walmart's customer interaction and vendor communication systems capture [DESCRIBE SCOPE OF WHAT WALMART'S SYSTEMS TYPICALLY CAPTURE]. Walmart's systems have the following limitations relevant to the search conducted in connection with this Declaration: [DESCRIBE ANY KNOWN LIMITATIONS].

26.     The documents attached to this Declaration as Exhibits A through [D] are true and correct copies of business records maintained by Walmart Inc. in the ordinary course of its regularly conducted business activities, made at or near the time of the events recorded, by persons with knowledge of those events, and kept by Walmart Inc. as a regular practice within the meaning of Fed. R. Evid. 803(6) and 902(11).

27.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

## NOTES FOR WALMART'S COMPLIANCE TEAM
*(To accompany the template as a separate instruction sheet)*

**Purpose.** This template is provided to minimize the burden on Walmart in responding to the enclosed Rule 30(b)(6) deposition notice. If Walmart executes and returns this Declaration (or a modified version Walmart prefers) on or before **Friday, May 29, 2026**, Plaintiff will withdraw the deposition notice.**How to Use This Template.**

1. This template is provided for Walmart's convenience. Walmart may use this format, modify it, or substitute its own preferred declaration format.

2. Fill in all blanks denoted by [BRACKETS] based on Walmart's business records and the declarant's personal knowledge.

3. Where a paragraph contains alternative language (for example, "HAS / HAS NOT"), the declarant should strike the inapplicable alternative and retain the applicable one.

4. Where Walmart's response is "NONE" or "NOT APPLICABLE," the declarant should so state rather than omit the paragraph.

5. If any topic requires response at a level of detail Walmart considers disproportionate to the PI hearing, please contact Plaintiff's counsel to discuss narrowing.

6. Exhibits should be attached to the Declaration in the ordinary course. If any exhibit contains commercially sensitive information, please contact Plaintiff's counsel to enter a stipulated protective order before production.

7. The Declaration should be executed by a Walmart representative with personal knowledge of the matters addressed, or with authority to speak on behalf of Walmart under Fed. R. Civ. P. 30(b)(6). Common roles include:
   - Vendor Compliance Manager
   - Category Manager (for the beverages or kids' beverages category)
   - Legal Department representative (for trademark-related topics)
   - Subpoena Compliance Analyst
   - Custodian of Records

8. The Declaration should be executed under penalty of perjury pursuant to 28 U.S.C. § 1746.

9. Please direct any questions concerning this template, the enclosed subpoena, or any aspect of Walmart's response to:
   **Thomas D. Briscoe,** KNH LLP 50 West Broadway, Suite 900 Salt Lake City, Utah 84101 Direct: (801) 994-4646 x347 Email: tbriscoe@knh.law. We will respond to any communications within one business day.

**Attachment 1**

**Federal Rule of Civil Procedure 45(d) and (e).**

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)    At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)    fails to allow a reasonable time to comply;

(ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

       (iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

       (iv)     subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       (i)     disclosing a trade secret or other confidential research, development, or commercial information; or

       (ii)     disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

       (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

       (ii)     ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)    expressly make the claim; and

(ii)    describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.