Thomas D. Briscoe (16788)
Stephen C. Mouritsen (16523)
Chad S. Pehrson (12622)
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and Counter-Defendant Roxberry Licensing, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC., a Delaware corporation,<br><br>    Defendant and Counter-Claimant. | **DECLARATION OF THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART INC.**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Chief Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, Thomas D. Briscoe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a partner at the law firm KNH LLP and am lead counsel of record for Plaintiff and Counter-Defendant Roxberry Licensing, LLC in the above-captioned action. I am a member in good standing of the Bar of the State of Utah (Bar No. 16788) and am admitted to practice

1

before this Court. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently to the matters stated herein.

2.      I submit this Declaration in support of Plaintiff's Opposition to Defendant's Motion to Quash Plaintiff's Subpoena to Walmart Inc. (Dkt. 39).

3.      Attached hereto as **Exhibit 1** is a true and correct composite copy of (a) Plaintiff's Notice of Intent to Serve Subpoena to Walmart Inc., (b) the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action directed to Walmart Inc. (the "**Subpoena**"), and (c) Schedules A, B, and C to the Subpoena. These documents are the operative documents Defendant moves to quash and are the same documents filed with the Court on May 5, 2026 at Docket Entry 39-1.

4.      The Subpoena was issued by my office on May 5, 2026, and the Notice of Intent to Serve was filed with the Court on the same date (Dkt. 39-1). The Subpoena identifies a document return date of May 22, 2026, and a deposition date of June 2, 2026. The Subpoena was issued to Walmart Inc. through its registered agent for service of process in the State of Utah, CT Corporation System, located in Midvale, Utah.

5.      As of the date of this Declaration, Plaintiff has not served the Subpoena on Walmart Inc. or its registered agent. Service has been held pending resolution of Defendant's Motion to Quash.

6.      Walmart Inc. has not filed any objection to the Subpoena with this Court or with the issuing party, and Walmart Inc. has not moved to quash, modify, or limit the Subpoena.

7.      Walmart Inc. has not communicated with me or, to my knowledge, with any other attorney at KNH LLP regarding the Subpoena. No representative of Walmart Inc. has contacted

my office to discuss the Subpoena's scope, timing, or logistics of compliance, or to raise any concern about its requests.

8.      Plaintiff drafted the Subpoena to be limited to documents, information, and testimony uniquely maintained by Walmart Inc. and that Plaintiff cannot reasonably obtain through party discovery directed to Defendant Roxberry Naturals, Inc. The Subpoena's Scope Limitation paragraph (Ex. 1 at 6) expressly states this limitation. Plaintiff intentionally excluded from the Subpoena categories of documents and information that are obtainable from Defendant, including executed vendor agreements between Defendant and Walmart Inc., vendor launch communications, and two-sided correspondence between Defendant and Walmart Inc.

9.      To minimize burden on Walmart Inc., the Subpoena offers Walmart Inc. an option to respond to the deposition topics identified in Schedule B by sworn declaration executed under 28 U.S.C. § 1746, using a declaration template attached to the Subpoena as Schedule C. The Subpoena expressly invites Walmart Inc. to confer with Plaintiff's counsel regarding the scope, timing, or logistics of compliance, including any proposal to further narrow the requests. (Ex. 1 at 6–7.)

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2026, at Salt Lake City, Utah.

*/s/ Thomas D. Briscoe*
Thomas D. Briscoe

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, I caused to be filed a true and correct copy of the foregoing **DECLARATION OF THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART INC.** via the Court's CM/ECF system, which also effectuated service on all counsel of record.

*/s/Thomas D. Briscoe*

4