Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and*
*Counter-Defendant*

---

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>ROXBERRY NATURALS, INC., a Delaware corporation,<br><br>    Defendant and Counter-Claimant. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Roxberry Licensing, LLC ("**Roxberry**"), pursuant to Rule 65 and DUCivR 7-1, respectfully moves the Court for leave to file two supplemental declarations in support of its pending Motion for Preliminary Injunction (Dkt. 16): (1) the Supplemental Decl. of Brad Davis (the "**Davis Supplemental Declaration**"); and (2) the Decl. of Aaron Hoff (the "**Hoff Declaratio**n") (together, the "**Supplemental Declarations**"), copies of which are submitted

1

herewith.

The Davis Supplemental Declaration authenticates and addresses events that occurred *after* Plaintiff filed its reply in support of the Motion—principally two public press releases issued by Defendant on April 27, 2026 and May 14, 2026, and related correspondence reflecting third-party confusion. And the Hoff Declaration provides corroborating first-hand testimony of consumer confusion from a Roxberry Juice Co. franchise partner. Plaintiff offers both declarants for live testimony at the June 5, 2026 evidentiary hearing and submits the Supplemental Declarations now—four days in advance—so that Defendant and the Court have full notice of their substance. Good cause supports the requested leave, and Defendant will suffer no prejudice. Plaintiff does not seek to expand the issues before the Court or to continue the hearing.

## BACKGROUND

Plaintiff filed its Motion for Preliminary Injunction on March 20, 2026 (Dkt. 16), supported by the declarations of Brad Davis (Dkt. 17), Craig Romney, and Phil Case. Defendant filed its response on April 10, 2026 (Dkt. 26), and Plaintiff filed its reply on April 17, 2026 (Dkt. 30). On April 20, 2026, the Court set an evidentiary hearing on the Motion for June 5, 2026 (Dkt. 31). The Motion is otherwise fully briefed.

Since Plaintiff filed its reply, Defendant has publicly announced continued and accelerating expansion of its use of the ROXBERRY name, and additional evidence bearing on the likelihood of confusion and irreparable harm has come to light.

2

**ARGUMENT**

**I.      The Court Has Broad Discretion to Consider Supplemental Evidence at the Preliminary-Injunction Stage.**

A preliminary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Consistent with that principle, district courts have broad discretion to consider supplemental declarations and evidence in connection with a pending preliminary-injunction motion, particularly where—as here—the evidence postdates the parties' briefing and the Court has set an evidentiary hearing at which live testimony is expressly contemplated (Dkt. 31).

Submitting the Supplemental Declarations in advance of the hearing also serves the orderly presentation of evidence. Of course a party should have the opportunity to respond to new materials. By filing now—four days before the hearing—Plaintiff provides Defendant exactly that opportunity.

**II.     The Davis Supplemental Declaration Addresses Events That Occurred After Briefing Closed.**

The Davis Supplemental Declaration supplements the original declaration of the same declarant (Dkt. 17) and authenticates evidence that did not exist when Plaintiff filed its reply on April 17, 2026. Specifically, it addresses: (a) a press release issued by Defendant through PR Newswire on April 27, 2026, announcing Defendant's launch in H-E-B stores and its use of the ROXBERRY name standing alone; (b) a press release issued by Defendant through PR Newswire on May 14, 2026, announcing a major funding round, an additional 50% increase in store count,

3

and accelerating national expansion; and (c) related correspondence, including an April 28, 2026 unsolicited email from a third party congratulating Mr. Davis on Defendant's retail launches as though they were Plaintiff's.

Each of these items postdates the close of briefing, and the press releases are Defendant's own public statements. This evidence is directly relevant to the likelihood-of-confusion and irreparable-harm factors and to Plaintiff's reverse-confusion theory: it shows that Defendant has continued—and, by its own account, intends to accelerate—its use of the ROXBERRY name.

## III.  Mr. Hoff will Testify at Friday's Hearing; The Declaration is Offered Here to Provide Advance Notice.

Aaron Hoff is a Roxberry Juice Co. franchise partner in St. George, Utah. His declaration describes two customer interactions at his location in which customers appeared to confuse Defendant's retail products with Plaintiff's brand. Plaintiff will call Mr. Hoff as a live witness at the June 5 hearing, and submits his declaration in advance to help ensure that Defendant has a full and fair opportunity to prepare its cross-examination.

## IV.    Defendant Will Suffer No Prejudice.

Granting leave will not prejudice Defendant. Plaintiff files this Motion four days before the hearing, affording Defendant notice of the substance of both declarations. Both declarants will be available for cross-examination at the hearing. The documentary evidence authenticated by the Davis Supplemental Declaration consists predominantly of Defendant's own public statements. And Plaintiff does not seek to broaden the issues, add new claims, or continue the hearing—only to ensure that the Court has a complete and current evidentiary record on the questions already before it. Any residual concern can be addressed through cross-examination and argument at the

hearing.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Supplemental Declaration of Brad Davis and the Declaration of Aaron Hoff.

DATED this 1st day of June, 2026.

KNH LLP

*/s/ Thomas D. Briscoe*
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson
*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 1, 2026, I caused to be filed a true and correct copy of the

foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL**

**DECLARATIONS IN SUPPORT OF  ITS MOTION FOR PRELIMINARY**

**INJUNCTION** via the Court's CM/ECF system, which also effectuated service on all counsel of

record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Brittany Frandsen bfrandsen@wnlaw.com

David P. Johnson djohnson@wnlaw.com

*/s/Thomas D. Briscoe*