Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and*
*Counter-Defendant*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., a Delaware corporation, <br><br> Defendant and Counter-Claimant. | **DECLARATION OF AARON HOFF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> Case No.   2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

I, Aaron Hoff, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over the age of eighteen, of sound mind, and competent to testify to the matters set forth herein. I make this Declaration based on my personal knowledge, except where otherwise noted, and if called as a witness, I would testify truthfully consistent with the statements below.

2.      I reside in St. George, Utah. I am a franchise partner with Roxberry Juice Co., operating the Roxberry Juice Co. franchise location in St. George, Utah.

1

3.      I operate my St. George location under a franchise agreement with Roxberry Juice Co. that allows me to use the Roxberry name and marks at my location.

4.      In my role as franchise partner, I am personally involved in the day-to-day operations of the St. George Roxberry Juice Co. location, including direct interactions with customers at the drive-thru window and front counter.

5.      On approximately March 17 or 18, 2026, a customer in the drive-thru of my St. George location ordered while asking me whether we had "the Roxberry kids' juices" in stock.

6.      I thought she meant a smaller size of one of our fresh-pressed juices, so I told her 16 ounces was the smallest size we sell.

7.      The customer interrupted to clarify her request. She said, in substance, "no, like the ones you sell in the stores."

8.      I told her that, as far as I knew, we did not sell anything in stores. It seemed to me she thought Roxberry-branded products she had seen in a store were ours.

9.      Approximately one week later, a second customer came into my St. George location. She told me that she had recently moved to the area and was glad we were located there. She then said, in substance, "it looks like you guys are going big time now that you are in Wal-Mart."

10.      I told her we were not connected to any other Roxberry products I was aware of. It sounded to me like she thought the Roxberry products at Walmart were ours.

11.      After the second customer, I went online and searched for "Roxberry Wal-Mart" to figure out what these customers were talking about. The search turned up Roxberry-branded

products, including cans of soda, sold at Walmart and online. I have since learned those products are made by Roxberry Naturals, Inc.

12.    Prior to these customer interactions and my subsequent online search, I had not been aware of Roxberry Naturals, Inc. or its products.

13.    On March 30, 2026, Brad Davis sent franchise partners, including me, an email titled "Trademark – Roxberry." He wrote that a company called Roxberry Naturals was selling a soda at Walmart called "Roxberry Fizz for Kids," that Roxberry Licensing had filed suit to protect the Roxberry trademark, and that he wanted franchise partners to report any customer comments, questions, or confusion involving Roxberry soda. A true and correct copy of that email is attached as **Exhibit L**.

14.    Both of the customer interactions I have described had happened within about two weeks before I received Mr. Davis's March 30, 2026 email. When I read his email, I realized the two questions I had gotten from customers were exactly the kind of thing he was asking franchise partners to report.

15.    On April 10, 2026, I sent Brad Davis an email describing what both customers had said to me. A true and correct copy of that email is attached as **Exhibit M**.

16.    Both of these customer interactions struck me as unusual at the time. I had never had a customer ask whether we sold our juices in other stores, and here two customers within about a week each seemed to think we had products on shelves somewhere in stores other than the Roxberry Juice Co. stores and that we had expanded into selling kids' juice or soda at places like Walmart.

17.     Mr. Davis replied the next day, April 11, 2026. He thanked me and said he would probably follow up to put what I had described into a form that could be used in this case.

18.     I am not being paid or otherwise compensated for providing this Declaration or for any anticipated testimony at the preliminary injunction hearing in this matter. I have no financial interest in the outcome of this litigation beyond my ordinary interests as a Roxberry Juice Co. franchise partner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of May, 2026.

*/s/ Aaron Hoff*
Aaron Hoff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2026, I caused to be filed a true and correct copy of the foregoing **SUPPLEMENTAL DECLARATION OF AARON HOFF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** via the Court's CM/ECF system, which also effectuated service on all counsel of record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Brittany Frandsen bfrandsen@wnlaw.com

David P. Johnson djohnson@wnlaw.com

*/s/Thomas D. Briscoe*