Thomas D. Briscoe (16788)
Stephen C. Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and
Counter-Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., a Delaware corporation, <br><br> Defendant and Counter-Claimant. | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> Case No.  2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

Plaintiff Roxberry Licensing, LLC ("**Plaintiff**"), pursuant to Rule 201 of the Federal Rules of Evidence, respectfully requests that the Court take judicial notice of two records of the United States Patent and Trademark Office ("**USPTO**") in connection with Plaintiff's Motion for Preliminary Injunction [Dkt. 16] and the evidentiary hearing scheduled for June 5, 2026. In support of this Request, Plaintiff states as follows:

### I.  LEGAL STANDARD

1.    Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact

1

that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

2.    Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as those that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(d) provides that the court "may take judicial notice at any stage of the proceeding." Under Rule 201(c), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Instructure, Inc. v. Canvas Techs., Inc.*, No. 221CV00454DAKCMR, 2022 WL 43829, at *18 (D. Utah Jan. 5, 2022).

3.    Records of the USPTO are official records of a federal agency, are publicly available through the USPTO's Trademark Status and Document Retrieval database ("**TSDR**") at https://tsdr.uspto.gov, and are sources whose accuracy cannot reasonably be questioned. Federal courts routinely take judicial notice of USPTO trademark application and registration records, including filing dates, application status, goods and services descriptions, and prosecution history. Plaintiff requests judicial notice of the existence and contents of the two USPTO records identified below — not of the truth of any disputed matter.

## II.   RECORDS FOR WHICH JUDICIAL NOTICE IS REQUESTED

Plaintiff requests that the Court take judicial notice of the following two USPTO records:

**A.  The FIZZBERRY Application (U.S. Serial No. 99749260)**

4.    The first record is the USPTO TSDR record for U.S. Trademark Application Serial No. 99749260, a true and correct copy of which is attached as **Exhibit JN-A**. The record reflects the following:

(a)   The mark is the standard character word mark FIZZBERRY;

(b)   The application was filed on April 7, 2026;

(c)   The applicant and owner of record is Roxberry Naturals, Inc., the Defendant in this action;

(d)   The application was filed on a Section 1(b) intent-to-use basis;

(e)   The goods identified in the application are "Dietary and nutritional supplements; Dietary supplemental drinks," in International Class 005;

(f)   The application status is "LIVE/APPLICATION/Awaiting Examination"; and

(g)   The attorney of record for the application is Samantha M. Quimby of FBT Gibbons LLP.

**B.   The Abandoned ROXBERRY Word Mark Application (U.S. Serial No. 98/863,067)**

5.   The second record is the USPTO TSDR record for U.S. Trademark Application Serial No. 98/863,067, a true and correct copy of which is attached as **Exhibit JN-B**. The record reflects the following:

(a)   The mark is the standard character word mark ROXBERRY;

(b)   The application was filed on November 20, 2024;

(c)   The applicant of record is Roxberry Naturals, Inc., the Defendant in this action;

(d)   The goods identified in the application are "Dietary and nutritional supplements; Dietary supplemental drinks," in International Class 005;

(e)   The USPTO issued an Office Action on May 21, 2025 refusing registration under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), based on a likelihood of confusion with Plaintiff's Registration No. 5,495,492; and

(f)   The application was abandoned on November 24, 2025.

### III.  THE NOTICED RECORDS ARE RELEVANT TO THE PRELIMINARY INJUNCTION ANALYSIS

6.    The two USPTO records are relevant to the preliminary injunction analysis, including the balance of equities and the question of whether any voluntary change in Defendant's conduct eliminates the need for injunctive relief. The records reflect that the goods identified in Defendant's pending FIZZBERRY application — "Dietary and nutritional supplements; Dietary supplemental drinks" in International Class 005 — are the same goods identified in Defendant's earlier ROXBERRY word mark application, which the USPTO refused on likelihood-of-confusion grounds and which was abandoned in November 2025.

7.    Plaintiff offers these records as matters of public record, not for the truth of any disputed matter. Plaintiff reserves its arguments regarding the significance of the records for its memorandum and for oral argument. Defendant's filing of the FIZZBERRY application is undisputed and is established by the public USPTO record itself.

### IV.  CONCLUSION

8.    For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice under Federal Rule of Evidence 201 of the two USPTO records attached as Exhibits JN-A and JN-B, and of the facts reflected therein as described above.

DATED this 2nd day of June, 2026.

**KNH LLP**

*/s/ Thomas D. Briscoe*
Thomas D. Briscoe
Stephen C. Mouritsen
Chad Pehrson

*Attorneys for Plaintiff and*
*Counter-Defendant Roxberry Licensing, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2026, I caused to be filed a true and correct copy of the foregoing **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** via the Court's CM/ECF system, which also effectuated service on all counsel of record. The following have been served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

Brittany Frandsen bfrandsen@wnlaw.com

David P. Johnson djohnson@wnlaw.com


*/s/Thomas D. Briscoe*