# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ROXBERRY LICENSING, LLC**,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>**ROXBERRY NATURALS, INC.**<br><br>Defendant and Counter-Plaintiff | **STIPULATED PRELIMINARY INJUNCTION**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and in further response to Plaintiff/Counter-Defendant Roxberry Licensing, LLC's ("Roxberry Licensing" and/or "Plaintiff") Motion for Preliminary Injunction [Dkt. 16], Plaintiff Roxberry Licensing and Defendant/Counter-Plaintiff Roxberry Naturals, Inc. ("Roxberry Naturals" and/or "Defendant") (collectively, the "Parties") do hereby agree and stipulate to the following:

1.     By no later than July 1, 2026, Defendant shall notify in writing its retail distributors that its products bearing the ROXBERRY name or mark are being discontinued and that they are no longer authorized to distribute, offer for sale, or sell such products after August 1, 2026; and

2.     By no later than August 15, 2026, Defendant shall cease and discontinue any and all use(s) of the ROXBERRY mark — including the word mark ROXBERRY and its ROXBERRY design mark in the advertising, promotion, distribution, and/or sale of its goods and services, subject to the sell-through of any remaining current inventory, which sales must be completed no later than October 1, 2026.  Any such sell-through sales shall be treated as any other sales for purposes of determining damages, if any, during this litigation proceeding;

1

3.      By no later than July 1, 2026, Defendant shall disable and discontinue any commercial use of the domain name "getroxberry.com"; and

On the basis of the foregoing stipulation, the Parties jointly request that the Court vacate the hearing on Plaintiff's Motion for Preliminary Injunction [Dkt. 16], currently scheduled to be held on June 5, 2026.  Defendant notes that the basis for this stipulation is primarily grounded in its commercial considerations, rather than the determination of any legal issues.  By entering into this Stipulation, Defendant admits no liability or wrongdoing, and Plaintiff waives no claims or remedies. Any and all claims, defenses, and related arguments held and asserted by the Parties are expressly reserved.

Upon entry of this Order, the Parties jointly request that the Court vacate the evidentiary hearing scheduled for June 5, 2026 [Dkt. 31]. Plaintiff's pending Motion for Preliminary Injunction [Dkt. 16] shall be deemed resolved by this stipulation.

**KNH LLP**

/s/ _Thomas D. Briscoe_____
Thomas D. Briscoe
*Attorneys for Plaintiff and Counter-Defendant Roxberry Licensing, LLC*

**FBT GIBBONS LLP**

/s/ __Aaron T. Brogdon_____
Aaron T. Brogdon
*Attorneys for Defendant and Counter-Claimant Roxberry Naturals, Inc.*

**ORDER**

Based on the foregoing stipulation of the Parties, and good cause appearing, IT IS SO ORDERED.

_____
Hon. Jill N. Parrish
United States District Judge