Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law

*Attorneys for Plaintiff and*
*Counterclaim Defendant*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., a Delaware corporation, <br><br> Defendant and Counterclaim Plaintiff. | **PLAINTIFF'S SHORT FORM MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION CONCERNING SALES AND VOLUME DATA (INTERROGATORY NO. 4 AND REQUESTS FOR PRODUCTION NOS. 1–10)** <br><br> Case No.   2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

Plaintiff Roxberry Licensing, LLC ("**Plaintiff**") moves under Federal Rule of Civil Procedure 37(a) and DUCivR 37-1 for an order compelling Defendant Roxberry Naturals, Inc. ("**Defendant**") to supplement its response to Interrogatory No. 4 and to respond to and produce documents responsive to Requests for Production Nos. 1 through 10. Each seeks the same

1

information—Defendant's ROXBERRY-branded sales and volume data—which the Court already ordered produced and which bears on Defendant's profits, the willfulness and scale of its infringing use, and Plaintiff's harm before entry of the Stipulated Preliminary Injunction Order.

**Relief requested.** Plaintiff asks the Court to order Defendant, within fourteen days, to: (a) serve a complete, verified supplemental answer to Interrogatory No. 4, or identify by Bates number the specific records on which it relies under Rule 33(d); and (b) serve responses to and produce documents responsive to RFP Nos. 1 through 10.

**1. The Scheduling Order already ordered this data.** The Scheduling Order's accelerated-discovery provision required Defendant to produce gross and net revenue, units sold by SKU, and distribution agreements by June 13, 2026. (Dkt. 29.) Defendant produced nothing by that date. That order is independent of the request-count dispute and resolves this motion by itself.

**2. The Interrogatory No. 4 response is deficient.** Interrogatory No. 4 seeks Defendant's revenue for ROXBERRY-branded products over a defined period, with standard business breakdowns—quarterly, by channel, and Walmart-specific SKU/UPC and fulfillment data. (**Ex. B**.) Defendant invoked Rule 33(d) but identified no documents and produced none. Rule 33(d) permits answering by reference to business records only where the party specifies the records in sufficient detail to permit location and the burden of ascertaining the answer is substantially the same for both parties. A bare promise to produce documents "sufficient to demonstrate" unspecified annual revenue, unaccompanied by any production, satisfies neither Rule 33(d) nor the interrogatory. An evasive or incomplete answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

**3. The blanket numerosity refusal to the RFPs is improper.** Defendant declined to

respond to any of the ten Requests for Production, asserting a single objection that the requests contain roughly forty-five subparts and exceed the thirty-request limit. (**Ex. A**.) The objection fails for two independent reasons. First, the Scheduling Order limits the number of "requests"; it contains no "discrete subparts" language, unlike Rule 33(a)(1) for interrogatories. Ten numbered requests count as ten, well within the limit. Second, even accepting Defendant's count, a party must answer up to the limit, not refuse all of them. Defendant's global refusal to produce anything is, in substance, a non-response.

**Certification of conferral.** Counsel conferred under DUCivR 37-1(a). Plaintiff identified the Interrogatory No. 4 deficiency in writing on June 9, 2026. The parties met and conferred by telephone on June 15, 2026, at 1:00 p.m. MDT (Thomas D. Briscoe for Plaintiff; Aaron T. Brogdon for Defendant). Plaintiff followed up in writing on June 18, 2026, requesting a date certain for production. The dispute remains unresolved.

DATED this 22nd day of June 2026.

**KNH LLP**

/s/Thomas D. Briscoe_____
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson

*Attorneys for Plaintiff and Counterclaim Defendant Roxberry Licensing, LLC*

3

**CERTIFICATE OF COMPLIANCE**

Pursuant to DUCivR 37-1, the undersigned certifies that the body of this motion contains 493 words, excluding the caption, signature block, and this certificate, and therefore complies with the 500-word limit.

/s/Thomas D. Briscoe
Thomas D. Briscoe

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of June 2026, I caused the foregoing **PLAINTIFF'S SHORT FORM MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION CONCERNING SALES AND VOLUME DATA (INTERROGATORY NO. 4 AND REQUESTS FOR PRODUCTION NOS. 1–10)** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Thomas D. Briscoe*