# EXHIBIT A

# TO

# PLAINTIFF'S SHORT FORM MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION CONCERNING SALES AND VOLUME DATA (INTERROGATORY NO. 4 AND REQUESTS FOR PRODUCTION NOS. 1–10)

Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
smouritsen@knh.law
cpehrson@knh.law
*Attorneys for Plaintiff and*
*Counter-Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, | **PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT (PHASE 1)** |
| Plaintiff and Counter-Defendant, | |
| v. | Case No.   2:26-cv-00126-JNP-JCB |
| ROXBERRY NATURALS, INC., a Delaware corporation, | Judge Jill N. Parrish |
| Defendant and Counter-Claimant. | Magistrate Judge Jared C. Bennett |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's

Scheduling Order (Dkt. 29), Plaintiff Roxberry Licensing, LLC ("**Plaintiff**"), by and through its

undersigned counsel, hereby serves the following First Set of Requests for Production to

Defendant (Phase 1) ("**Requests**"). These Requests are served under the Court's Phase 1

accelerated discovery framework as set forth in Dkt. 29 § 3(c). Roxberry Naturals, Inc.

("**Defendant**") shall serve a written response to these requests, and produce all responsive

documents and electronically stored information, within thirty (30) days of service in accordance

with Federal Rule of Civil Procedure 34(b)(2)(A) and the Court's Scheduling Order.

1

These Requests are within the Phase 1 subject areas enumerated in Dkt. 29 §§ 3(b) and 3(c), are structured to be proportionate to the substantive issues at stake under Federal Rule of Civil Procedure 26(b)(1), are coordinated with the parties' agreed search-term and custodian framework for electronically stored information, and are tied to specific factual and legal Preliminary Injunction (Dkt. 16).

## DEFINITIONS

The following deinitions shall apply to these Requests:

1. **"Plaintiff"** means Roxberry Licensing, LLC and all of its officers, directors, employees, agents, attorneys, representatives, predecessors, successors, parents, subsidiaries, affiliates, and any other person or entity acting on its behalf.

2. **"Defendant," "You," or "Your"** means Roxberry Naturals, Inc. and all of its officers, directors, employees, agents, attorneys, representatives, predecessors, successors, parents, subsidiaries, affiliates, and any other person or entity acting on its behalf.

3. **"Document" or "Documents"** means any writing, recording, or other tangible thing within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A), including without limitation electronically stored information ("**ESI**") in any form (including emails, text messages, instant messages, Slack or Teams messages, calendar entries, contact records, files in cloud storage, files on local devices, and metadata associated with any of the foregoing). The term includes drafts and non-identical copies.

4. **"Communication"** means any transmission, transfer, or exchange of information, ideas, or opinions, whether oral, written, or electronic, between or among any persons or entities, including without limitation correspondence, emails, text messages, instant messages,

2

voicemails, recorded calls, meeting minutes, notes of meetings or conversations, presentations, and any other documents reflecting or memorializing a communication.

5.    **"Concerning," "Regarding," "Relating To," or "Reflecting"** means in whole or in part: discussing, describing, mentioning, addressing, referring to, identifying, evidencing, demonstrating, comprising, constituting, containing, embodying, evaluating, summarizing, analyzing, supporting, contradicting, refuting, or in any way logically or factually connected with the subject matter referenced.

6.    **"ROXBERRY Mark"** means Plaintiff's ROXBERRY trademark, including U.S. Trademark Reg. No. 5,495,492 and any common-law rights in the ROXBERRY name, mark, or brand identifier.

7.    **"Defendant's Trademark Applications"** means U.S. Trademark Reg. No. 7,739,892 (the ROXBERRY design mark, registered March 25, 2025), U.S. Trademark App. Ser. No. 98/863,067 (the abandoned ROXBERRY word mark), and U.S. Trademark App. Ser. No. 99/749,260 (the FIZZBERRY word mark, filed April 7, 2026), individually and collectively.

8.    **"Office Action"** means the United States Patent and Trademark Office Office Action issued May 21, 2025, refusing registration of U.S. Trademark App. Ser. No. 98/863,067 under Section 2(d) of the Lanham Act based on a likelihood of confusion with Plaintiff's ROXBERRY Mark, and any subsequent Office Actions issued in connection with Defendant's Trademark Applications.

9.    **"Cease-and-Desist Letter"** means the cease-and-desist correspondence sent by KB&A Kunzler Bean & Adamson on behalf of Plaintiff to Defendant on or about January 20, 2026, demanding that Defendant cease all use of the ROXBERRY name and mark.

10.     **"FIZZBERRY Application"** means U.S. Trademark App. Ser. No. 99/749,260, filed by Defendant on or about April 7, 2026, for the FIZZBERRY word mark.

11.     **"Relevant Time Period"** means the time period applicable to each Request as set forth in the Instructions below, generally tracking the two-tier date range set forth in Plaintiff's May 12, 2026 ESI proposal letter.

