# EXHIBIT B

# TO

# PLAINTIFF'S SHORT FORM MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION CONCERNING SALES AND VOLUME DATA (INTERROGATORY NO. 4 AND REQUESTS FOR PRODUCTION NOS. 1–10)

Thomas D. Briscoe (16788)
Stephen Mouritsen (16523)
Chad Pehrson (12622)
**KNH LLP**
50 W. Broadway Ste. 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
*tbriscoe@knh.law*
*smouritsen@knh.law*
*cpehrson@knh.law*

*Attorneys for Plaintiff and*
*Counter-Defendant Roxberry Licensing, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, a Utah limited liability company, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., a Delaware corporation, <br><br> Defendant and Counter-Claimant. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION TO DEFENDANT ROXBERRY NATURALS, INC.** <br><br> Case No.   2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

Pursuant to Rules 26, 33 and 36 of the Federal Rules of Civil Procedure, Plaintiff Roxberry Licensing, LLC ("**Plaintiff**") hereby requests that Defendant Roxberry Naturals, Inc. ("**Defendant**"), by its undersigned counsel, respond separately, fully, in writing, and under oath, to these Interrogatories and Requests for Admission (collectively "**Requests**") in accordance with all applicable Rules and the Definitions set forth below within thirty (30) days of service.

1

These Requests are further calibrated to the **June 5, 2026 evidentiary hearing** on Plaintiff's Motion for Preliminary Injunction, and are limited in number and scope to ensure proportionality under Fed. R. Civ. P. 26(b)(1).

Consistent with Fed. R. Civ. P. 26(e), Defendant is under a continuing obligation to supplement or correct its responses in a timely manner.

## DEFINITIONS

1.    "**Defendant**" means Roxberry Naturals, Inc., and all related entities, officers, directors, employees, agents, and representatives.

2.    "**Roxberry Products**" means all products sold or marketed under the Roxberry, Roxberry Natural, or similar marks.

3.    "**Marketing Materials**" means all documents used or intended to market, promote, or sell Roxberry Products, including investor pitch decks, retailer presentations, sell sheets, advertisements, social media content, packaging, website content, and press materials.

4.    "**Target Market**" means the intended or actual consumers, demographics (age, parents vs. children, income, etc.), psychographics, geographic areas, and purchaser profiles Defendant has targeted or analyzed.

5.    "**Marketing Plans and Budgets**" means all strategic plans, media plans, campaign briefs, budgets (by channel and total), forecasts, and allocation documents.

6.    "**Relevant Period**" means January 1, 2024, to the present.

7.    "**Identify**" when referring to a person means name, title, employer, and last known contact information; when referring to a document or communication means date, author/sender, recipients, subject matter, and where maintained.

2

8.    "**Communication**" means any transmission of information (whether written, electronic, or oral), including emails, letters, texts, instant messages, platform messages, presentations, submissions through retailer portals, and meeting notes or summaries.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  State the date of Defendant's first commercial use of the ROXBERRY mark, identify the goods first sold under the mark (as referenced in FAC ¶22).

**INTERROGATORY NO. 2**:  Identify all persons with knowledge of Defendant's decision to adopt the ROXBERRY name.

**INTERROGATORY NO. 3**:  Identify every investor pitch, retailer pitch (including Walmart and H-E-B), distributor pitch, or similar presentation Defendant has created or used since January 1, 2024. For each, state the date, recipient(s), and the specific Target Market and key messaging described.

**INTERROGATORY NO. 4**:  State Defendant's total sales revenue attributable to ROXBERRY-branded Products from the date of first use through April 30, 2026, broken down (a) by quarter, (b) by sales channel/retailer, and (c) for Walmart specifically, by SKU/UPC and whether sales occurred in-store, via Walmart.com marketplace, or via Walmart as first-party retailer.

**INTERROGATORY NO. 5**: State Defendant's total marketing and advertising budget (actual and projected) for each year since January 1, 2024, broken down by major channel and by major campaign.

**INTERROGATORY NO. 6**:  Identify and describe any consumer research, surveys, focus groups, or studies Defendant has conducted or commissioned regarding brand awareness,

3

perception, target audience, or confusion with other beverage brands. Include methodology and key findings.

