Thomas D. Briscoe (16788)
Chad S. Pehrson (12622)
Stephen C. Mouritsen (16523)
**KNH LLP**
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
tbriscoe@knh.law
cpehrson@knh.law
smouritsen@knh.law
*Attorneys for Plaintiff and Counter-Defendant Roxberry Licensing, LLC*

David P. Johnson (USB No. 13260)
Brittany Frandsen (USB No. 16051)
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707
djohnson@wnlaw.com
bfrandsen@wnlaw.com

Aaron T. Brogdon
**FBT GIBBONS LLP**
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Telephone: (614) 559-7262
abrogdon@fbtgibbons.com
*Attorneys for Defendant and Counter-Plaintiff Roxberry Naturals, Inc.*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>      Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>      Defendant and Counter-Plaintiff. | **JOINT STATUS REPORT REGARDING DEFENDANT'S MOTION TO QUASH (DKT. 39) AND PLAINTIFF'S SHORT FORM DISCOVERY MOTION (DKT. 52)**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br>Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

1

Pursuant to the Court's July 20, 2026 order (Dkt. 60), entered as stated on the record at the July 16, 2026 motion hearing (Dkt. 59), Plaintiff Roxberry Licensing, LLC and Defendant Roxberry Naturals, Inc. submit this joint status report regarding Defendant's Motion to Quash Plaintiff's Subpoena to Walmart, Inc. (Dkt. 39) and Plaintiff's Short Form Discovery Motion (Dkt. 52).

## I.  PLAINTIFF'S POSITION

### A.  Plaintiff's Short Form Discovery Motion (Dkt. 52)

Plaintiff's motion concerns Interrogatory No. 4 and Requests for Production Nos. 1–10, directed to Defendant's sales and volume data. On July 13 and 15, 2026, Defendant served supplemental responses and productions that resolved portions of the motion, and Plaintiff acknowledges that production. The following categories remain outstanding: (1) channel- and retailer-level revenue breakdowns; (2) Walmart SKU/UPC-level sales data; (3) unit volumes by SKU; and (4) Defendant's distribution agreements.

Completeness of the channel-level responses remains a concern: publicly available information identifies retail and e-commerce channels — including Harris Teeter, Meijer, Amazon, TikTok Shop, and Instacart — that are not reflected in the production to date. Plaintiff's position is that the Court should either (a) enter the parties' agreement, if one is reached, for Defendant to supplement the outstanding categories by a date certain, or (b) set the remaining categories of Dkt. 52 for ruling.

### B.  Defendant's Motion to Quash the Walmart Subpoena (Dkt. 39)

The parties jointly placed Dkt. 39 in abeyance (Dkt. 50; Dkt. 51) on the premise that Defendant's document production would moot the need for third-party discovery from Walmart.

If Defendant completes the supplementation described above by a date certain, that premise may still be satisfied. If the outstanding categories are not supplemented completely, Plaintiff's position is that the abeyance should be lifted, the subpoena should proceed, and Dkt. 39 should be resolved on its merits.

## II.  DEFENDANT'S POSITION

With regard to the categories of information set forth above, as previously represented to Plaintiff, Defendant confirms that it (1) has now produced, as kept, all channel- and retailer-level revenue information in its possession, custody, and control, noting that a significant portion of Defendant's retail sales are made via third-party distributors, for which Defendant does not record such data; (2/3) does not track or possess any additional Walmart SKU and/or UPC sales data beyond what has been produced; and (4) does not have any retail distribution agreements that have not already been produced to Plaintiff, as Defendant notes that many of the grocery retailers that sell Defendant's goods operate on order-by-order/invoice-by-invoice bases, without formal, long-term distribution agreements. Defendant therefore states that there is no additional information to be produced regarding any of these categories.

With regard to Plaintiff's subpoena to Walmart and Defendant's Motion to Quash, Defendant respectfully submits that the additional SKU and UPC sales data Plaintiff seeks is neither relevant to any party's claim or defense nor proportional to the needs of this case. Plaintiff has now been provided all relevant and necessary sales and volume information needed to identify all sales made using Defendant's Roxberry mark and to quantify and calculate any and all related revenues and profits. Pursuing third-party discovery of additional SKU/UPC details from Walmart would therefore only serve to unduly burden Defendant's retail partner and not yield any relevant

3

or discoverable information not already in Plaintiff's possession.

## III.  JOINT STATEMENT ON SCHEDULE

The parties have conferred and hold differing views regarding the necessity, burden, and completeness of the remaining categories identified above. The parties jointly request that the Court defer action on Dkt. 39 and Dkt. 52 through August 10, 2026, to permit one additional week of conferral. On or before August 10, 2026, the parties will either notify the Court that the remaining disputes are resolved or file a supplemental joint status report setting forth each party's proposed schedule for the resolution of Dkt. 39 and Dkt. 52.

DATED this 3rd day of August, 2026.

**KNH LLP**

*/s/ Thomas D Briscoe*
Thomas D. Briscoe
*Attorneys for Plaintiff Roxberry Licensing, LLC*

**FBT GIBBONS LLP**

*/s/Aaron T. Brogdon *
Aaron T. Brogdon
*Attorneys for Defendant Roxberry Naturals, Inc.*

*(*Signed with permission via email dated August 3, 2026)*

4

5

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I caused the foregoing **JOINT STATUS REPORT REGARDING DEFENDANT'S MOTION TO QUASH (DKT. 39) AND PLAINTIFF'S SHORT FORM DISCOVERY MOTION (DKT. 52)** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Thomas D. Briscoe*