Thomas D. Briscoe (16788)
Chad S. Pehrson (12622)
Stephen C. Mouritsen (16523)
**KNH LLP**
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
*tbriscoe@knh.law*
*cpehrson@knh.law*
*smouritsen@knh.law*

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ROXBERRY NATURALS, INC., <br><br> Defendant and Counter-Plaintiff. | **PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER** <br><br> Case No. 2:26-cv-00126-JNP-JCB <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

### RELIEF REQUESTED AND GROUNDS

Pursuant to Federal Rule of Civil Procedure 65, the Court's inherent authority to enforce stipulations in pending cases, and DUCivR 7-1 and 83-4, Plaintiff Roxberry Licensing, LLC moves the Court to: (1) confirm and enforce the Stipulated Preliminary Injunction and proposed Order filed at Dkt. 45 (the "**Stipulated PI/Order**") or, if further action is necessary, approve it and enter the accompanying Rule 65(d)-compliant order; (2) direct Defendant Roxberry Naturals, Inc. to perform paragraphs 1 and 3 within three business days of entry and to file a written

1

certification of compliance; (3) confirm that paragraph 2's August 15 and October 1, 2026 deadlines remain in force; (4) determine under Rule 65(c) that security is unnecessary; and (5) expedite briefing so that relief may be granted before August 15, 2026. The grounds are that Defendant executed the Stipulated PI/Order, which the parties filed; the Court then found Dkts. 16 and 42 moot expressly because of Dkt. 45; chambers vacated the June 5, 2026, evidentiary hearing; paragraph 3 remains unperformed; Defendant has supplied no confirmation or evidence of paragraph 1 performance; and Defendant retains the benefits contemplated by that instrument.

## INTRODUCTION

On June 3, 2026—two days before the scheduled evidentiary hearing on Plaintiff's Motion for Preliminary Injunction—Defendant executed, and the parties filed, the Stipulated PI/Order. In it, Defendant agreed to three obligations: written discontinuation notices to its retail distributors by July 1, 2026 (¶ 1); cessation of all use of the ROXBERRY mark by August 15, 2026, with sell-through of existing inventory completed by October 1, 2026 (¶ 2); and disabling of all commercial use of the getroxberry.com domain by July 1, 2026 (¶ 3). The parties jointly requested vacatur "[o]n the basis of the foregoing stipulation"; reiterated that request "[u]pon entry of this Order"; stated that Dkt. 16 "shall be deemed resolved by this stipulation"; and submitted a proposed order for the Court's signature. (Dkt. 45 at PageID.1110–11.)

At 10:36 a.m., the Court found Dkt. 16 moot "due to [45] the stipulated preliminary injunction agreed to by the parties." (Dkt. 46.) At 10:40 a.m., she found Dkt. 42 moot "due to [45] the parties' stipulated preliminary injunction." (Dkt. 47.) At 11:25 a.m., chambers vacated the June 5, 2026, evidentiary hearing. (Dkt. 48.) Defendant thereby received the Stipulated PI/Order's procedural benefits. Those same-day actions may have confirmed it as operative; at minimum,

2

they implemented its stipulated procedural consequences. Plaintiff respectfully leaves that characterization to the Court and seeks confirmation and enforcement in either event.

Paragraph 3 remains unperformed; paragraph 1 performance remains unconfirmed. On August 6, 2026, Gardner personally accessed getroxberry.com and representative subpages that remained available and had not been disabled, with products for sale, a functioning cart, and active checkout—36 days after the stipulated deadline. *See* Gardner Decl. ¶¶ 2–5 & Ex. B. Defendant has not confirmed that any retailer notice was sent, despite written requests on July 22 and July 31, 2026 that set response dates of July 27 and August 5, 2026. *See* Briscoe Decl. ¶¶ 4–6 & Exs. B–C. On July 1, 2026, Defendant's counsel said he was awaiting a client update about "today's deadlines under the stipulated rebranding order." *See* Briscoe Decl. ¶ 2 & Ex. A. Plaintiff accommodated a short, one-week push of the then-pending deadlines to give the parties' discussions room; that accommodation has long since run. *See* Briscoe Decl. ¶ 3. Defendant did not respond by the August 5, 2026 deadline and has not stated whether it will honor the August 15, 2026 cessation date. Because the paragraph 2 cessation date arrives August 15, 2026, Plaintiff respectfully requests expedited treatment.

