Thomas D. Briscoe (16788)
Chad S. Pehrson (12622)
Stephen C. Mouritsen (16523)
**KNH LLP**
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
*tbriscoe@knh.law*
*cpehrson@knh.law*
*smouritsen@knh.law*

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>Defendant and Counter-Plaintiff. | **DECLARATION OF THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, Thomas D. Briscoe, declare pursuant to 28 U.S.C. § 1746:

1.      I am an attorney at KNH LLP and counsel for Plaintiff Roxberry Licensing, LLC. I make this declaration from personal knowledge. I refer to the parties' Stipulated Preliminary Injunction with an accompanying proposed Order (Dkt. 45) as the "**Stipulated PI/Order**."

2.      On July 1, 2026, at approximately 1:12 p.m. MT, I received an email from

1

Defendant's counsel, Aaron T. Brogdon. A true and correct copy is attached as **Exhibit A.** The email referred to "today's deadlines under the stipulated rebranding order" and stated that counsel was waiting for an update from Defendant regarding those deadlines.

3. On July 2, 2026, at Plaintiff's direction, I communicated a short, one-week accommodation of the then-pending deadlines to give the parties' discussions room. That short accommodation expired in early July.

4. On July 22, 2026, I sent Defendant's counsel a letter requesting written confirmation by July 27, 2026, that Defendant had sent the written notices required by paragraph 1 of the Stipulated PI/Order and had disabled and discontinued all commercial use of getroxberry.com as required by paragraph 3 of the Stipulated PI/Order. A true and correct copy of the July 22, 2026 letter is attached as **Exhibit B**.

5. By July 27, 2026, I had received no written confirmation that either obligation had been performed. On July 31, 2026, I sent Defendant's counsel another letter requesting the same confirmations by August 5, 2026, at 5:00 p.m. MT and asking whether Defendant intended to comply with the August 15 and October 1, 2026, dates in paragraph 2 of the Stipulated PI/Order. A true and correct copy of the July 31, 2026 letter is attached as **Exhibit C.** The July 31, 2026 letter's reference to a July 24, 2026, response date was a clerical misstatement; the transmitted July 22, 2026 letter attached as Exhibit B set July 27, 2026.

6. I received no response to the July 31, 2026 letter by the 5:00 p.m. MT deadline on August 5, 2026.

7. As of the execution of this declaration, Defendant has not supplied the requested confirmations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2026.

/s/ Thomas D. Briscoe
Thomas D. Briscoe

## CERTIFICATE OF SERVICE

I certify that on the 6th day of August 2026, I caused the foregoing **DECLARATION OF THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Thomas D. Briscoe*