# EXHIBIT B

## to

# DECLARATION OF

## THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER

---

**July 22, 2026 Letter to Defendant's Counsel Requesting Written Confirmation by July 27, 2026**

**TOM BRISCOE**
tbriscoe@knh.law
801.994.4646 x347

50 W Broadway, Suite 900, Salt Lake City, Utah 84101

4000 MacArthur Blvd, Ste. 600 East Tower, Newport Beach, CA 92660

July 22, 2026

**VIA EMAIL ONLY** (abrogdon@fbtgibbons.com)

Aaron T. Brogdon
FBT Gibbons
One Columbus Center
10 West Broad Street, Suite 2300
Columbus, OH 43215

**Re:** *Roxberry Licensing, LLC v. Roxberry Naturals, Inc.*, No. 2:26-cv-00126-JNP-JCB (D. Utah) — Stipulated Preliminary Injunction (Dkt. 45)

Aaron:

I write regarding Roxberry Naturals' obligations under the Stipulated Preliminary Injunction entered June 3, 2026 (Dkt. 45). Despite the parties' good-faith settlement efforts, which Roxberry Licensing has supported and continues to support, those discussions have not progressed as hoped. Meanwhile, marketplace confusion continues and Roxberry Licensing continues to be harmed.

In early July, to give those discussions room, Roxberry Licensing accommodated a one-week extension of then-pending deadlines. That accommodation has run its course, yet Roxberry Naturals' obligations under paragraphs 1 and 3 remain outstanding: the written notice to retail distributors required by paragraph 1 was due July 1, 2026, and the getroxberry.com domain remains in active commercial use — including an online storefront offering Roxberry Naturals' products — despite paragraph 3's requirement that such use be disabled and discontinued. Roxberry Licensing is not in a position to extend the accommodation further.

We therefore ask that you confirm in writing by Monday, July 27, 2026 that (1) the paragraph 1 notices have been sent to Roxberry Naturals' retail distributors, with copies or a description sufficient to confirm compliance, and (2) all commercial use of the getroxberry.com domain has been disabled and discontinued as required by paragraph 3. We also trust that Roxberry Naturals is planning for full and timely compliance with the remaining deadlines, including the August 15, 2026 cessation date and the October 1, 2026 sell-through completion date. Consistent with the order's express terms, Roxberry Licensing waives no claims or remedies and reserves all rights. If we have not received the requested confirmation by July 27, we will have no alternative but to raise the matter with the Court.

None of the foregoing forecloses resolution. Roxberry Licensing remains willing to resolve the remaining issues along the lines counsel previously discussed, including an

appropriate accounting for sales made before and during the sell-through period. If Roxberry Naturals wishes to pursue that path, we are available to confer.

Very truly yours,


/s/Thomas D. Briscoe
KNH LLP
*Counsel for Roxberry Licensing, LLC*

cc:    David P. Johnson (djohnson@wnlaw.com)
       Brittany Frandsen (bfrandsen@wnlaw.com)
       Chad S. Pehrson (cpehrson@knh.law)