# EXHIBIT C

## to

# DECLARATION OF

**THOMAS D. BRISCOE IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER**

---

**July 31, 2026 Letter to Defendant's Counsel Requesting Confirmation by August 5, 2026**

**TOM BRISCOE**
tbriscoe@knh.law
801.994.4646 x347

50 W Broadway, Suite 900, Salt Lake City, Utah 84101

4000 MacArthur Blvd, Ste. 600 East Tower, Newport Beach, CA 92660

July 31, 2026

**VIA EMAIL ONLY** (abrogdon@fbtgibbons.com)

Aaron T. Brogdon
FBT Gibbons
One Columbus Center
10 West Broad Street, Suite 2300
Columbus, OH 43215

**Re:**   *Roxberry Licensing, LLC v. Roxberry Naturals, Inc.*, No. 2:26-cv-00126-JNP-JCB
(D. Utah) — Your July 30, 2026 Letter; Stipulated Preliminary Injunction (Dkt. 45)

Aaron:

We have reviewed your fourteen-page letter of July 30, 2026. Roxberry Licensing will not respond point by point to its discussion of the merits, remedies, or counterclaims; we disagree with substantially all of it, and all of Roxberry Licensing's positions, claims, and remedies are fully reserved. Two points, however, require correction now, and one matter requires your client's immediate attention.

*First*, the letter proceeds from the premise that the Stipulated Preliminary Injunction is a freestanding private contract — one the Court never acted upon, and one Roxberry Naturals may simply "rescind." The record does not support that premise. Roxberry Naturals itself proposed the Stipulated Preliminary Injunction (Dkt. 45), pursuant to Rule 65 and in response to the pending Motion for Preliminary Injunction, jointly requesting entry of the order set out over the Court's signature block and vacatur of the June 5 evidentiary hearing. The Court expressly relied on that stipulation the same day, three times: it found the Motion for Preliminary Injunction moot "due to [45] the stipulated preliminary injunction agreed to by the parties" (Dkt. 46); it found Roxberry Licensing's motion for leave to file supplemental declarations moot on the same basis (Dkt. 47); and it vacated the evidentiary hearing (Dkt. 48). Roxberry Naturals received the full benefit of that reliance — the hearing it stipulated to avoid never occurred. If Roxberry Naturals now contends that the jointly submitted order awaits the Court's signature, Roxberry Licensing will promptly move for entry of the stipulated order — relief Roxberry Naturals itself requested — and, if Roxberry Naturals purports to repudiate the stipulation, for reinstatement of the fully briefed Motion for Preliminary Injunction (Dkt. 16) and consideration of the supplemental declarations (Dkt. 42), both mooted only because of the stipulation. A party may not repudiate a stipulation while retaining its benefits, and unilateral rescission is not among Roxberry Naturals' options. If your letter suggests that Roxberry Naturals regards its obligations under the stipulation as optional pending settlement, we take that suggestion seriously, and it will inform the relief we request.

*Second*, Roxberry Licensing does not accept the letter's characterizations of the parties' settlement discussions and reserves its position on them. Two points, however, warrant correction now. First, throughout those discussions, Roxberry Licensing's principal expressly preserved all of Roxberry Licensing's claims — including its claims for damages, profits, costs, and attorneys' fees — and no agreement of any kind, on any subject, was reached. Second, the parties' exploration

www.knh.law



**TOM BRISCOE**
tbriscoe@knh.law
801.994.4646 x347

50 W Broadway, Suite 900, Salt Lake City, Utah 84101
4000 MacArthur Blvd, Ste. 600 East Tower, Newport Beach, CA 92660

of possible resolution structures neither modified the stipulation nor waived any right under it: the stipulation conditions none of Roxberry Naturals' obligations on the content, direction, or outcome of settlement discussions, and the stipulation signed by both parties expressly provides that Roxberry Licensing "waives no claims or remedies." If Roxberry Naturals elects to place its characterization of those discussions before the Court, Roxberry Licensing will respond with the record.

*Third*, and immediately: our July 22, 2026 letter requested written confirmation, by July 24, that the written notices required by paragraph 1 of the Stipulated Preliminary Injunction had been sent to Roxberry Naturals' retail distributors and that all commercial use of the getroxberry.com domain had been disabled and discontinued in accordance with paragraph 3. No response confirming actual compliance with paragraph 3 of the Stipulated Preliminary Injunction has been received. As of the afternoon of July 31, 2026, the getroxberry.com site remains in active commercial use, including an operating online storefront. Your July 30 letter — while restating these obligations as "the full obligations our client assumed" — nowhere states that Roxberry Naturals has performed them.

Accordingly, please confirm in writing by **5:00 p.m. Mountain Time on Wednesday, August 5, 2026**: (1) that the paragraph 1 written notices have been sent, with copies or a description sufficient to confirm compliance; (2) that all commercial use of the getroxberry.com domain has been disabled and discontinued in accordance with paragraph 3; and (3) whether Roxberry Naturals intends to comply with the August 15, 2026 and October 1, 2026 dates set by paragraph 2 of the Stipulated Preliminary Injunction. If we do not receive these confirmations by that time, Roxberry Licensing will seek appropriate relief from the Court without further notice. Consistent with the stipulation's express terms, Roxberry Licensing waives no claims or remedies and reserves all rights.

Finally, as to resolution: Roxberry Licensing will respond to the settlement-related portions of your letter separately, and it remains willing to discuss a reasonable resolution of the remaining issues. But settlement discussions do not suspend the stipulation, and compliance with it is not a bargaining chip. The two can and should proceed on separate tracks, as they have to date.

Regards,

/s/Thomas D. Briscoe
Thomas D. Briscoe
KNH LLP
Counsel for Roxberry Licensing, LLC

cc:  Samantha M. Quimby (squimby@fbtgibbons.com)
     David P. Johnson (djohnson@wnlaw.com)
     Brittany Frandsen (bfrandsen@wnlaw.com)
     Chad S. Pehrson (cpehrson@knh.law)
     Stephen C. Mouritsen (smouritsen@knh.law)