**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>            Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>            Defendant and Counter-Plaintiff. | **[PROPOSED] ORDER CONFIRMING AND ENFORCING THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45)**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Before the Court is Plaintiff Roxberry Licensing, LLC's Expedited Motion to Confirm and Enforce the Stipulated Preliminary Injunction (Dkt. 45) and, if necessary, for entry of a conforming order ("**Motion**"). On June 3, 2026, Defendant Roxberry Naturals, Inc. executed, and the parties filed, a Stipulated Preliminary Injunction with an accompanying proposed Order (Dkt. 45) (the "**Stipulated PI/Order**"), in which they jointly requested the stipulated relief reflected there. (Dkt. 45 at PageID.1110–11.) The Court expressly relied on Dkt. 45 in finding Plaintiff's Motion for Preliminary Injunction moot (Dkt. 46) and Plaintiff's motion for leave to file supplemental declarations moot (Dkt. 47); chambers later vacated the June 5, 2026, evidentiary hearing (Dkt. 48). Having considered the Motion, the record, and the parties' submissions, and good cause appearing, the Court GRANTS the Motion and ORDERS as follows:

1.      The Court CONFIRMS that the Stipulated PI/Order governs the parties' obligations. To the extent any further approval is necessary under DUCivR 83-4, that approval is GRANTED. The Court finds that the injunction springs from and resolves a dispute within the Court's subject-matter jurisdiction, comes within the general scope of the case made by the

1

pleadings, and furthers the objectives of the Lanham Act. The injunction is lawful, fair, adequate, and reasonable; is not collusive; and is not contrary to the public interest.

2. This Order confirms and enforces the Stipulated PI/Order—the parties' Rule 65 stipulation resolving Plaintiff's preliminary-injunction motion—and, to the extent further memorialization is necessary, states its terms specifically and describes in reasonable detail within its four corners every act required, as required by Federal Rule of Civil Procedure 65(d)(1).

3. The Court has considered Federal Rule of Civil Procedure 65(c) and finds that security is unnecessary because Defendant voluntarily agreed to the injunctive terms and the record shows no likelihood of compensable harm from compliance with those terms.

4. For the avoidance of doubt, pursuant to Federal Rule of Civil Procedure 65, Defendant Roxberry Naturals, Inc. is and remains PRELIMINARILY ENJOINED as follows:

(a) The original July 1, 2026 deadline has passed. Within three business days after entry of this Order, Defendant shall notify in writing its retail distributors that its products bearing the ROXBERRY name or mark are being discontinued and that they are no longer authorized to distribute, offer for sale, or sell such products after August 1, 2026;

(b) By no later than August 15, 2026, Defendant shall cease and discontinue any and all use(s) of the ROXBERRY mark—including the word mark ROXBERRY and its ROXBERRY design mark—in the advertising, promotion, distribution, and/or sale of its goods and services, subject to the sell-through of any remaining current inventory, which sales must be completed no later than October 1, 2026. Any such sell-through sales shall be treated as any other sales for purposes of determining damages, if any, during this litigation proceeding; and

2

(c)    The original July 1, 2026 deadline has passed. Within three business days after entry of this Order, Defendant shall disable and discontinue any commercial use of the domain name "getroxberry.com."

5.    As an ancillary compliance-reporting measure that does not alter Defendant's substantive obligations, within five business days after entry of this Order, Defendant shall file a declaration or certification under penalty of perjury by a person with personal knowledge: (a) identifying the date on which the notices required by paragraph 4(a) were transmitted; (b) confirming that the notices contained the language required by paragraph 4(a); and (c) confirming compliance with paragraph 4(c).

6.    Consistent with the parties' stipulation, Defendant admits no liability or wrongdoing by this Order, and Plaintiff waives no claims or remedies. Any and all claims, defenses, and related arguments held and asserted by the parties are expressly reserved.

**IT IS SO ORDERED.**

DATED this ___ day of August 2026.

_____
Hon. Jill N. Parrish
United States District Judge

3

## CERTIFICATE OF SERVICE

I certify that on the 6th day of August 2026, I caused the foregoing **[PROPOSED]**

**ORDER CONFIRMING AND ENFORCING THE STIPULATED PRELIMINARY**

**INJUNCTION (DKT. 45)** to be filed using the Court's CM/ECF system, which will send notice

of electronic filing to all counsel of record.


*/s/Thomas D. Briscoe*