Thomas D. Briscoe (16788)
Chad S. Pehrson (12622)
Stephen C. Mouritsen (16523)
**KNH LLP**
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
*tbriscoe@knh.law*
*cpehrson@knh.law*
*smouritsen@knh.law*

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>    Defendant and Counter-Plaintiff. | **SUPPLEMENTAL JOINT STATUS REPORT REGARDING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART, INC. (DKT. 39) AND PLAINTIFF'S SHORT-FORM DISCOVERY MOTION TO COMPEL (DKT. 52)**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to the parties' August 3, 2026, Joint Status Report, Plaintiff and Counter-Defendant Roxberry Licensing, LLC ("**Plaintiff**") and Defendant and Counter-Plaintiff Roxberry Naturals, Inc. ("**Defendant**") submit this Supplemental Joint Status Report Regarding Defendant's Motion to Quash Plaintiff's Subpoena to Walmart, Inc. (Dkt. 39) and Plaintiff's Short-Form Discovery Motion to Compel (Dkt. 52). The issues underlying those motions have not been resolved. The parties' respective positions and proposed schedules are set forth below.

1

## I. PLAINTIFF'S POSITION AND PROPOSED SCHEDULE

In light of Defendant's representations in Section II of the parties' August 3, 2026, Joint Status Report—including that no further responsive information exists in Defendant's possession, custody, or control and that Defendant does not possess additional Walmart SKU/UPC sales data—Plaintiff proposes that:

(a) the remaining issues raised in Plaintiff's Short-Form Discovery Motion to Compel (Dkt. 52) be resolved based on, and expressly subject to, those representations, on which Plaintiff relies as binding for purposes of that motion, without prejudice to Plaintiff's right to seek appropriate relief if contrary information later emerges and subject to Defendant's continuing supplementation obligations; and

(b) the Court lift the abeyance of Defendant's Motion to Quash Plaintiff's Subpoena to Walmart, Inc. (Dkt. 39) and permit Plaintiff to proceed with the subpoena because Defendant represents that it does not possess the requested data. If Defendant maintains its motion to quash, Plaintiff proposes that the Court decide it on the existing briefing.

## II. DEFENDANT'S POSITION AND PROPOSED SCHEDULE

Defendant' position is that all issues relating to Plaintiff's Short-Form Discovery Motion to Compel (Dkt. 52) have been resolved.

With regard to Defendant's Motion to Quash Plaintiff's Subpoena to Walmart, Inc. (Dkt. 39), Defendant reiterates that the additional SKU and UPC sales data Plaintiff seeks is neither relevant to any party's claim or defense nor proportional to the needs of this case.  Defendant is a single-product company that sells all of its goods under its Roxberry mark. As such, even if Plaintiff could establish infringement and/or entitlement to damages (neither of which is the case),

there would not be any non-Roxberry sales or product revenue to segregate for the purpose of calculating alleged damages (hence, no need for any additional breakdown of Defendant's retail sales information).

Thus, even if a damages calculation were warranted (which it is not), Plaintiff has already received all relevant sales and volume information needed to identify sales made using Defendant's Roxberry mark and to calculate any related revenues and profits. Information regarding additional SKU/UPC breakdowns and data is neither relevant nor proportional to the needs of the case, and permitting Plaintiff to pursue such information from Walmart via third-party discovery would only serve to unduly burden Defendant's retail partner (and, by extension, effect harassment and injury upon Defendant) while not yielding any relevant or discoverable information not already in Plaintiff's possession.

Defendant therefore respectfully submits that its Motion to Quash (Dkt. 39) should be granted and requests leave to supplement its briefing if/as the Court may deem necessary and appropriate, to incorporate the foregoing discovery update and further clarify the points above.

DATED this 10th day of August 2026.

| KNH LLP | FBT GIBBONS LLP |
|---|---|
| */s/ Thomas D. Briscoe* | */s/ Aaron T. Brogdon\** |
| Thomas D. Briscoe | Aaron T. Brogdon |
| Chad S. Pehrson | |
| Stephen C. Mouritsen | *Attorney for Defendant and Counter-Plaintiff Roxberry Naturals, Inc.* |
| *Attorneys for Plaintiff and Counter-Defendant* | |
| *Roxberry Licensing, LLC* | *(\*Signed with permission provided via email 8/10/26.)* |

3

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, I caused the foregoing **SUPPLEMENTAL JOINT STATUS REPORT REGARDING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO WALMART, INC. (DKT. 39) AND PLAINTIFF'S SHORT-FORM DISCOVERY MOTION TO COMPEL (DKT. 52)** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Thomas D. Briscoe*