David P. Johnson (USB No. 13260)
*djohnson@wnlaw.com*
Brittany Frandsen (USB No. 16051)
*bfrandsen@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Aaron T. Brogdon
*abrogdon@fbtgibbons.com*
FBT GIBBONS LLP
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Telephone: (614) 559-7262

*Attorneys for Defendant Roxberry Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>     Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>     Defendant and Counter-Claimant. | Case No. 2:26-cv-00126-JNP<br><br>**DECLARATION OF ANDY SAUER IN SUPPORT OF DEFENDANT ROXBERRY NATURALS, INC.'S OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, Andy Sauer, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a Co-Founder and CEO of Defendant Roxberry Naturals, Inc. ("Defendant").

I have personal knowledge of the following facts and if called to testify, I am competent to testify

to the truthfulness of all matters stated herein.

2.      On February 11, 2026, Plaintiff Roxberry Licensing, LLC ("Plaintiff") filed suit against Defendant alleging trademark infringement of the mark, ROXBERRY.

3.      Following prior settlement discussions between counsel for the parties, and in anticipation of continuing such discussions, on June 3, 2026, the parties filed a Stipulated Preliminary Injunction in which Defendant agreed to rebrand by (1) disabling its commercial use of the domain name, "getroxberry.com" by July 1, 2026; (2) notifying its retail distributors that its products bearing the ROXBERRY mark or name are being discontinued by July 1, 2026 and that they are no longer authorized to distribute, offer to sell, or sell such products after August 1, 2026, and (3) discontinue its use of the ROXBERRY mark by August 15, 2026. *See* ECF No. 45.

4.      On June 12, 2026, Plaintiff's president, Brad Davis ("Davis") independently contacted me to explore possible settlement options.  Davis and I then continued to discuss possible settlement options directly from that initial June date through August 4, 2026.

5.      During our June 12, 2026 conversation and throughout the course of our discussions, one settlement option that Davis and I discussed involved executing a coexistence agreement under which Defendant would have continued to use its Roxberry mark while granting Plaintiff some of Defendant's stock. Davis proposed this option, and it appeared that a coexistence agreement was high on Plaintiff's list of preferred settlement options.

6.      At that point in time, Defendant had already begun taking steps to rebrand as contemplated, including the identification and vetting of a replacement for its Roxberry mark.

7.      In the context of exploring such a coexistence-based resolution, which would have (by definition) involved Defendant continuing to use its Roxberry mark and not rebranding, it was agreed and understood that Defendant did not need to take the agreed-upon steps of phasing out

its "getroxberry.com" domain or providing notification to retail distributors, as the previously-agreed-upon deadlines for such steps came and went with coexistence still under discussion.

8.      Based on that understanding, and because settlement discussions centered around coexistence remained underway, Defendant did not continue the rebranding process, but rather put off such steps as redesigning its product packaging, redesigning its marketing and advertising materials, ordering redesigned product packaging and marketing and advertising materials, developing a new website and phasing out its former internet domain, notifying each retailer and distributor of the rebrand, and updating its social media accounts. Coexistence would only work if Defendant continued using its ROXBERRY mark.

9.      Davis and I had several settlement discussions during the month of July, throughout which time coexistence remained a topic of discussion and a potential form of resolution.

10.      Davis and I most recently spoke about a potential settlement on August 4, 2026, following up on a conversation between us on August 3, 2026, when Davis had called me to continue discussions regarding a potential coexistence agreement and solicit a counteroffer from Defendant.  Thus, it was my understanding that settlement discussions were still alive and ongoing, with coexistence specifically still in play, up until the filing of Plaintiff's motion on Thursday, August 6.  Though we had not reached an agreement prior to the filing of Plaintiff's motion, we also had not agreed to end settlement discussions.  At no point during our communications on August 3 and 4 did Davis express any intention of demanding a rebrand or indicate that Plaintiff intended to seek judicial enforcement of the parties' stipulation, which would effectively put an end to any settlement discussions based upon coexistence (and, by extension, Defendant's continued use of its Roxberry mark).

11.    Notwithstanding my settlement discussions with Davis, which had contemplated a potential coexistence agreement and Defendant's continued use of its Roxberry mark, after further consideration, Defendant has now decided to proceed with the rebrand.

12.    I understand that in its Motion filed on August 6, 2026, Plaintiff has requested a three-business-day implementation deadline. Based on my experience operating Defendant and understanding of the logistical challenges of a company-wide rebrand, a three-business-day implementation deadline is not feasible.  To fully discontinue use of the ROXBERRY mark, Defendant will need to complete numerous labor-intensive tasks, including: (1) redesign its product packaging; (2) redesign its marketing and advertisement materials; (3) order redesigned product packaging and marketing and advertising materials; (4) redesign its new website and phase-out its former internet domain; (5) notify each retailer and distributor of the rebrand; and (6) update its social media accounts. Such a demand is also inconsistent with the discussions and understanding between Davis and myself, which had essentially permitted and acknowledged the passage of previously agreed-upon deadlines to implement the initial steps of a rebrand.

 I declare under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of August, 2026.

By: */s/ Andy Sauer*
       Andy Sauer

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2026, I electronically filed the foregoing DECLARATION OF ANDY SAUER IN SUPPORT OF DEFENDANT ROXBERRY NATURALS, INC.'S OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Thomas D. Briscoe (USB No. 16788)
Stephen Mouritsen (USB No. 16523)
Chad Pehrson (USB No. 12622)
KNH LLP
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
*tbriscoe@knh.law*
*smouritsen@knh.law*
*cpehrson@knh.law*

*Counsel for Plaintiff*
*and Counterclaim Defendant*

*/s/ Aaron T. Brogdon*