Thomas D. Briscoe (16788)
Chad S. Pehrson (12622)
Stephen C. Mouritsen (16523)
**KNH LLP**
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
*tbriscoe@knh.law*
*cpehrson@knh.law*
*smouritsen@knh.law*

*Attorneys for Plaintiff and Counter-Defendant*
*Roxberry Licensing, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>Defendant and Counter-Plaintiff. | **DECLARATION OF BRAD DAVIS IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

I, Brad Davis, declare pursuant to 28 U.S.C. § 1746:

1. I am the President of Plaintiff Roxberry Licensing, LLC ("**Plaintiff**"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could testify competently to them.

2. I am familiar with the Stipulated Preliminary Injunction and proposed Order filed

on June 3, 2026 (Dkt. 45) (the "**Stipulated PI/Order**"). I participated in direct discussions with Andy Sauer, Defendant Roxberry Naturals, Inc.'s Chief Executive Officer, after Dkt. 45 was filed.

3. Between June 12 and August 4, 2026, Mr. Sauer and I discussed possible settlement of the parties' broader dispute. No offer was accepted, and no settlement agreement was reached.

4. At no time did I agree, orally or in writing, to waive, suspend, or modify any obligation or deadline in the Stipulated PI/Order.

5. On or about July 2, 2026, I authorized Plaintiff's counsel to communicate in writing a limited, one-week accommodation concerning the July 1 deadlines so the parties could continue their discussions. I did not authorize any indefinite or additional extension.

6. Mr. Sauer and I had additional discussions during July and on August 3 and 4, 2026. I did not agree that those discussions extended or replaced the one-week accommodation, or that any obligation or deadline in the Stipulated PI/Order was suspended while they continued or until any particular date or event.

7. I did not promise that Plaintiff would refrain from demanding performance of the Stipulated PI/Order or from seeking judicial enforcement. I did not agree that any implementation period in the Stipulated PI/Order would restart upon entry of a future order.

8. I did not execute or authorize any written amendment, standstill, or other agreement modifying the Stipulated PI/Order. To my knowledge, no such agreement was executed by the parties or submitted for court approval.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2026.

*/s/Brad Davis*
Brad Davis

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of August 2026, I caused the foregoing **DECLARATION OF BRAD DAVIS IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND, IF NECESSARY, FOR ENTRY OF A CONFORMING ORDER** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Thomas D. Briscoe*
Thomas D. Briscoe