**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>Defendant and Counter-Plaintiff. | **[REVISED PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND FOR ENTRY OF THE STIPULATED ORDER**<br><br>Case No. 2:26-cv-00126-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Before the Court is Plaintiff Roxberry Licensing, LLC's Expedited Motion to Confirm and Enforce the Stipulated Preliminary Injunction (Dkt. 45) and, if Necessary, for Entry of a Conforming Order (Dkt. 63) (the "**Motion**"). Having considered the Motion, Defendant's Opposition, Plaintiff's Reply, the declarations and exhibits, and the record, and good cause appearing, the Court ORDERS as follows:

1. The Court APPROVES the parties' Stipulated Preliminary Injunction (Dkt. 45) under Federal Rule of Civil Procedure 65 and DUCivR 83-4. The Court finds that the stipulated injunction springs from and resolves a dispute within the Court's subject-matter jurisdiction, comes within the general scope of the case made by the pleadings, and furthers the objectives of the Lanham Act. It is lawful, fair, adequate, and reasonable; is not collusive; and is not contrary to the public interest.

2. Pursuant to Federal Rule of Civil Procedure 65(d)(1)(A), this Order issues for the following reasons: (a) on June 3, 2026, Defendant Roxberry Naturals, Inc. executed and jointly

filed with Plaintiff the Stipulated Preliminary Injunction and proposed Order (Dkt. 45), resolving Plaintiff's fully briefed Motion for Preliminary Injunction (Dkt. 16); (b) in reliance on that filing, the Court found the Motion for Preliminary Injunction moot (Dkt. 46) and Plaintiff's motion for leave to file a supplemental declaration moot (Dkt. 47), and vacated the June 5, 2026 evidentiary hearing (Dkt. 48); (c) the obligations in paragraphs 1 and 3 of Dkt. 45 came due on July 1, 2026 and, on the record before the Court, had not been performed as of the filing of the Motion and Reply; (d) the August 15, 2026 date in paragraph 2 of Dkt. 45 has passed; and (e) entry of this Order is necessary to state the parties' agreed relief in an order satisfying Rule 65(d)(1) and to secure performance. This Order states its terms specifically and describes in reasonable detail, within its four corners, every act it requires.

3. The Court has considered Federal Rule of Civil Procedure 65(c) and requires no security. Defendant agreed to the injunctive terms in Dkt. 45, which contains no security provision; Defendant has not requested security; and Defendant has identified no harm from being held to its own agreement.

4. Pursuant to Federal Rule of Civil Procedure 65, Defendant Roxberry Naturals, Inc. is PRELIMINARILY ENJOINED and ORDERED as follows:

(a) The July 1, 2026 date in paragraph 1 of Dkt. 45 having passed, within three business days after entry of this Order, Defendant shall notify in writing its retail distributors that its products bearing the ROXBERRY name or mark are being discontinued and that they are no longer authorized to distribute, offer for sale, or sell such products after August 1, 2026.

(b) Defendant's obligation under paragraph 2 of Dkt. 45 matured on August 15, 2026.

Defendant shall forthwith cease and discontinue any and all use of the ROXBERRY mark—including the ROXBERRY word mark and the ROXBERRY design mark—in the advertising, promotion, distribution, and/or sale of its goods and services, subject to the sell-through of any remaining current inventory, which sales must be completed no later than October 1, 2026. Any such sell-through sales shall be treated as any other sales for purposes of determining damages, if any, during this litigation proceeding.

(c) The July 1, 2026 date in paragraph 3 of Dkt. 45 having passed, within three business days after entry of this Order, Defendant shall disable and discontinue any commercial use of the domain name "getroxberry.com."

5. As an ancillary compliance-reporting measure that does not alter Defendant's substantive obligations, within five business days after entry of this Order, Defendant shall file a declaration or certification under penalty of perjury by a knowledgeable corporate representative: (a) identifying each retail distributor notified under paragraph 4(a), and the date and manner of each notice; (b) attaching a copy of the form of notice sent; (c) identifying the date and manner in which Defendant disabled and discontinued commercial use of getroxberry.com; and (d) confirming that Defendant has ceased the uses covered by paragraph 4(b), subject only to the permitted sell-through stated in that paragraph.

6. Nothing in this Order extends the October 1, 2026 sell-through date or any other date or obligation in Dkt. 45.

7. Consistent with the parties' stipulation, Defendant admits no liability or wrongdoing by this Order, and Plaintiff waives no claims or remedies. Any and all claims, defenses, and related arguments held and asserted by the parties are expressly reserved.

8. The Court retains jurisdiction to construe, enforce, and modify this Order, including on an expedited basis upon motion of either party.

**IT IS SO ORDERED.**

DATED this ____ day of August 2026.

______________________________
Hon. Jill N. Parrish
United States District Judge

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of August 2026, I caused the foregoing **[REVISED PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION (DKT. 45) AND FOR ENTRY OF THE STIPULATED ORDER** to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Thomas D. Briscoe
Thomas D. Briscoe