David P. Johnson (USB No. 13260)
*djohnson@wnlaw.com*
Brittany Frandsen (USB No. 16051)
*bfrandsen@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Aaron T. Brogdon
*abrogdon@fbtgibbons.com*
FBT GIBBONS LLP
10 W. Broad St., Ste 2300
Columbus, Ohio 43215
Telephone: (614) 559-7262

*Attorneys for Defendant Roxberry Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>Defendant and Counter-Claimant. | Case No. 2:26-cv-00126-JNP<br><br>**DEFENDANT ROXBERRY NATURALS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO QUASH AND REQUEST FOR ENTRY OF A PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to the Court's August 24 Docket Text Order (ECF No. 72), Defendant Roxberry Naturals, Inc. ("Defendant") respectfully submits the following supplemental brief and requests that the Court quash the subject Walmart subpoena pursuant to Fed. R. Civ. P. 45(c) and/or via entry of a protective order under Rule 26(c)(1), as none of the remaining, unproduced documents are relevant to a party's claim or defense or proportional to the needs of this case.[1]

[1] As noted during the recent status conference, the primary grounds for Defendant's motion have changed since its filing, following Defendant's production of all responsive documents within its possession, custody, and control. With all **relevant** documents having been produced, Defendant respectfully submits that Plaintiff is now in possession of all relevant documents reflected in the Walmart subpoena, and that the subpoena should therefore be quashed pursuant to Rule 26 as well as Rule 45. Should the Court find that such relief requires the filing of a formal motion for protective order under Rule 26(c)(1), Defendant respectfully requests leave to file such a motion.

## I. STANDING AND LEGAL STANDARD

A party to litigation has standing to quash third-party subpoenas that seek sensitive business and confidential information relating to that party. *See* Reply in Supp. of Mot. to Quash at 3 (and authorities cited therein) (ECF No. 49). Such is the case here, with Plaintiff seeking to impose undue burden on Defendant by pursuing third-party discovery relating to downstream sales of Defendant's products. Service of this subpoena would cause Defendant to suffer significant, irreparable injury by interfering with a crucial business relationship, only to pursue information relating to Defendant's business that is neither relevant nor proportional to the needs of this case. Defendant should be permitted to oppose the imposition of such undue burden and harm upon it.

Moreover, courts have noted that parties also "ha[ve] standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if [they do] not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). "Even where a party lacks personal privilege or interest to quash or modify a subpoena, the court may still provide relief through a protective order pursuant to Rule 26(c), thereby limiting or disallowing third-party discovery that is beyond the permissible scope of Rule 26(b)(1)." *Ocwen USVI Servs., LLC v. U.S. Virgin Islands*, 350 F.R.D. 503, 519 (D.V.I. 2025) (citations omitted); *see also Innovasis, Inc. v. Curiteva, Inc.*, 2024 WL 3759793, at *2 (D. Utah Aug. 9, 2024) ("Because a Rule 45 subpoena falls within the scope of…Rule 26, the court can consider whether the subpoena is relevant and proportional …"); *United Energy Workers Healthcare, LLC v. Cavallaro*, 2025 WL 3653798, at *3 (D. Utah Dec. 17, 2025) ("Rule 26(b)…requires the court to limit (i.e., modify) subpoenas seeking discovery beyond the scope of Rule 26.").

Where information sought in discovery "is outside the scope permitted by Rule 26(b)(1), the court must limit discovery." *Shetayh v. State Farm Fire and Cas. Co.*, 2020 WL 6817325, *2 (E.D. Pa. Nov. 20, 2020) (quote cleaned up). This scope limitation applies equally to information sought via third-party subpoenas. *See Transcor, Inc. v. Furney Charters, Inc*., 212 F.R.D. 588, 591 (D. Kan. 2003); *see also Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012). Courts analyzing standing under Rule 45 may independently or concurrently grant relief under Rule 26(c), either by motion of a party **or *sua sponte***. *See Casilao v. Hotelmacher LLC*, 2020 WL 13157818, at *4 (W.D. Okla. May 11, 2020) *citing Green v. Cosby*, 2017 WL 1377593 at *2 (D. Mass. Mar. 11, 2017) (stating the court need not "delve into the standing issue" of a subpoena challenge but may "on motion or on its own" determine whether the "proposed discovery is outside the scope [of] Rule 26(b)(1).")).

Subpoenas are improper if they seek irrelevant information and/or are not proportional to the needs of the case. *Alfwear, Inc. v. Kulkote, LLC*, 2020 WL 4196446, at *2 (D. Utah July 21, 2020) (even marginal relevance does not outweigh burden where "the juice is not worth the squeeze"). Parties may not engage in "fishing expedition[s]" to obtain irrelevant evidence. *Kiva United Energy v. Flashpoint Energy Partners*, LLC, 2025 WL 3257110, at *2 (D. Utah Nov. 21, 2025). Regardless of standing, the court "may exercise its inherent authority to limit irrelevant or non-proportional discovery requests." *Cameron v. CHW Grp., Inc.*, 2025 WL 2896935, at *3 (D. Utah Oct. 10, 2025); *see also United Energy Workers Healthcare, LLC v. Cavallaro*, 2025 WL 3653798, at *3 (D. Utah Dec. 17, 2025) (finding it unnecessary to address whether [a party had] standing to move to quash…on overbreadth and proportionality grounds.").

