David P. Johnson (USB No. 13260)
*djohnson@wnlaw.com*
Brittany Frandsen (USB No. 16051)
*bfrandsen@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Aaron T. Brogdon
*abrogdon@fbtgibbons.com*
FBT GIBBONS LLP
10 W. Broad St., Ste 2300
Columbus, OH 43215
Telephone: (614) 559-7262

*Attorneys for Defendant Roxberry Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXBERRY LICENSING, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROXBERRY NATURALS, INC.,<br><br>Defendant and Counter-Claimant. | Case No. 2:26-cv-00126-JNP<br><br>**DEFENDANT ROXBERRY NATURALS, INC.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO CONFIRM AND ENFORCE THE STIPULATED PRELIMINARY INJUNCTION**<br><br>Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

[SPACE INTENTIONALLY LEFT BLANK; SURREPLY BEGINS ON NEXT PAGE]

Plaintiff's Reply includes a revised proposed order imposing obligations that do not appear in the parties' Stipulated Preliminary Injunction ("SPI") and new declarations attempting to bolster Plaintiff's characterization of the parties' settlement discussions. Even considering these new submissions, Plaintiff's requested relief should be denied.

**I. Plaintiff's Revised Proposed Order Seeks Relief Beyond the Terms of the SPI.**

Plaintiff's Motion rests on a straightforward premise: the parties agreed to the SPI, and therefore the Court should enter an order embodying its terms. But the "Revised Proposed Order" adds obligations that both go beyond the SPI and that the parties never agreed to, including:

1. identify "each retail distributor notified pursuant to Paragraph 4(a)" and state "the date and manner of each such notice," Revised Proposed Order § 5(a);
2. attach "a copy of the form of notice sent" to retail distributors," *id.* § 5(b); and
3. identify "the date and manner in which Defendant disabled and discontinued commercial use of getroxberry.com," *id.* § 5(c).

*Compare* ECF No. 63-9 at 3 *with* ECF No. 69-6 at 3. The Court should not impose new substantive obligations to which Defendant never stipulated, especially when requested for the first time on reply. Plaintiff identifies no independent legal or factual basis for these requirements and did not request or justify them in its Motion. Even if the Court grants some form of order concerning the SPI—and it should not—it should reject §§ 5(a)–(c) of Plaintiff's Revised Proposed Order.

**II. The July 30 Letter Supports Defendant's Characterization of the Settlement Discussions.**

Plaintiff's Reply also relies on a newly submitted July 30 letter from Defendant's counsel (ECF No. 69-5) and argues the letter illustrates that as of July 30 Defendant believed the rebrand deadlines were still in force. But when read in full, the letter confirms Defendant's account.

After the SPI had been filed, the parties' principals communicated directly regarding potential settlement. Plaintiff disregards statements in the July 30 letter that describe Defendant's understanding that Plaintiff had proposed coexistence without a rebrand. The letter states:

> To our understanding, the message from your client has not simply been that our client can have more time to rebrand … but have attempted to steer our client away from rebranding to a preferred co-existence framework for settlement, **stating that rebranding is unnecessary**.

ECF No. 69-5 at 3 (emphasis added). The letter also reiterates a proposed resolution involving equity and coexistence under the parties' existing marks. *Id.* at 14. That proposal only makes sense in the context Defendant has described: a potential business resolution under which both parties could continue operating under their existing marks rather than requiring Defendant to rebrand. Put simply, *after the parties had agreed upon the rebrand as a core settlement term*, Plaintiff's principal presented an alternative proposal that called for abandoning the rebrand concept and in fact would have been rendered infeasible if the rebrand had gone forward. Thus, the July 30 letter supports Defendant's description of the parties' settlement discussions—not Plaintiff's.

**III. The Davis Declaration Is Consistent with Defendant's Settlement Narrative.**

Plaintiff also uses a newly submitted declaration from Brad Davis to argue that he never expressly agreed to waive the rebrand requirements. *See* ECF No. 69-1. But Davis does not deny that the parties discussed coexistence or its impossibility if Defendant had begun to rebrand. Thus, the Davis declaration is consistent with Defendant's claims about the parties' settlement discussions and Defendant's state of mind.

**IV. Conclusion**

Defendant respectfully requests that the Court deny Plaintiff's Motion or, at a minimum, reject the additional requirements in §§ 5(a)–(c) of Plaintiff's Revised Proposed Order.

DATED this 2nd day of September, 2026.

WORKMAN NYDEGGER

/s/ Brittany Frandsen__________

David P. Johnson
Brittany Frandsen

FBT GIBBONS

Aaron T. Brogdon
FBT GIBBONS LLP

*Attorneys for Roxberry Naturals, Inc.*