12.     **"Including"** means "including without limitation" and shall not be construed as limiting any Request.

### INSTRUCTIONS

1.     **Relevant Time Period.** Unless a specific Request specifies otherwise, the Relevant Time Period for each Request is January 1, 2022 to the present, consistent with the date range applicable to Defendant's custodian records under Plaintiff's May 12, 2026 ESI proposal letter. For Requests concerning Defendant's Trademark Applications (Requests 1, 2, and 4), the Relevant Time Period extends back to the earliest application or pre-application clearance activity, but in no event earlier than January 1, 2022.

2.     **Document Production Format.** Documents shall be produced in their original electronic format with all metadata preserved, in accordance with the Sedona Conference Principles for Electronic Document Production. ESI shall be produced consistent with the iterative empirical hit-count protocol set forth in Section IV of Plaintiff's May 12, 2026 ESI proposal letter and the parties' agreed search-term and custodian framework. Documents not in electronic format shall be produced as searchable PDFs.

3.     **Privilege Log.** If You withhold any Document responsive to any Request on the basis of attorney-client privilege, work-product doctrine, or any other privilege, You shall

produce a privilege log compliant with Federal Rule of Civil Procedure 26(b)(5)(A) and DUCivR 26-2, identifying for each withheld Document: (a) the date; (b) the author(s); (c) all recipients; (d) the subject matter; (e) the specific privilege or doctrine asserted; and (f) sufficient additional information for Plaintiff to assess the privilege claim.

4.      **Supplementation.** Pursuant to Federal Rule of Civil Procedure 26(e), You are under a continuing obligation to supplement Your responses if You learn that any response is incomplete or incorrect or if You acquire or generate additional responsive Documents after Your initial production.

5. **Objections.** If You object to all or any portion of a Request, You shall: (a) state the specific basis for the objection; (b) identify the specific Documents being withheld pursuant to the objection; (c) produce all Documents responsive to the unobjected-to portion of the Request; and (d) preserve all Documents within the scope of the objection pending resolution of any dispute regarding the objection.

6. **Custodians.** Document collection shall be performed across the custodians agreed by the parties pursuant to Dkt. 29 ¶ 3(d)(3) and as set forth in the parties' ESI proposal correspondence. Plaintiff reserves the right to seek production from additional custodians upon a showing of relevance and proportionality under Federal Rule of Civil Procedure 26(b)(1).

7. **Identification of Persons.** When a Request requires identification of a person, You shall provide the person's full name, last known address, last known telephone number, last known email address, current or former position and title, dates of employment with Defendant (if applicable), and the substantive subject matter of the person's relevant knowledge.

8. **Confidentiality.** To the extent any responsive Document contains information that

Defendant in good faith deems confidential, commercially sensitive, or otherwise subject to protection, Defendant shall produce such Document subject to any protective order entered by the Court. The parties have not yet entered into a stipulated protective order; Plaintiff is amenable to entering into such an order on terms consistent with the model protective order from this District.

9. **Phase 1 Designation.** These Requests are served as part of Phase 1 discovery under Dkt. 29 § 3(c). Plaintiff reserves the right to serve additional Requests in Phase 2 following the Court's ruling on Plaintiff's Motion for Preliminary Injunction.

10. **Search-Term Coordination.** Plaintiff acknowledges and agrees that Documents responsive to these Requests will be identified through the parties' agreed search-term and custodian framework as set forth in the parties' ESI proposal correspondence. Nothing in these Requests limits Defendant's obligation to produce Documents identified through such search-term and custodian framework or through other reasonable inquiries Defendant may conduct.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning Defendant's adoption, selection, clearance, or pre-adoption investigation of the ROXBERRY name, mark, or brand identifier, including without limitation:

    a. All trademark searches, knockout searches, clearance searches, and similar pre-adoption investigations of the ROXBERRY name or mark;

    b. All clearance opinions or memoranda prepared by or for Defendant concerning the ROXBERRY name or mark;

6

c. All Communications between Defendant and any outside trademark counsel concerning the availability or registrability of the ROXBERRY name or mark prior to Defendant's adoption thereof;

d. All Documents reflecting Defendant's decision to adopt the ROXBERRY name or mark, including any business case, brand strategy, or selection rationale documents;

e. All Documents reflecting Defendant's knowledge, awareness, or investigation of Plaintiff's prior use of the ROXBERRY Mark prior to or contemporaneous with Defendant's adoption of the ROXBERRY name or mark; and

f. All Documents reflecting any consideration of alternative names or marks by Defendant before adopting the ROXBERRY name or mark.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning Defendant's Trademark Applications, including:

a. All Documents concerning the filing, prosecution, and maintenance of U.S. Trademark Reg. No. 7,739,892 (the ROXBERRY design mark);

b. All Documents concerning the filing, prosecution, and abandonment of U.S. Trademark App. Ser. No. 98/863,067 (the abandoned ROXBERRY word mark);