**INTERROGATORY NO. 7**: Identify all individuals with decision-making authority, and briefly describe that authority, in relation to defendant's adoption of the ROXBERRY mark and development and sale of products under the ROXBERRY mark.

**INTERROGATORY NO. 8**:  Describe any co-marketing, promotional, or in-store activities with Walmart, H-E-B, or other major retailers and identify the intended end-consumer for those activities.

**INTERROGATORY NO. 9**:  State whether Defendant has conducted, commissioned, or received any trademark clearance searches, brand perception surveys, confusion surveys, or consumer studies regarding the ROXBERRY mark or Roxberry Products since January 1, 2024. If so, describe the methodology, key findings, and how the results influenced Defendant's marketing or branding decisions.

**INTERROGATORY NO. 10**: Identify every document, communication, or tangible thing Defendant intends to use or offer at the June 5, 2026 preliminary injunction hearing or in any opposition or sur-reply briefing, including the identity of the custodian and the date the document was created or received.

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**:  Admit that Defendant's claimed first use in commerce of the ROXBERRY mark is September 23, 2024.

**REQUEST FOR ADMISSION NO. 2**:  Admit that Defendant received Plaintiff's

4

cease-and-desist letter dated January 20, 2026, and continued using the ROXBERRY mark thereafter.

**REQUEST FOR ADMISSION NO. 3**:  Admit that Defendant has used, and continues to use, the designation "ROXBERRY" in connection with the sale of beverages in the United States, including sodas and Fruit & Veggie Fizz products.

**REQUEST FOR ADMISSION NO. 4**:  Admit that as of the date of these responses, ROXBERRY-branded Products are available for purchase by U.S. consumers through Walmart.com or Walmart stores.

**REQUEST FOR ADMISSION NO. 5**:  Admit that Defendant has not conducted any formal consumer survey to measure confusion between the Roxberry brand and Plaintiff's ROXBERRY mark.

**REQUEST FOR ADMISSION NO. 6**:  Admit that Defendant has paid slotting fees, trade spend, or retailer promotional allowances to Walmart in connection with the placement of Roxberry Products in Walmart stores since January 1, 2024.

**REQUEST FOR ADMISSION NO. 7**:  Admit that Defendant's total marketing and advertising spend for Roxberry Products in the twelve (12) months preceding the date of this request exceeded $1,000,000, including but not limited to slotting fees, trade spend, digital advertising, and influencer marketing.

**REQUEST FOR ADMISSION NO.  8**:  Admit that on or about April 27, 2026 — after the Court scheduled the June 5, 2026 evidentiary hearing on Plaintiff's Motion for Preliminary Injunction — Defendant issued a press release announcing its expansion of ROXBERRY-

5

branded Products into H-E-B stores across Texas, citing "breakout Walmart growth" and targeting "parents shopping for their kids" and "millennial and Gen Z parents.

DATED this 28th day of April, 2026.

**KNH LLP**

*/s/Thomas D. Briscoe*
Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION TO DEFENDANT ROXBERRY NATURALS, INC.** upon counsel of record via electronic mail as follows:

Aaron T. Brogdon abrogdon@fbtgibbons.com

David P. Johnson djohnson@wnlaw.com

Brittany Frandsen bfrandsen@wnlaw.com


*/s/Thomas D. Briscoe*
Thomas D. Briscoe

**DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROXBERRY LICENSING, LLC, | **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Plaintiff and Counter-Defendant, | |
| vs. | |
| ROXBERRY NATURALS, INC., | CASE NO. 2:26-CV-00126-JNP |
| Defendant and Counter-Claimant. | Judge Jill N. Parrish |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Roxberry Naturals, Inc. ("Defendant") responds to Plaintiff Roxberry Licensing, LLC's ("Plaintiff") First Set of Interrogatories ("Requests" or "interrogatories") as follows:

The following responses are based on information available as of the date of the responses. Discovery is not yet complete, and these responses are therefore subject to revision. It is anticipated that further discovery, investigation, and analysis may supply additional facts and add meaning to known facts and/or establish new factual conclusions and legal contentions, all of which may lead to changes, additions, or variations to the information set forth herein.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to Plaintiff's definition of "Defendant" as overly broad and unduly burdensome to the extent it purports to encompass "all related entities." This definition is improper because it could be construed to include affiliated or related entities that are not parties

to this action and are not implicated in the claims or defenses at issue. Subject to and without waiving this objection, and for purposes of responding to Plaintiff's discovery requests, "Defendant" shall be understood to mean Roxberry Naturals, Inc., together with its officers, directors, employees, and authorized representatives only.