## BACKGROUND

**A.    The stipulation and the Court's reliance**

Plaintiff moved for a preliminary injunction on March 20, 2026, supported by three declarations. (Dkts. 16–19.) The Court set an evidentiary hearing for June 5 and allotted each side three hours. (Dkts. 31–32.) On June 1–2, 2026 Plaintiff moved for leave to file two supplemental declarations and filed a request for judicial notice. (Dkts. 42, 44.) On June 3, 2026 Defendant executed, and the parties filed, the Stipulated PI/Order. It recites that it is made "[p]ursuant to

Rule 65" and "in further response to" the injunction motion; sets out the three obligations quoted above; provides that Defendant admits no liability and that "Plaintiff waives no claims or remedies"; states that the injunction motion "shall be deemed resolved by this stipulation"; and attaches the parties' jointly submitted order: "Based on the foregoing stipulation of the Parties, and good cause appearing, IT IS SO ORDERED," over a signature line for the Court. (PageID.1110–11.) That same day, this Court found Dkts. 16 and 42 moot expressly because of Dkt. 45, and chambers later vacated the evidentiary hearing. (Dkts. 46–48.)

**B.    Defendant's nonperformance**

Paragraph 3 remains unperformed; paragraph 1 performance remains unconfirmed. That afternoon, Defendant's counsel said he was awaiting a client update about "today's deadlines under the stipulated rebranding order." *See* Briscoe Decl. ¶ 2 & Ex. A. To give the parties' discussions room, Plaintiff accommodated a short, one-week push of the then-pending deadlines; that period expired in early July. *See* Briscoe Decl. ¶ 3. Plaintiff's counsel wrote on July 22, 2026, requesting written confirmation of performance by July 27, 2026; no confirmation was received. *See* Briscoe Decl. ¶¶ 4–5 & Ex. B. Plaintiff's counsel wrote again on July 31, 2026, requesting the same confirmations by August 5, 2026, at 5:00 p.m. MT, together with a statement whether Defendant intends to honor paragraph 2's dates. *See* Briscoe Decl. ¶ 5 & Ex. C. Defendant did not respond by the August 5, 2026 deadline. It therefore has provided neither confirmation of performance nor an assurance that it will honor the August 15, 2026 cessation date. On July 31 and August 6, 2026, Gardner personally accessed representative pages that remained available and had not been disabled, with active e-commerce functions. *See* Gardner Decl. ¶¶ 2–5 & Exs. A–B.

4

## ARGUMENT

**I.     The Stipulated PI/Order binds Defendant, and the Court should confirm and enforce the parties' jointly submitted relief.**

**A.     Stipulations are binding, and the parties jointly requested the relief reflected in the Stipulated PI/Order.**

Federal courts may summarily enforce settlement agreements reached while litigation remains pending. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). Applying Utah law in a District of Utah trademark action, the Tenth Circuit affirmed enforcement of a binding agreement and rejected a comparatively unsubstantial excuse for nonperformance. *Nature's Sunshine Prods., Inc. v. Sunrider Corp.*, 511 F. App'x 710, 714, 716 (10th Cir. 2013) (unpublished). No evidentiary hearing is required when the material facts concerning an agreement's existence and terms are undisputed and only their legal significance is contested. (*Id.* at 714 n.3.)

Stipulations voluntarily entered by counsel in a pending case bind the parties and cannot be cast off at will. The Tenth Circuit holds that "[a] stipulation is an admission which 'cannot be disregarded or set aside at will,'" and permits withdrawal only where necessary to prevent manifest injustice. *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097–98 (10th Cir. 1991). The Stipulated PI/Order could not be plainer: Defendant executed it, and the parties filed it. It invoked Rule 65, agreed to three specific obligations, and—with Plaintiff—asked the Court to enter the attached order. Whether the Court's June 3 actions completed that request or a further conforming order is necessary, enforcement of the same terms is not new relief; it is the relief both parties jointly requested on June 3, 2026.