## II. RELEVANCE

The operative question before the Court is thus whether Plaintiff can make a showing that the information sought under the Walmart subpoena is both relevant and proportional. *See* Fed. R. Civ. P. 26(b)(1). In this context, "the party issuing the subpoena bears the burden of establishing that the materials sought are within the scope of permissible discovery." *NRA Grp., LLC v. Durenleau*, 340 F.R.D. 94, 98 (M.D. Pa. 2021). As such, "[c]ourts use a burden-shifting framework to analyze motions to quash and first require the party issuing a subpoena to show that its request falls within the scope of [Rule] 26." *Shetayh*, 2020 WL 6817325, at *2 (citations omitted). The moving party must show demonstrate relevance and may not merely "embark[] on a 'fishing expedition." *NRA Grp.,* 340 F.R.D. at 98 (citing United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980)). Here, Plaintiff cannot make such a showing.

Defendant has now produced responsive documents containing all relevant and necessary information regarding Defendant's sales, revenue, and profit numbers. This leaves only the following categories of documents: (i) Walmart-specific retail/listing data; (ii) Walmart-controlled marketing/promotional materials; (iii) internal Walmart trademark-related information; (iv) Walmart store placement information; and (v) information regarding Walmart personnel. (*See* ECF No. 39-1 at PageID 1018-20). None of these (if they exist) are relevant or proportional.

First, Walmart cannot produce what it does not have, and there are no "Walmart-controlled" advertising or marketing materials. Defendant bears all responsibility for marketing and promotion, as Walmart does not advertise them. There are thus no documents that would fall into this category as described by Plaintiff, and such information as Walmart shelf placement, planograms, and category assignments have no relevance to Defendant's use of its mark.

Indeed, documents relating to **Walmart's** actions, conduct, and processes are, by definition, not relevant. No claims have been asserted against Walmart, and thus Walmart's merchandising, trademark investigations, and personnel records are irrelevant to Plaintiff's infringement claim. Infringement and related unfair competition claims require proof that "**the defendant** has used an identical or similar mark in commerce, and…**the defendant's** use is likely to confuse consumers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (internal citations omitted) (emphasis added). Thus, the "central question…is whether **the defendant's** use…is likely to cause consumer confusion." *Id.* at 1238 (emphasis added).[2]

As noted in the Parties' recent joint status report (ECF No. 65), Defendant has produced all relevant sales, revenue, and profit information, and Defendant is a single-product company that sells all of its goods under its Roxberry mark. Thus, even if Plaintiff could establish infringement, there would not be any non-Roxberry sales or product revenue to segregate for the purpose of calculating alleged damages. Thus, there is no need for any breakdowns of Defendant's sales by SKU, UPC, channel, or otherwise. Such data is also not needed to inform any expert surveys and/or reports, as delivery channel information (e.g., percentages of online vs. in-store purchases) plays no role in assessing where or how consumers may have encountered the Parties' marks or addressing potential confusion.[3] And contrary to Plaintiff's assertion, Walmart's records can provide no relevant information regarding Defendant's "expansion" or sales through other retailers.

---

[2] If, on the other hand, a third party is induced to use a mark, the proper claim is contributory (not direct) infringement. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853–54 (1982). Plaintiff has not asserted such a claim here, and it cannot use the Walmart subpoena as a "fishing expedition" to explore such a claim.

[3] In the sole case relied on by Plaintiff to support its assertion that such information is needed to inform such a survey, *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136 (10th Cir. 2013), the expert survey at issue was excluded for a whole host of reasons unrelated to marketplace presentation, such as the inclusion of non-target consumers, an age-skewed survey base, depiction of marks out of their normal format, and inclusion of inappropriate leading questions, among other things. *See Water Pik*, 726 F.3d at 1145.

## III. PROPORTIONALITY

Finally, the Walmart subpoena is not proportional to the needs of this case. the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). With all relevant information having been produced, issuance of the subpoena would impose a tremendous burden on Walmart (Defendant's key third-party retail partner) in pursuit of irrelevant information regarding further sales breakdowns and **Walmart's** actions and processes. Moreover, Plaintiff seeks to require that Walmart provide a Rule 30(b)(6) deponent (or declaration) to address coextensive deposition topics regarding Walmart-conducted activities, which would again add nothing of any substance or relevance. (*See* ECF No. 39-1 at PageID 1021-23). Given the burden of such an undertaking for all involved, as well as the adverse commercial consequences such intrusive and costly discovery would likely exact upon Defendant, there is no good faith basis for Plaintiff to seek such discovery.

For all these reasons, Defendant respectfully requests that the Court quash the Walmart subpoena and/or enter an order pursuant to Rule 26(c)(1) barring any third-party discovery that is neither relevant to any party's claim or defense nor proportional to the needs of this case.

Respectfully submitted this 28th day of August, 2026.

FBT GIBBONS

*/s/ Aaron T. Brogdon*
Aaron T. Brogdon
FBT GIBBONS LLP

WORKMAN NYDEGGER

David P. Johnson
Brittany Frandsen

*Attorneys for Roxberry Naturals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court ***via email*** (during a period of maintenance to the CM/ECF System) and thereby served the following counsel of record:

Thomas D. Briscoe
Stephen Mouritsen
Chad Pehrson
KNH LLP
50 W. Broadway 9th Floor
Salt Lake City, Utah 84101
*tbriscoe@knh.law*
*smouritsen@knh.law*
*cpehrson@knh.law*

*Counsel for Plaintiff*
*and Counterclaim Defendant*

*/s/ Aaron T. Brogdon*