c. All Documents concerning the filing and prosecution of U.S. Trademark App. Ser. No. 99/749,260 (the FIZZBERRY word mark);

d. All Documents concerning the May 21, 2025 Office Action, including Defendant's analysis of the Office Action, Defendant's decision whether to respond, and any draft or final response to the Office Action;

e.  All Documents reflecting Defendant's decision to abandon U.S. Trademark App. Ser. No. 98/863,067 on or about November 24, 2025;

f.  All Documents reflecting Defendant's selection of the International Class designations for Defendant's Trademark Applications, including any analysis of class selection considerations and strategy;

g.  All Communications between Defendant and outside trademark counsel concerning Defendant's Trademark Applications, the Office Action, the International Class designations selected for Defendant's Trademark Applications, or any related prosecution decisions.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning the Cease-and-Desist Letter and Defendant's response thereto, including:

a.  All Communications reflecting Defendant's receipt of the Cease-and-Desist Letter and Defendant's initial internal response;

b.  All Documents and Communications reflecting Defendant's analysis, evaluation, or assessment of the Cease-and-Desist Letter or the claims asserted therein;

c.  All Documents reflecting any decision by Defendant whether to respond or not respond to the Cease-and-Desist Letter, including any draft responses prepared but not sent;

d.  All Documents and Communications concerning Defendant's decision to expand distribution into Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, or any other retailer after Defendant's receipt of the Cease-and-

Desist Letter;

e.  All Documents reflecting any internal discussion of the litigation risk arising from the Cease-and-Desist Letter or from continued use of the ROXBERRY name or mark; and

f.  All Communications between Defendant and outside trademark counsel concerning the Cease-and-Desist Letter or the post-Cease-and-Desist Letter expansion decisions.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the FIZZBERRY Application and any rebranding or alternative-brand planning, including:

a.  All Documents concerning the conception, development, selection, clearance, and filing of the FIZZBERRY Application;

b.  All Documents reflecting the timing of the FIZZBERRY Application relative to the filing of Plaintiff's Complaint (March 26, 2026) and the filing of Plaintiff's Motion for Preliminary Injunction (March 21, 2026);

c.  All Documents reflecting any consideration by Defendant of alternative or backup brand names, marks, or product identifiers for Defendant's current ROXBERRY-branded products;

d.  All Documents reflecting any rebranding scenarios, rebrand cost analyses, or rebrand timeline assessments;

e.  All Documents reflecting the relationship between the FIZZBERRY name and the existing "Roxberry Fizz for Kids" product line, including any documents discussing brand architecture continuity between the products; and

9

    f.   All Communications between Defendant and outside trademark counsel concerning the FIZZBERRY Application or any rebranding strategy.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning Defendant's distribution agreements, retail relationships, and shelf-placement investments, including:

    a.   All distribution agreements, supplier agreements, and retailer agreements between Defendant and Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, and any other retailer carrying or considering carrying Defendant's ROXBERRY-branded products;

    b.   Documents reflecting Defendant's material retail placement investments for ROXBERRY-branded products, including the existence and approximate value of slotting fees, listing fees, and co-op advertising payments, sufficient to permit Plaintiff to assess the scope of Defendant's retail-channel investments;

    c.   All Documents reflecting shelf placement, planogram, and category management arrangements for Defendant's ROXBERRY-branded products;

    d.   All press releases, trade-press communications, and public announcements by Defendant concerning the expansion of Defendant's ROXBERRY-branded products into new retail channels; and

    e.   All Documents reflecting Defendant's strategic planning for retail expansion of the ROXBERRY-branded product line.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning Defendant's marketing, advertising, and

branding agency engagement, including:

    a. Documents reflecting Defendant's marketing and advertising budgets and total spend for ROXBERRY-branded products on an annual and quarterly basis, including allocation across major channels;

    b. All Documents and Communications concerning the engagement of Red Antler (or any other branding or design agency) for branding, design, packaging, or marketing services related to Defendant's ROXBERRY-branded products, including engagement letters, creative briefs, design deliverables, presentation decks, and invoices;

    c. All Documents concerning sponsored search, paid search, and digital advertising campaigns using the ROXBERRY term or related keywords, including campaign briefs, keyword lists, spend reports, and performance metrics;

    d. All Documents concerning influencer engagement, social media campaigns, and content marketing related to Defendant's ROXBERRY-branded products;

    e. All creative briefs, brand briefs, brand books, brand standards, and branding strategy materials concerning Defendant's ROXBERRY-branded products; and

    f. All Documents reflecting Defendant's use of hashtags (including #roxberry, #roxberryjuice, #getroxberry, or similar) in marketing campaigns and social media engagement.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents reflecting the scope of Defendant's commercial activities under the ROXBERRY name, sufficient to permit Plaintiff to assess the relative market presence of Plaintiff and