2.      Defendant objects to Plaintiff's definition of "Roxberry Products" as vague and ambiguous, in that the definition includes "all products sold or marketed under" certain marks without limitation regarding by whom such products are sold, and in that the definition includes all products sold under "similar marks" to the Roxberry mark without specifying any objective standard for similarity. Defendant further objects to this definition as overly broad and unduly burdensome to the extent it can be interpreted to encompass goods that are offered in association with marks that are not at issue in Plaintiff's complaint. Defendant further objects to any other definition within Plaintiff's definitions which incorporates or refers to the defined term "Roxberry Products." Subject to and without waiving this objection, and for purposes of responding to Plaintiff's discovery requests, "Roxberry Products" shall be understood to mean products sold or marketed under the Roxberry or Roxberry Natural marks.

3.      Defendant objects to Plaintiff's definition of "Target Market" as overly broad and seeking irrelevant information based on the inclusion of "consumers… Defendant has… analyzed," as this would include any consumer segments that Defendant has researched whether or not such segments were actually targeted by Defendant. Defendant further objects to Plaintiff's definition of "Target Market" as it is not limited to consumers of the Roxberry Products. Subject to and without waiving this objection, and for purposes of responding to Plaintiff's discovery requests, "Target Market" shall be understood to be limited to the Roxberry Products.

4.       Defendant objects to Plaintiff's definition of "Market Plans and Budgets" as overly broad and unduly burdensome, as the definition is not limited to such materials relating to the marks at issue in this proceeding. Subject to and without waiving this objection, and for purposes of responding to Plaintiff's discovery requests, "Market Plans and Budgets" shall be understood to be limited to the marks at issue in this proceeding.

5.       Defendant will supplement its responses to the Requests to the extent required by the Federal Rules of Civil Procedure, the local rules of this Court, or this Court's orders.  Defendant reserves the right to use at trial in this case all additional information obtained through later discovery.

6.       Defendant reserves and does not waive or intend to waive its right to assert additional objections and to amend and/or supplement these Objections to Definitions.  Defendant also reserves and does not waive or intend to waive its right to assert additional objections as appropriate or to otherwise amend and/or supplement these responses.

7.       Defendant does not concede that any information in its responses and objections or that may be reflected in any documents produced is relevant, material, discoverable, or admissible as evidence.

8.       Each of these Objections to Definitions is incorporated by reference into the responses set forth below, as if fully set forth therein.  All of Defendant's responses are made subject to each of these Objections to Definitions. The assertion of the same, similar, or additional objections or other specific objections to individual Requests, or the omission of any additional objection to a Request, does not waive, and is not intended to waive, any such objection.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State the date of Defendant's first commercial use of the ROXBERRY Mark, identify the goods first sold under the mark (as referenced in FAC ¶22).

**RESPONSE**: Defendant objects to this Request on the grounds that it is vague and ambiguous in its use of the undefined term "commercial use," as it is not clear whether the Request is referring to use in commerce as defined by the Lanham Act. Responding further, Defendant objects to this Request to the extent it seeks information that is reasonably available to Plaintiff by virtue of being made available in the public records of the United States Patent & Trademark Office. Responding further, Defendant objects to this Request as vague and ambiguous as it does not define the term "ROXBERRY Mark." For purposes of its response, Defendant will assume the term "ROXBERRY Mark" means the mark reflected in U.S. Reg. No. 7,739,892.

Subject to and without waiving these objections or the objections to definitions, Defendant states that its first use of the ROXBERRY Mark in commerce occurred on September 23, 2024, and that the first goods sold under the mark were carbonated beverages.