DUCivR 83-4 provides that a stipulation affecting the proceeding is not effective until

court approval; it does not confer a unilateral right to revoke the underlying signed agreement. *Cf. Miller v. Basic Research, LLC*, No. 2:07-CV-871-TS, 2013 WL 1194721, at *5, *7 (D. Utah Mar. 22, 2013) (unpublished) (holding that required Rule 23 approval did not affect the binding nature of the underlying agreement and directing the parties to file a joint motion for preliminary approval), appeal dismissed, 750 F.3d 1173 (10th Cir. 2014). The Court's same-day actions may reflect that approval: it found Dkts. 16 and 42 moot expressly because of Dkt. 45, and chambers then vacated the scheduled hearing. (Dkts. 46–48.) Plaintiff respectfully requests confirmation that the Stipulated PI/Order governs. If the Court concludes that its June 3 actions did not complete approval or entry, Plaintiff requests whatever additional approval and conforming order the Court deems necessary.

If the Court determines that further entry is necessary and analyzes the requested order under the consent-decree framework, its threshold requirements are satisfied: the agreed relief resolves a dispute within the Court's jurisdiction, falls within the general scope of the pleadings, and furthers the Lanham Act. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Plaintiff does not ask the Court to create new substantive obligations; it asks the Court to enforce the binding filed stipulation through a Rule 65(d)-compliant order, adjusting only the expired implementation dates. *See United States v. Colorado*, 937 F.2d 505, 509–10 (10th Cir. 1991) (a court may approve or reject a consent decree but may not materially rewrite it). The stipulated relief is lawful, fair, adequate, and reasonable; it is neither collusive nor contrary to the public interest. The requested certification is an ancillary compliance measure, not a change to Defendant's substantive obligations.

The Stipulated PI/Order's unsigned judicial signature line does not erase the parties'

stipulation or resolve the legal effect of the Court's June 3 actions. Plaintiff respectfully leaves that characterization to the Court. The complete stipulated terms and jointly requested order appear on the face of the instrument Defendant executed and filed, and the Court acted on that filing the same day. (Dkts. 46–48.) Whether those actions already confirmed it as operative or a further Rule 65(d)-compliant order is necessary, Defendant may not discard its filed stipulation at will under *Wheeler*.

The accompanying proposed order supplies a Rule 65(d)(1)-compliant form if the Court determines that further entry or memorialization is necessary. The Tenth Circuit strictly applies the rule's four-corners requirement: an injunction must state every command in the order itself rather than require the parties to consult another document. *Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1168 (10th Cir. 2009). Plaintiff has therefore reproduced the Stipulated PI/Order's substantive commands in the proposed order, changing only the expired July 1, 2026, dates to the requested three-business-day implementation deadline. That form gives practical effect to the parties' agreement without modifying its substance. *Cf. id.* at 1170 n.6.

The Court must consider security and determine whether it is necessary. *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987). But the Court has "wide discretion under Rule 65(c) in determining whether to require security," including discretion to require none. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009). Defendant voluntarily executed and filed the stipulated injunction, and the record identifies no likely compensable harm from compliance with its agreed terms. Plaintiff therefore requests an express finding that security is unnecessary.

**B.**      **If Defendant opposes enforcement, it cannot disavow the stipulation while retaining its benefits.**

To the extent Defendant opposes enforcement by asserting that the Stipulated PI/Order is nonbinding, judicial estoppel independently forecloses that inconsistent position. Relevant considerations include whether a party's later position is clearly inconsistent with its earlier one, the court accepted the earlier position, and the change would create an unfair advantage or unfair detriment. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001); *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013).

If Defendant takes that position, the remaining considerations are established by the existing record: Defendant executed the Stipulated PI/Order, which the parties filed as the instrument resolving the preliminary-injunction motion; this Court expressly relied on Dkt. 45 in finding Dkts. 16 and 42 moot; chambers then vacated the hearing; and Defendant received the contemplated procedural benefits. (Dkts. 46–48.) Defendant cannot deny the stipulation's binding effect while retaining the judicial relief it produced.