Defendant, including:

    a.  Defendant's gross revenue from sales of ROXBERRY-branded products by year and by retail channel (including Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, and other retailers);

    b.  Defendant's units sold of ROXBERRY-branded products by year and by retail channel;

    c.  Defendant's total marketing and advertising expenditures on ROXBERRY-branded products by year; and

    d.  Documents reflecting the scope of Defendant's retail presence for ROXBERRY-branded products, including geographic markets, store count, and shelf placement positions.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications reflecting actual or potential consumer confusion concerning the source, sponsorship, affiliation, endorsement, or origin of Defendant's ROXBERRY-branded products in relation to Plaintiff or Plaintiff's ROXBERRY Mark, including:

    a.  All consumer inquiries, customer service correspondence, and customer support tickets reflecting potential confusion concerning the source, sponsorship, or affiliation of Defendant's ROXBERRY-branded products;

    b.  Documents reflecting social media mentions, posts, comments, and direct messages received by Defendant or its agents that reflect potential confusion concerning the source, sponsorship, or affiliation of Defendant's ROXBERRY-branded products;

c. Documents reflecting references to Defendant's ROXBERRY-branded products in search engines, AI platforms (including Google AI Mode, Grok, ChatGPT, or similar), or other consumer-facing information services identified by Defendant in its routine brand-monitoring activities and reflecting potential confusion;

d. All third-party communications, including communications from retailers, distributors, suppliers, journalists, or trade-press contacts, reflecting potential confusion concerning Defendant's ROXBERRY-branded products;

e. All Documents concerning consumer research, brand awareness studies, market research, or focus groups concerning Defendant's ROXBERRY-branded products, including studies addressing brand recognition, brand attribution, or source identification; and

f. All Documents reflecting consumer feedback, correspondence, or third-party communications arising from Defendant's discussions or activities concerning NASCAR sponsorship, promotion, or marketing of ROXBERRY-branded products, including any communications involving Andrew Demorest, Brand Labs Group, Whitney Poma, or Walmart retail placement.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting Defendant's engagement of outside trademark counsel, limited to non-privileged materials, including:

a. Engagement letters and engagement materials between Defendant and any outside trademark counsel concerning matters related to Defendant's ROXBERRY-branded products or Defendant's Trademark Applications;

b.  Conflict-of-interest disclosures provided by outside trademark counsel to Defendant in connection with the engagement;

c.  Billing invoices, billing statements, and time records from outside trademark counsel to Defendant concerning matters related to Defendant's ROXBERRY-branded products or Defendant's Trademark Applications, with substantive narratives redacted as necessary to preserve privilege; and

d.  Identifications of the outside trademark counsel attorneys and personnel who performed services for Defendant in connection with Defendant's ROXBERRY-branded products or Defendant's Trademark Applications.

*To the extent that any documents responsive to this Request are withheld on the basis of attorney-client privilege or work-product doctrine, Defendant shall provide a privilege log compliant with Instruction No. 3 above identifying such documents.*

### REQUEST FOR PRODUCTION NO. 10:

Documents and Communications concerning Defendant's planning, development, or marketing of products beyond the currently-marketed "Roxberry Fizz for Kids" sparkling canned beverages, including:

a.  Documents reflecting Defendant's product roadmap, product pipeline, or product-development plans under the ROXBERRY name for product categories beyond Defendant's current sparkling canned beverage line, including but not limited to snacks, drink mixes, powders, gummies, or frozen products;

b.  Documents concerning the "Fruit & Veggie Drink Mix" product line referenced on getroxberry.com (including at the collection page /collections/fruit-veggie-drink-

14

mix), including product-development plans, formulations, packaging concepts, and launch timelines;

c.  Documents concerning the "snacks" product line referenced on getroxberry.com (including the homepage reference to Defendant's "delicious, nutrient-rich drinks and snacks that kids love and parents can encourage"), including product-development plans, formulations, packaging concepts, and launch timelines;

d.  Communications between Defendant and any retailer (including Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, or other retailers) concerning Defendant's planned expansion into product categories beyond sparkling canned beverages;

e.  Communications between Defendant and any branding, marketing, or design agency (including Red Antler) concerning Defendant's planned expansion into product categories beyond sparkling canned beverages;

f.  Strategic-planning materials, board presentations, investor communications, and executive-level documents reflecting Defendant's plans for product-line expansion under the ROXBERRY name.