**INTERROGATORY NO. 2:** Identify all persons with knowledge of Defendant's decision to adopt the ROXBERRY name.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous. In particular, the phrase "all persons with knowledge" is undefined and could conceivably encompass individuals with only incidental or merely cursory awareness of the subject matter, such as consumers of Defendant's products, rather than those with material or substantive knowledge. Responding further, Defendant objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client, attorney work product, and/or other privileges.

Subject to and without waiving these objections or the foregoing objections to definitions, Defendant states that the following persons have knowledge of Defendant's decision to adopt the ROXBERRY name:

- Andy Sauer, Co-Founder, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212.
- Lauren Sauer, Co-Founder, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212.
- Dan Haugen, Co-Founder/COO, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212.
- Grant Dabbelt, Early shareholder, 1601 Oak St., Columbus OH 43205.

**INTERROGATORY NO. 3:** Identify every investor pitch, retailer pitch (including Walmart and H-E-B), distributor pitch, or similar presentation Defendant has created or used since January 1, 2024. For each, state the date, recipient(s), and the specific Target Market and key messaging described.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and not proportional to the needs of the case as it seeks "every" pitch rather than a subset thereof. Defendant objects to this Request on the grounds that it is vague and ambiguous, particularly based on its use of the undefined terms "investor pitch," "retailer pitch," "distributor pitch," "similar presentation" and "key messaging." Responding further, Defendant objects to this Request as seeking information irrelevant to this proceeding to the extent that it seeks information unrelated to the trademarks that are at issue in this case. Defendant objects to this Request to the extent that the Request seeks information that Defendant is unable to provide due to any confidentiality obligation to any third party.

Subject to and without waiving these objections or the foregoing objections to Plaintiff's definitions, Defendant states that it has underwent the following investor pitches, distributor pitches, and retailer pitches since January 1, 2024:

- Pete's Fresh Market: 9/6/24
- Caputos: 9/3/24
- Sprouts: 12/3/24
- Giant Eagle: 12/10/24
- ABSCO: 6/4/25
- Costco: 9/5/24
- Target: 5/19/25
- Fresh Thyme Line review: September 5, 2024
- Kroger line review: November 15, 2024
- Spartan Nash line review: 10/17/24
- Harris Teeter: 3/12/25
- Shoprite line review: 5/11/25
- Meijer Line review meetings (round 1): 8/15/24, 10/9/24
- Meijer line review (round 2): 5/16/26
- Walmart Line Review 1: 10/24/24
- Walmart Line Review 2: 8/20/2025
- HEB: 2/5/26
- Publix: 9/10/24
- Publix: 3/12/26
- Walgreens: 8/8/24
- Wegmans: 5/29/24
- CVS: 7/17/24

**INTERROGATORY NO. 4:** State the Defendant's total sales revenue attributable to ROXBERRY-branded Products from the date of first use through April 30, 2026, broken down (a) by quarter, (b) sales channel/retailer, and (c) for Walmart specifically, by SKU/UPC and whether sales occurred in-store, via Walmart.com marketplace, or via Walmart as first-party retailer.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous based on its use of the undefined term "Roxberry-branded Products"; to the extent that this term was intended to be coextensive with the defined term Roxberry Products, Defendant objects that this Request is overly broad and unduly burdensome to the extent it can be interpreted to encompass goods that are offered in association with marks that are not at issue in Plaintiff's complaint. Responding further, Defendant objects to this Request on the grounds that the use of the phrase "revenue attributable to ROXBERRY-branded Products" renders the Request vague, overly broad, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Defendant and its attorneys. Defendant will respond assuming the phase "revenue attributable to ROXBERRY-branded Products" means products sold under the Roxberry Mark. Defendant objects to this Request to the extent that the Request seeks information that Defendant is unable to provide due to any confidentiality obligation to any third party.

Subject to and without waiving these objections or the foregoing objections to Plaintiff's definitions, Defendant will (pursuant to FRCP 33(d)) produce responsive documents sufficient to demonstrate its sales and annual revenue associated with its ROXBERRY-branded products in the timeframe requested.