Nor is there any failure of consideration or unfulfilled condition stated in the Stipulated PI/Order. Defendant received those procedural benefits: the injunction motion and supplemental-declaration request were mooted, and the hearing was vacated. (Dkts. 46–48.) No term conditions Defendant's obligations on the progress, content, or outcome of any settlement discussion. Under *Wheeler*, withdrawal is available only to prevent manifest injustice, and a change in the premise said to have motivated a stipulation does not suffice. 935 F.2d at 1097–99. Nothing in the present record establishes manifest injustice.

The Tenth Circuit's framework does recognize a sliding scale. Under *In re Durability Inc.*,

8

212 F.3d 551, 555–57 (10th Cir. 2000), relief from earlier factual stipulations should have been available where the request came early and the opposing party had suffered no prejudice from reliance on them. This case is the mirror image. Defendant's stipulation vacated an imminent evidentiary hearing, mooted the fully briefed preliminary-injunction motion and the motion for leave to file two supplemental declarations, and released the June 5, 2026, setting from the Court's calendar—precisely the prejudice whose absence drove *Durability*'s contrary result. On *Durability*'s own terms, Defendant faces the demanding end of the scale, and it has identified nothing beyond its own change of heart.

**II.      Paragraph 3 remains unperformed; paragraph 1 performance remains unconfirmed.**

The record is one-sided. On July 1, 2026, Defendant's counsel said he was awaiting a client update about "today's deadlines under the stipulated rebranding order." *See* Briscoe Decl. ¶ 2 & Ex. A. On July 31 and August 6, 2026, Gardner personally accessed representative pages that remained available and had not been disabled, with active e-commerce functions. *See* Gardner Decl. ¶¶ 2–5 & Exs. A–B. Two written requests for confirmation of performance have produced none. *See* Briscoe Decl. ¶¶ 4–6 & Exs. B–C. Performance is ministerial—form notices to distributors and the disabling of a website. Defendant has offered no evidence of impossibility or substantial compliance. The short accommodation Plaintiff extended in early July ran weeks ago.

**III.     Expedited briefing is warranted.**

Paragraph 2's cessation date is August 15, 2026. Under the ordinary schedule, DUCivR 7-1(a)(4)(C)(iii)–(iv) permits fourteen days for an opposition and another fourteen days for a reply; briefing on an August 6, 2026, filing would therefore extend well beyond August 15, 2026, and

9

defeat the practical value of the stipulated cessation date. A five-day opposition period and two-day reply period cause little prejudice. The motion concerns a two-page instrument Defendant executed and filed, the Court's same-day docket entries, and Defendant's own performance; the record is compact and familiar to the parties. Defendant did not respond by the August 5, 2026 deadline. It therefore has provided neither confirmation of performance nor an assurance that it will honor the August 15, 2026 cessation date. Plaintiff therefore proposes that any opposition be filed within five days and any reply within two days, with decision or hearing at the Court's convenience before August 14, 2026. Separate proposed orders governing expedited briefing and the merits accompany this motion.

## CONCLUSION

The Court should confirm and enforce the Stipulated PI/Order or, if necessary, approve it and enter the accompanying Rule 65(d)-compliant order; require performance of paragraphs 1 and 3 within three business days, a filed compliance certification, and adherence to paragraph 2's deadlines; and find Rule 65(c) security unnecessary. Plaintiff reserves its request for the fees and costs occasioned by Defendant's nonperformance. Counsel conferred by letters dated July 22 and July 31, 2026, seeking the requested performance and confirmations. *See* Briscoe Decl. ¶¶ 4–6 & Exs. B–C. Defendant has neither confirmed performance nor assured compliance with the August 15, 2026 cessation date.

DATED this 6th day of August 2026.

**KNH LLP**
*/s/ Thomas D. Briscoe*
Thomas D. Briscoe
Chad S. Pehrson
Stephen C. Mouritsen
*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

## CERTIFICATE OF SERVICE

I certify that on the 6th day of August 2026, I caused the foregoing **PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Thomas D. Briscoe*