DATED: May 13, 2026

**KNH LLP**

*/s/Thomas D. Briscoe*
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson

*Attorneys for Plaintiff and Counter-Defendant
Roxberry Licensing, LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, I caused a true and correct copy of the foregoing

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT**

**(PHASE 1)** to be served via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

David P. Johnson djohnson@wnlaw.com

Brittany Frandsen bfrandsen@wnlaw.com

*/s/Andrea Coats*

16

**DEFENDANTS OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

David P. Johnson (USB No. 13260)
*djohnson@wnlaw.com*
Brittany Frandsen (USB No. 16051)
*bfrandsen@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Aaron T. Brogdon
*abrogdon@fbtgibbons.com*
FBT GIBBONS LLP
10 W. Broad St., Ste 2300
Columbus, OH 43215
Telephone: (614) 559-7262

*Attorneys for Defendant Roxberry Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>    Defendant and Counter-Claimant. | Case No. 2:26-cv-00126-JNP<br><br>**DEFENDANT ROXBERRY NATURALS, INC.'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Roxberry Naturals, Inc. ("Roxberry Naturals" or "Defendant") hereby objects to the First Set of Requests for Document Production ("Requests") propounded by Roxberry Licensing, LLC ("Plaintiff") in the above-captioned action (the "Action").

Plaintiff's Requests for Production exceed the numerical limit of 30 imposed by the Court (Dkt. 29 at 10), and Defendant objects to the Requests in their entirety on that basis.

1

Counting all distinct requests, Plaintiff has propounded a total of approximately 45 requests for production. By asserting this global objection and declining to provide request-specific responses or objections, Defendant does not waive—and expressly preserves—any additional objections that may apply to any individual request, including but not limited to objections based on relevance, proportionality, overbreadth, undue burden, vagueness, ambiguity, privilege, work-product protection, confidentiality, or any other applicable ground.

To preserve its numerosity objection, Defendant is not responding to any of the requests for production at this time. *See Moreno v. Schindler Elevator Corp.*, 2019 WL 4543222, at *2 (D. Utah Sept. 19, 2019) (concluding that defendant waived its subparts objection by responding to some of plaintiff's requests).

Defendant identifies below the subparts it believes constitute separate requests. These descriptions are not intended to be comprehensive but rather to demonstrate the distinct subject areas sought by each subpart and to provide Plaintiff with the option of re-drafting its discovery requests to conform with the discovery limitations imposed in this case.

**RESPONSES AND OBJECTIONS
TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications concerning Defendant's adoption, selection, clearance, or pre-adoption investigation of the ROXBERRY name, mark, or brand identifier, including without limitation:

A. All trademark searches, knockout searches, clearance searches, and similar pre-adoption investigations of the ROXBERRY name or mark;

B. All clearance opinions or memoranda prepared by or for Defendant concerning the ROXBERRY name or mark;

2

C. All Communications between Defendant and any outside trademark counsel concerning the availability or registrability of the ROXBERRY name or mark prior to Defendant's adoption thereof.

D. All Documents reflecting Defendant's decision to adopt the ROXBERRY name or mark, including any business case, brand strategy, or selection rationale documents;

E. All Documents reflecting Defendant's knowledge, awareness, or investigation of Plaintiff's prior use of the ROXBERRY Mark prior to or contemporaneous with Defendant's adoption of the ROXBERRY name or mark; and

F. All Documents reflecting any consideration of alternative names or marks by Defendant before adopting the ROXBERRY name or mark.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of five separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

3

1. Subparts A and B seek trademark searches, knockout searches, clearance searches, or clearance opinions prepared by or for Defendant.

2. Subpart C seeks Defendant's communications with outside trademark counsel concerning the availability or registrability of the ROXBERRY mark or name.

3. Subpart D seeks documents reflecting Defendant's business-based decision to adopt the mark or an alternative mark.

4. Subpart E seeks documents reflecting Defendant's knowledge or awareness of Plaintiff's use of the ROXBERRY mark or name.

5. Subpart F seeks documents reflecting Defendant's consideration of consideration of alternative names or marks.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications concerning Defendant's Trademark Applications, including:

A. All Documents concerning the filing, prosecution, and maintenance of U.S. Trademark Reg. No. 7,739,892 (the ROXBERRY design mark);

B. All Documents concerning the filing, prosecution, and abandonment of U.S. Trademark App. Ser. No. 98/863,067 (the abandoned ROXBERRY word mark);

C. All Documents concerning the filing and prosecution of U.S. Trademark App. Ser. No. 99/749,260 (the FIZZBERRY word mark);

D. All Documents concerning the May 21, 2025 Office Action, including Defendant's analysis of the Office Action, Defendant's decision whether to respond, and any draft or final response to the Office Action;

4

E.  All Documents reflecting Defendant's decision to abandon U.S. Trademark App. Ser. No. 98/863,067 on or about November 24, 2025;

F.  All Documents reflecting Defendant's selection of the International Class designations for Defendant's Trademark Applications, including any analysis of class selection considerations and strategy;

G.  All Communications between Defendant and outside trademark counsel concerning Defendant's Trademark Applications, the Office Action, the International Class designations selected for Defendant's Trademark Applications, or any related prosecution decisions.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of four separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1.  Subparts A and F seek documents concerning the filing and prosecution of the ROXBERRY design mark.