Responding further, Defendant expressly reserves the right to further supplement its response to this request as additional facts and information become available in the course of discovery.

**INTERROGATORY NO. 5:**   State Defendant's total marketing and advertising budget (actual and projected) for each year since January 1, 2024, broken down by major channel and by major campaign.

**RESPONSE**: Defendant objects to this Request on the grounds that "major channel" and "major campaign" are undefined and render the Request vague, ambiguous, and requiring subjective judgment on the part of Defendant and its attorneys. Responding further, Defendant objects to this Request as seeking information irrelevant to this proceeding to the extent that it seeks information for products unrelated to the trademarks that are at issue in this case. Defendant will respond by providing information for products sold under the Roxberry Mark.

Subject to and without waiving these objections or the foregoing general objections, Defendant states its total marketing and advertising budget was $0 for 2024; $0 for 2025; and approximately $300,000 for 2026.

**INTERROGATORY NO. 6:**   Identify and describe any consumer research, surveys, focus groups, or studies Defendant has conducted or commissioned regarding brand awareness, perception, target audience, or confusion with other beverage brands. Include methodology and key findings.

**RESPONSE:**  Defendant objects to this Request as seeking information irrelevant to this proceeding to the extent that it seeks information unrelated to the trademarks that are at issue in this case. Defendant objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client, attorney work product, and/or other privileges.

Subject to and without waiving these objections or the foregoing general objections, Defendant states that it has no responsive, non-privileged information.

**INTERROGATORY NO. 7:**  Identify all individuals with decision-making authority, and briefly describe that authority, in relation to defendant's adoption of the ROXBERRY mark and development and sale of products under the ROXBERRY mark.

**RESPONSE:** Defendant objects this Request on the grounds that it is vague and ambiguous, particularly as it is not clear what Plaintiff would consider as an "individual with decision-making authority," as the phrase is undefined and could be interpreted to include individuals with varying degrees of input, influence, or peripheral involvement, rather than those with actual final or material decision-making responsibility. Responding further, Defendant objects to this  Request on the grounds that it is vague and ambiguous as to scope, as it is unclear whether Plaintiff seeks to identify individuals with authority over all referenced areas (i.e., adoption, development, and sale of products), or instead seeks to identify different individuals with authority over each of those distinct functions. Defendant objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client, attorney work product, and/or other privileges. Defendant objects to this request as overbroad to the extent Plaintiff intends the term "individual with decision-making authority" to encompass individuals with peripheral involvement. Defendant objects to this Request as vague and ambiguous as it does not define the term "ROXBERRY Mark." For purposes of its response, Defendant will assume the term "ROXBERRY Mark" means the marks reflected in U.S. Reg. No. 7,739,892 (the Roxberry design mark).

Subject to and without waiving the foregoing objections, Defendant states that the following persons have or had decision making authority regarding defendant's adoption of, and development and sale of products under, the ROXBERRY and Design Mark:

- Andy Sauer, Co-founder Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212, has decision-making authority regarding adoption of the Roxberry Mark and development/sale of products thereunder.
- Lauren Sauer, Co-Founder, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212 has decision-making authority regarding adoption of the Roxberry Mark and development/sale of products thereunder.
- Dan Haugen, Co-Founder/COO, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212 has decision-making authority regarding adoption of the Roxberry Mark and development/sale of products thereunder.

- Whitney Poma, President, Roxberry Naturals, Inc., 1610 Oak St. Columbus, OH 43212 has decision-making authority regarding adoption of the Roxberry Mark and development/sale of products thereunder.

**INTERROGATORY NO. 8:**   Describe any co-marketing, promotional, or in-store activities with Walmart, H-E-B, or other major retailers and identify the intended end-consumer for those activities.

**RESPONSE**: Defendant objects to this request on the grounds that it is not proportional to the needs of the case and as vague and ambiguous, particularly by use of the undefined terms "co-marketing…activities," "promotional…activities" or "in-store activities," which require subjective judgment on the part of Defendant and its attorneys.  Responding further, Defendant objects to this interrogatory as seeking information irrelevant to this proceeding to the extent that it seeks information regarding trademarks that are not at issue in this case.