5

2.  Subparts B, D, E, and F seek documents concerning the filing, prosecution, and abandonment of the ROXBERRY word mark.

3.  Subparts C and F seek documents concerning the filing and prosecution of the FIZZBERRY word mark.

4.  Subpart G seeks communications between Defendant and outside trademark counsel concerning its trademark applications or any related prosecution decisions.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications concerning the Cease-and-Desist Letter and Defendant's response thereto, including:

A.  All Communications reflecting Defendant's receipt of the Cease-and-Desist Letter and Defendant's initial internal response;

B.  All Documents and Communications reflecting Defendant's analysis, evaluation, or assessment of the Cease-and-Desist Letter or the claims asserted therein;

C.  All Documents reflecting any decision by Defendant whether to respond or not respond to the Cease-and-Desist Letter, including any draft responses prepared but not sent;

D.  All Documents and Communications concerning Defendant's decision to expand distribution into Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, or any other retailer after Defendant's receipt of the Cease-and-Desist Letter;

E.  All Documents reflecting any internal discussion of the litigation risk arising from the Cease-and-Desist Letter or from continued use of the ROXBERRY name or mark; and

6

F.  All Communications between Defendant and outside trademark counsel concerning the Cease-and-Desist Letter or the post-Cease-and-Desist Letter expansion decisions.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of three separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1.  Subparts A, B, C, and E seek documents and communications reflecting Defendant's internal evaluation of the substance of Plaintiff's cease-and-desist letter including Defendant's decision on whether to respond to the letter.

2.  Subpart D seeks documents and communications concerning Defendant's decision to expand into certain retailers following the cease-and-desist letter.

3.  Subpart F seeks Defendant's communications with outside trademark counsel regarding 1) the cease-and-desist letter and 2) whether to expand into certain retailers.

7

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications concerning the FIZZBERRY Application and any rebranding or alternative-brand planning, including:

A. All Documents concerning the conception, development, selection, clearance, and filing of the FIZZBERRY Application;

B. All Documents reflecting the timing of the FIZZBERRY Application relative to the filing of Plaintiff's Complaint (March 26, 2026) and the filing of Plaintiff's Motion for Preliminary Injunction (March 21, 2026);

C. All Documents reflecting any consideration by Defendant of alternative or backup brand names, marks, or product identifiers for Defendant's current ROXBERRY-branded products;

D. All Documents reflecting any rebranding scenarios, rebrand cost analyses, or rebrand timeline assessments;

E. All Documents reflecting the relationship between the FIZZBERRY name and the existing "Roxberry Fizz for Kids" product line, including any documents discussing brand architecture continuity between the products; and

F. All Communications between Defendant and outside trademark counsel concerning the FIZZBERRY Application or any rebranding strategy.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of five separate requests. For purposes of this objection only, Defendant identifies the following discrete subject

8

matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1. Subparts A and B seek documents concerning the conception, development, selection, filing, and timing of Defendant's FIZZBERRY application.

2. Subpart C seeks documents reflecting Defendant's consideration of alternative brand names.

3. Subpart D seeks documents reflecting Defendant's consideration of rebranding scenarios, rebrand cost analyses, or rebrand timeline assessments.

4. Subpart E seeks documents showing the relationship between FIZZBERRY and the existing "Roxberry Fizz for Kids" product.

5. Subpart F seeks communications between Defendant and its outside trademark counsel about 1) the FIZZBERRY application or 2) rebranding.

**REQUEST FOR PRODUCTION NO. 5**: All Documents and Communications concerning Defendant's distribution agreements, retail relationships, and shelf-placement investments, including:

A. All distribution agreements, supplier agreements, and retailer agreements between Defendant and Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club,

9

Albertsons, Amazon, and any other retailer carrying or considering carrying Defendant's ROXBERRY-branded products;

B. Documents reflecting Defendant's material retail placement investments for ROXBERRY-branded products, including the existence and approximate value of slotting fees, listing fees, and co-op advertising payments, sufficient to permit Plaintiff to assess the scope of Defendant's retail-channel investments;

C. All Documents reflecting shelf placement, planogram, and category management arrangements for Defendant's ROXBERRY-branded products;

D. All press releases, trade-press communications, and public announcements by Defendant concerning the expansion of Defendant's ROXBERRY-branded products into new retail channels; and

E. All Documents reflecting Defendant's strategic planning for retail expansion of the ROXBERRY-branded product line.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of four separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this

10

Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1. Subpart A seeks distribution, supplier, and retailer agreements between Defendant and certain retailers that either carry or were considering carrying Defendant's products.

2. Subparts B and C seek Defendant's investments into retail placement including slotting fees, listing fees, and co-op advertising fees and documents showing the shelf placement, planogram, and category management arrangements for Defendant's product.

3. Subpart D seeks press releases and public announcements made by Defendant concerning its expansion into new retail channels.