Subject to and without waiving these objections or the foregoing general objections, Defendant states that it has no responsive information.

**INTERROGATORY NO. 9:**   State whether Defendant has conducted, commissioned, or received any trademark clearance searches, brand perception surveys, confusion surveys, or consumer studies regarding the ROXBERRY mark or Roxberry Products since January 1, 2024. If so, describe the methodology, key findings, and how the results influenced Defendant's marketing or brand decisions.

**RESPONSE:** Defendant objects to this Request to the extent that the definition "Roxberry Products" is overly broad and unduly burdensome to the extent it can be interpreted to encompass goods that are offered in association with marks that are not at issue in Plaintiff's complaint. Defendant objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client, attorney work product, and/or other privileges. Defendant objects to this Request as vague and ambiguous as it does not define the term "ROXBERRY Mark." For purposes of its response, Defendant will assume the term "ROXBERRY Mark" means the mark reflected in U.S. Reg. No. 7,739,892.

Subject to and without waiving these objections or the foregoing general objections, Defendant states that it does not possess any responsive, non-privileged information.

**INTERROGATORY NO. 10:** Identify every document, communication, or tangible thing Defendant intends to use or offer at the June 5, 2026 preliminary injunction hearing or in opposition or sur-reply briefing, including the identity of the custodian and the date the document was created or received.

**RESPONSE:** Defendant objects to this Request as premature. Defendant has not yet determined what documents, communications, or tangible things Defendant will use or

offer at the June 5, 2026, preliminary injunction hearing, especially as Plaintiff has not yet responded to Defendant's Requests for Production, Requests for Admission, or Interrogatories. Defendant reserves the right to supplement this Response as required and/or appropriate under applicable law and in accordance with the Federal Rules of Civil Procedure and/or any applicable Case Management Order. Defendant objects to this Request to the extent that it seeks information or documents already in Plaintiff's possession or otherwise reasonably accessible to Plaintiff. Defendant objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client, attorney work product, and/or other privileges.

Subject to and without waiving the above objection, and without limiting its right to use or offer any document, communication, or tangible thing at the June 5, 2026 preliminary injunction hearing or in opposition or surreply briefing, Defendant states that as of the date of this response it intends to rely on the following documents, communications, and tangible things at the June 5, 2026 preliminary injunction hearing:

- Plaintiff's Complaint, Plaintiff's Preliminary Injunction Motions and briefs in support thereof, Defendant's Answer, and Defendant's Response and Surreply Briefs against Plaintiff's Preliminary Injunction Motion in the case captioned Roxberry Licensing LLC v. Roxberry Naturals Inc (2:26-cv-00126);
- Affidavit of Brad Davis, and exhibits thereto, filed on March 20, 2026 in the case captioned Roxberry Licensing LLC v. Roxberry Naturals Inc (2:26-cv-00126);
- Affidavit of Phil Case, and exhibits thereto, filed on March 20, 2026 in the case captioned Roxberry Licensing LLC v. Roxberry Naturals Inc (2:26-cv-00126);
- Affidavit of Craig Romney, and exhibits thereto, filed on the case captioned Roxberry Licensing LLC v. Roxberry Naturals Inc (2:26-cv-00126);
- All documents, responses, and/or admissions received from Plaintiff in response to Defendant's Interrogatories, Requests for Production, and/or Requests for Admission.

Respectfully submitted,

*/s Aaron T. Brogdon*
Aaron T. Brogdon (009796)
FBT Gibbons LLP
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Phone: 614-559-7262
Email: abrogdon@fbtgibbons.com

*Attorneys for Defendant and Counter-Claimant*
*Roxberry Naturals, Inc.*

## **VERIFICATION**

I, _____, verify that I have read the foregoing interrogatories and the answers to those interrogatories, and such answers are true according to the best of my knowledge, information, and belief, and belief. I verify under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Sign

_____
Print

_____
Title

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Email on all counsel of record this 28th day of May, 2026.

/s Aaron T. Brogdon
Aaron T. Brogdon (009796)

0153644.0818094  4901-2390-1098v4