4. Subpart E seeks documents showing Defendant's internal business strategies for retail expansion of its product line.

**REQUEST FORPRODUCTION NO. 6:** All Documents and Communications concerning Defendant's marketing, advertising, and branding agency engagement, including:

A. Documents reflecting Defendant's marketing and advertising budgets and total spend for ROXBERRY-branded products on an annual and quarterly basis, including allocation across major channels;

B. All Documents and Communications concerning the engagement of Red Antler (or any other branding or design agency) for branding, design, packaging, or marketing services related to Defendant's ROXBERRY-branded products, including engagement letters, creative briefs, design deliverables, presentation decks, and invoices;

11

C.  All Documents concerning sponsored search, paid search, and digital advertising campaigns using the ROXBERRY term or related keywords, including campaign briefs, keyword lists, spend reports, and performance metrics;

D.  All Documents concerning influencer engagement, social media campaigns, and content marketing related to Defendant's ROXBERRY-branded products;

E.  All creative briefs, brand briefs, brand books, brand standards, and branding strategy materials concerning Defendant's ROXBERRY-branded products; and

F.  All Documents reflecting Defendant's use of hashtags (including #roxberry, #roxberryjuice, #getroxberry, or similar) in marketing campaigns and social media engagement.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of five separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

12

1. Subpart A seeks documents showing Defendant's marketing and advertising budgets and its total spending.

2. Subpart B seeks documents and communications about and from Defendant's engagement with branding agencies.

3. Subpart C seeks documents about Defendant's digital advertising campaigns including sponsored and paid search.

4. Subparts D and F seek documents about Defendant's influencer engagement and social media campaigns including its use of hashtags.

5. Subpart E seeks all of Defendant's brand briefs, books, and branding strategy manuals concerning its ROXBERRY-branded products (not limited to those produced by a branding agency).

**REQUEST FOR PRODUCTION NO. 7**: All Documents reflecting the scope of Defendant's commercial activities under the ROXBERRY name, sufficient to permit Plaintiff to assess the relative market presence of Plaintiff and Defendant, including:

A. Defendant's gross revenue from sales of ROXBERRY-branded products by year and by retail channel (including Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, and other retailers);

B. Defendant's units sold of ROXBERRY-branded products by year and by retail channel;

C. Defendant's total marketing and advertising expenditures on ROXBERRY-branded products by year; and

13

D.  Documents reflecting the scope of Defendant's retail presence for ROXBERRY-branded products, including geographic markets, store count, and shelf placement positions.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of three separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1.  Subparts A and B seek sales information for Defendant's ROXBERRY-branded products including gross revenue and units sold.

2.  Subpart C seeks Defendant's total marketing and advertising expenses on Roxberry-branded products by year.

3.  Subpart D seeks documents showing the presence and geographic scope of Defendant's retail presence including 1) store count and geographic markets, and 2) shelf placement positions.

14

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting actual or potential consumer confusion concerning the source, sponsorship, affiliation, endorsement, or origin of Defendant's ROXBERRY-branded products in relation to Plaintiff or Plaintiff's ROXBERRY Mark, including:

A.  All consumer inquiries, customer service correspondence, and customer support tickets reflecting potential confusion concerning the source, sponsorship, or affiliation of Defendant's ROXBERRY-branded products;

B.  Documents reflecting social media mentions, posts, comments, and direct messages received by Defendant or its agents that reflect potential confusion concerning the source, sponsorship, or affiliation of Defendant's ROXBERRY-branded products;

C.  Documents reflecting references to Defendant's ROXBERRY-branded products in search engines, AI platforms (including Google AI Mode, Grok, ChatGPT, or similar), or other consumer-facing information services identified by Defendant in its routine brand-monitoring activities and reflecting potential confusion;

D.  All third-party communications, including communications from retailers, distributors, suppliers, journalists, or trade-press contacts, reflecting potential confusion concerning Defendant's ROXBERRY-branded products;

E.  All Documents concerning consumer research, brand awareness studies, market research, or focus groups concerning Defendant's ROXBERRY-branded products, including studies addressing brand recognition, brand attribution, or source identification; and

15

F. All Documents reflecting consumer feedback, correspondence, or third-party communications arising from Defendant's discussions or activities concerning NASCAR sponsorship, promotion, or marketing of ROXBERRY-branded products, including any communications involving Andrew Demorest, Brand Labs Group, Whitney Poma, or Walmart retail placement.

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of four separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1. Subparts A, B, and D seek documents (for example: customer support tickets, customer inquiries, correspondence, social media posts, social media comments, social media messages, press releases, or retailer communications) reflecting confusion among consumers or retailers.

2. Subpart C seeks documents reflecting confusion among search engine responses or AI output.

16

3. Subpart E seeks documents reflecting consumer brand attribution, brand awareness, or source identification obtained through research, studies, or focus groups.

4. Subpart F seeks documents reflecting consumer feedback, correspondence, or communication related to Defendant's NASCAR sponsorship.

**REQUEST FOR PRODUCTION NO. 9:** Documents reflecting Defendant's engagement of outside trademark counsel, limited to non-privileged materials, including:

A. Engagement letters and engagement materials between Defendant and any outside trademark counsel concerning matters related to Defendant's ROXBERRY-branded products or Defendant's Trademark Applications;

B. Conflict-of-interest disclosures provided by outside trademark counsel to Defendant in connection with the engagement;

C. Billing invoices, billing statements, and time records from outside trademark counsel to Defendant concerning matters related to Defendant's ROXBERRY-branded products or Defendant's Trademark Applications, with substantive narratives redacted as necessary to preserve privilege; and

D. Identifications of the outside trademark counsel attorneys and personnel who performed services for Defendant in connection with Defendant's ROXBERRY-branded products or Defendant's Trademark Applications.

*To the extent that any documents responsive to this Request are withheld on the basis of attorney-client privilege or work-product doctrine, Defendant shall provide a privilege log compliant with Instruction No. 3 above identifying such documents.*

17

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of four separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1. Subpart A seeks engagement letters and engagement materials between Defendant and outside trademark counsel.

2. Subpart B seeks conflict of interest disclosures provided by outside trademark counsel.

3. Subpart C seeks billing invoices, billing statements, and time records from outside trademark counsel.

4. Subpart D seeks the identification of the outside trademark counsel attorneys and personnel who worked on Defendant's trademark applications or performed services in connection with Defendant's ROXBERRY-branded products.

**REQUEST FOR PRODUCTION NO. 10:** Documents and Communications concerning Defendant's planning, development, or marketing of products beyond the currently-marketed "Roxberry Fizz for Kids" sparkling canned beverages, including:

18

A.  Documents reflecting Defendant's product roadmap, product pipeline, or product-development plans under the ROXBERRY name for product categories beyond Defendant's current sparkling canned beverage line, including but not limited to snacks, drink mixes, powders, gummies, or frozen products;

B.  Documents concerning the "Fruit & Veggie Drink Mix" product line referenced on getroxberry.com (including at the collection page /collections/fruit-veggie-drink-mix), including product-development plans, formulations, packaging concepts, and launch timelines;

C.  Documents concerning the "snacks" product line referenced on getroxberry.com (including the homepage reference to Defendant's "delicious, nutrient-rich drinks and snacks that kids love and parents can encourage"), including product-development plans, formulations, packaging concepts, and launch timelines;

D.  Communications between Defendant and any retailer (including Walmart, Kroger, Meijer, Harris Teeter, H-E-B, Sam's Club, Albertsons, Amazon, or other retailers) concerning Defendant's planned expansion into product categories beyond sparkling canned beverages;

E.  Communications between Defendant and any branding, marketing, or design agency (including Red Antler) concerning Defendant's planned expansion into product categories beyond sparkling canned beverages;

F.  Strategic-planning materials, board presentations, investor communications, and executive-level documents reflecting Defendant's plans for product-line expansion under the ROXBERRY name.

19

**RESPONSE:** Defendant objects to Plaintiff's document Request as exceeding the limit of 30, and therefore, is not responding to any of the Requests. Based on the applicable standard articulated above in Defendant's global objection, this Request appears to consist of five separate requests. For purposes of this objection only, Defendant identifies the following discrete subject matters reflected in the Request. The descriptions below are intended only to identify the categories of information that Defendant contends constitute separate requests under the applicable numerosity standard; they are not intended as a complete characterization, construction, summary, or paraphrase of the Request. Defendant does not concede that the foregoing description fully captures all distinct requests or subject matters contained within this Request and reserves the right to identify additional distinct requests or subject matters, and further reserves all objections.

1. Subparts A and F seek documents reflecting Defendant's plans for development of product categories beyond its current sparkling canned beverage line.

2. Subpart B seeks documents concerning the "Fruit & Veggie Drink Mix" product line.

3. Subpart C seeks documents concerning the "snacks" product line.

4. Subpart D seeks Defendant's communications with retailers concerning Defendant's retail expansion beyond its current sparkling canned beverage line.

5. Subpart E seeks Defendant's communications with any branding, marketing, or design agency concerning Defendant's retail expansion beyond its current sparkling canned beverage line.

DATED this 12th day of June, 2026.

WORKMAN NYDEGGER

By:  /s/ *Brittany Frandsen*
    David P. Johnson
    Brittany Frandsen

    Aaron T. Brogdon
    FBT GIBBONS LLP

*Attorneys for Roxberry Naturals, Inc.*

21

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June 2026, I caused the foregoing document to be served on the following counsel of record:

Thomas D. Briscoe (tbriscoe@knh.law)
Stephen C. Mouritsen (smouritsen@knh.law)
Chad Pehrson (cpehrson@knh.law)

*Counsel for Plaintiff*

/s/Brittany Frandsen